# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–543–SLR–SRF |
| | ) | |
| HTC INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

### OPENING BRIEF IN SUPPORT OF EVOLVED WIRELESS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f).

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Christopher K. Larus (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
Andrew D. Hedden (admitted *pro hac vice*)
Benjamen C. Linden (admitted *pro hac vice*)
Ryan E. Dornberger (admitted *pro hac vice*)
Anthony F. Schlehuber (admitted *pro hac vice*)
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
clarus@robinskaplan.com
rschultz@robinskaplan.com
ahedden@robinskaplan.com
blinden@robinskaplan.com
rdornberger@robinskaplan.com
aschlehuber@robinskaplan.com

Dated: March 3, 2016

Andrea L. Gothing (admitted *pro hac vice*)
ROBINS KAPLAN LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
agothing@robinskaplan.com

**Counsel For Plaintiff Evolved Wireless, LLC**

**TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ..................................................................................................................i
TABLE OF AUTHORITIES ......................................................................................................... ii
I.      NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1
II.     SUMMARY OF THE ARGUMENT ................................................................................ 1
III.    STATEMENT OF THE FACTS ....................................................................................... 3
IV.     ARGUMENT ..................................................................................................................... 4
        A.      Evolved Wireless Is Entitled to Judgment on the Pleadings for HTC's
                Eleventh Counterclaim............................................................................................ 4
                i.      HTC Has Pled No Facts to Support Its Allegation That Evolved
                        Wireless's License Offer Was Not Compliant With FRAND. .................... 5
        B.      HTC's Affirmative Defenses Four, Five, Six, and Seven Are Not Valid
                Affirmative Defenses to Patent Infringement. ....................................................... 6
                i.      HTC's Fourth Affirmative Defense of Breach of FRAND
                        Obligation Is Not a Valid Defense to Evolved Wireless's Claim of
                        Patent Infringement..................................................................................... 7
                ii.     HTC's Fifth Affirmative Defense of Waiver Through Untimely
                        Disclosure to ETSI Is Not a Valid Defense to Evolved Wireless's
                        Claim of Patent Infringement.................................................................... 10
                iii.    HTC's Sixth Affirmative Defense of Unenforceability Is Not a
                        Valid Defense to Evolved Wireless's Claim of Patent
                        Infringement.............................................................................................. 11
                iv.     HTC's Seventh Affirmative Defense of License Is Not a Valid
                        Defense to Evolved Wireless's Claim of Patent Infringement ................. 12
V.      CONCLUSION................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aptix Corp. v. Quickturn Design Sys., Inc.*,
   269 F.3d 1369 (Fed. Cir. 2001)..................................................................................................10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................................. *passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................................. *passim*

*Cadence Pharm., Inc. v. Paddock Labs., Inc.*,
   No. 11-733-LPS, 2012 U.S. Dist. LEXIS 142585 (D. Del. Oct. 1, 2012)..................................7

*Del. Health Care v. MCD Holding Co.*,
   893 F. Supp. 1279 (D. Del. 1995)...............................................................................................6

*Edwards v. A.H. Cornell & Son, Inc.*,
   610 F.3d 217 (3d Cir. 2010).......................................................................................................4

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009).......................................................................................................4

*Gaudiosi v. Mellon*,
   269 F.2d 873 (3d Cir. 1959).....................................................................................................10

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
   398 F. Supp. 2d 305 (D. Del. 2005).........................................................................................10

*Idenix Pharms., Inc. v. Gilead Scis., Inc.*,
   No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789 (D. Del. Aug. 25, 2014)...........................4

*In re Sterten*,
   546 F.3d 278 (3rd. Cir. 2008) ....................................................................................................6

*Intellectual Ventures I LLC v. Symantec Corp.*,
   C.A. No. 13-440-LPS, 2014 U.S. Dist. LEXIS 134255 (D. Del. Sept. 24,
   2014) .......................................................................................................................................7, 9

*Internet Media Corp. v. Hearst Newspapers, LLC*,
   Civ. No. 10-690, 2012 U.S. Dist. LEXIS 126788 (D. Del. Sept. 6, 2012)................................7

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
   C.A. No. 09-80-LPS, 2015 U.S. Dist. LEXIS 64462 (D. Del. May 18, 2015).........................9

*Microsoft Corp. v. Motorola, Inc.*,
   795 F.3d 1024 (9th Cir. 2015) ..................................................................................................8

*Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*,
   28 F.3d 376 (3rd Cir. 1994) .....................................................................................................6

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   134 S. Ct. 1962 (2014)..............................................................................................................8

*Revell v. Port Auth.*,
   598 F.3d 128 (3rd Cir. 2010) ...................................................................................................4

*Sun Microsystems, Inc. v. Versata Enters., Inc.*,
   630 F. Supp. 2d 395 (D. Del. 2009).........................................................................................7

*Va. Panel Corp. v. MAC Panel Co.*,
   133 F.3d 860 (Fed. Cir. 1997)..................................................................................................9

*Wehrman v. Conklin*,
   155 U.S. 314, 15 S. Ct. 129, 39 L. Ed. 167 (1894) ..................................................................8

**Statutes**

28 U.S.C. § 1338(a) .......................................................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(6).................................................................................................................4

Fed. R. Civ. P. 12(f).............................................................................................................2, 6, 7

Fed. R. Civ. P. 12(h)(2)(B) ...........................................................................................................4

Fed. R. Civ. Pro. 26(a)(1) .............................................................................................................1

Plaintiff Evolved Wireless, LLC ("Evolved Wireless") submits this opening brief in support of its Motion for Judgement on the Pleadings as to Defendants HTC Corporation and HTC America, Inc.'s (collectively "HTC") eleventh counterclaim for breach of contract, and its Motion to Strike as to HTC's fourth affirmative defense of breach of FRAND obligation, fifth affirmative defense of waiver through untimely disclosure to ETSI, sixth affirmative defense of unenforceability, and seventh affirmative defense of license.

## I. NATURE AND STAGE OF THE PROCEEDINGS

Evolved Wireless filed a complaint for patent infringement on June 25, 2015. D.I. 1. HTC answered, denying infringement and asserting numerous defenses and counterclaims. D.I. 10. On November 11 and 12, 2015 HTC and Evolved Wireless served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). D.I. 17 and 18. Evolved Wireless subsequently disclosed its asserted patents, asserted claims, and accused products on November 13, 2015 and December 14, 2015. D.I. 19 and 20. HTC then disclosed some of its core technical documents on January 14, 2016. D.I. 24. Finally, Evolved Wireless disclosed its initial infringement contentions on February 12, 2016. D.I. 26. Additional fact discovery is ongoing.

## II. SUMMARY OF THE ARGUMENT

1. The Court should enter a judgment on the pleadings as to HTC's eleventh counterclaim for breach of contract. HTC's counterclaim alleges that Evolved Wireless breached its FRAND obligation by offering a license on purportedly "manifestly unreasonable terms." *Iqbal* and *Twombly* required HTC to plead sufficient facts to render its counterclaim at least plausible. Yet, as to HTC's first basis, HTC relied on mere conclusory allegations and did not allege any facts to plausibly support its claim that Evolved Wireless's terms were unfair. And HTC's second basis lacks any factual or legal support. As such, the Court should grant Evolved

Wireless's Motion for Judgment on the Pleadings as to HTC's eleventh counterclaim.

2.     HTC's fourth, fifth, sixth, and seventh affirmative defenses should be stricken under Fed. R. Civ. P. 12(f) because are not a defense to patent infringement and under applicable Third Circuit law, are not properly asserted as an affirmative defense.

As to HTC's fourth and fifth affirmative defenses for breach of FRAND obligations and waiver through untimely disclosure to ETSI, any FRAND obligation between ETSI and LG or Evolved Wireless is grounded in contract law and is not a bar to Evolved Wireless's right to recover for patent infringement. Therefore, the defenses were improperly pled as an affirmative defense and should have been pled as a counterclaim subject to the requirements of *Iqbal* and *Twombly*. In addition, HTC's defenses based on estoppel, patent misuse, and unclean hands have no basis in law for fact. Further, no law or facts support HTC's conclusion that any alleged untimely disclosure renders the Patents-in-Suit unenforceable. HTC's fourth and fifth affirmative defenses should therefore be stricken.

HTC's sixth affirmative defense for unenforceability is similarly deficient. The defense involves an alleged question of contract law and is not a bar to Evolved Wireless's right to recover for patent infringement. The defense should have been pled as a counterclaim subject to *Iqbal* and *Twombly*. Further, no law or facts support HTC's assertion that some undefined "standards-setting misconduct" renders the Patents-in-Suit unenforceable. As such, this affirmative defense should be stricken. HTC's seventh affirmative defense of license should also be stricken As with HTC's fourth, fifth, and sixth affirmative defenses, it is grounded in contract law, is not a bar to Evolved Wireless's right to recover for patent infringement, and therefore should have been pled as a counterclaim subject to the requirements of *Iqbal* and *Twombly*, if at all. As such, HTC's affirmative defense for a license it admits it does not have has no basis in

fact or law and, the defense, therefore, should be stricken.

### III.     STATEMENT OF THE FACTS

The Third Generation Partnership Project ("3GPP") develops standards for globally-applicable commercial cellular systems. D.I. 10 at 2, ¶ 6. The Organizational Partners of 3GPP are major telecommunications standards developing organizations from around the world, including the European Telecommunications Standards Institutes ("ETSI"). *Id.* Companies participate in 3GPP via their membership in one of the Organizational Partners. *Id.* LG Electronics ("LG") was one of those participants. *Id.* at 21, ¶ 7.

3GPP participants must abide by the intellectual property rights ("IPR") policy of the Organizational Partners to which they belong. *Id.* These IPR policies, such as the ETSI IPR policy, are intended to strike "a balance between the needs of standardization for public use in the field of telecommunications and the rights of the owners of IPRs."[1] D.I. 1 ¶ 13. "IPR holders whether members of ETSI and their AFFILIATES or third parties, should be adequately and fairly rewarded for the use of their IPRs in the implementation of STANDARDS and TECHNICAL SPECIFICATIONS."[2] *Id.* The IPR policy further requires that its members "grant irrevocable licenses on fair, reasonable and non-discriminatory ("FRAND") terms and conditions." *Id.*

LG participates in the 3GPP's Long Term Evolution ("LTE") standard setting process. D.I. 1 ¶ 17. As part of this process, LG designated the Patents-in-Suit as standard essential, pursuant to ETSI's IPR policy, and agreed to license the Patents-in-Suit on FRAND terms. D.I. 10 at 16–17, ¶ 130. Evolved Wireless currently owns, through assignments originating with LG,

---

[1] ETSI Rules of Procedure, Annex 6: ETSI Intellectual Property Rights Policy § 3.1 (2014), available at http://www.etsi.org/images/files/IPR/etsi-ipr-policy.pdf.

[2] *See supra* note 1 § 3.2.

3

the Patents-in-Suit: United States Patent Nos. 7,746,916, 7,768,965, 7,809,373, 7,881,236, and 8,218,481. D.I. 1 at ¶ 16.

HTC manufactures devices capable of functioning on LTE networks. D.I. 10 at 11, ¶ 63. Prior to filing the complaint, Evolved Wireless proposed licensing terms to HTC for the LTE standard-essential Patents-in-Suit. *Id.* at 17, ¶ 31. HTC has not entered into an express license agreement with Evolved Wireless for the Patents-in-Suit. D.I. 1 at ¶¶ 71, 81, 92, 103, 114, 125.

## IV.     ARGUMENT

### A. Evolved Wireless Is Entitled to Judgment on the Pleadings for HTC's Eleventh Counterclaim

This Court should grant a motion for judgment on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 12(h)(2)(B). "[C]ourts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint." *Idenix Pharms., Inc. v. Gilead Scis., Inc.*, No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789, at *18 (D. Del. Aug. 25, 2014). "A motion for judgment on the pleadings . . . is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth.*, 598 F.3d 128, 134 (3rd Cir. 2010) (citation omitted).

The Third Circuit requires a two-part analysis when reviewing a claim under Rule 12(b)(6). *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, the court should determine whether the remaining well-pled facts sufficiently show that the claimant "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

HTC's eleventh counterclaim fails to provide the "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Where a complaint pleads facts that are "'merely consistent with' . . . a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* HTC has not pled sufficient facts and has failed to meet its burden under *Iqbal* and *Twombly*.

    i.    **HTC Has Pled No Facts to Support Its Allegation That Evolved Wireless's License Offer Was Not Compliant With FRAND.**

HTC concludes that Evolved Wireless violated its FRAND commitments by offering a license on "manifestly unreasonable terms." D.I. 10 at 17, ¶ 131. Yet, HTC fails to plead any facts to support its conclusion that Evolved Wireless's proposed licensing terms violated Evolved Wireless's FRAND commitment or to support its conclusion that the terms were "manifestly unreasonable."

HTC admits that on February 4, 2015, Evolved Wireless proposed a license offer of "a royalty rate of $0.25 cents per device." D.I. 10 at 17, ¶ 131. HTC then states that this royalty rate was higher than it believed was justified and that Evolved Wireless, therefore, violated its FRAND obligations. D.I. 10 at 17, ¶ 131. Yet, HTC provides no information to demonstrate how this offer was "manifestly unreasonable," much less a breach of Evolved Wireless's FRAND obligations. D.I. 10 at 17, ¶ 131. Most notably, HTC fails to allege what a reasonable rate would be; instead, HTC only provides the conclusory statement that the rate was too high. HTC's naked assertion is insufficient to create more than a mere "possibility" of HTC's claims, and HTC has

5

not pled facts to show it claims are plausible as required by *Iqbal*. 556 U.S. at 678.

Disregarding the conclusion that Evolved Wireless breached its FRAND obligations and considering only the facts, the alleged facts in the counterclaim are insufficient to demonstrate that HTC is entitled to relief. As such, Evolved Wireless is entitled to judgment on the pleadings as to HTC's eleventh counterclaim.

### B. HTC's Affirmative Defenses Four, Five, Six, and Seven Are Not Valid Affirmative Defenses to Patent Infringement.

The Court should "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Del. Health Care v. MCD Holding Co.*, 893 F. Supp. 1279, 1291–92 (D. Del. 1995) (citation omitted).

An affirmative defense is "'a bar to the right of recovery even if the general complaint were more or less admitted to.'" *In re Sterten*, 546 F.3d 278, 284 (3rd. Cir. 2008) (citation and internal quotation marks omitted).; *see also Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 393 (3rd Cir. 1994) (defining an affirmative defense as follows: "In pleading, matter asserted by defendant which, assuming the complaint to be true, constitutes a defense to it. A response to a plaintiff's claim which attacks the plaintiff's [legal] right to bring an action, as opposed to attacking the truth of claim.") (quoting Black's Law Dictionary 60 (6th ed. 1990)).

HTC's fourth, fifth, sixth, and seventh affirmative defenses are based in contract law and, even if true, would not bar Evolved Wireless's patent infringement claim. In other words, if the general complaint of patent infringement was admitted to by HTC, an alleged breach of contract by Evolved Wireless would not bar the right of recovery. Therefore, they do not present valid and legal affirmative defenses to Evolved Wireless's claims of patent infringement. The Court

6

should strike these immaterial defenses under Rule 12(f).

In addition, even for allegations that are properly pled as an affirmative defense, while that defense need not meet the pleading standards of *Twombly* or *Iqbal*, the defense must present some disputed question of fact or law. *See Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 13-440-LPS, 2014 U.S. Dist. LEXIS 134255, at *4 (D. Del. Sept. 24, 2014) (citing *Cadence Pharm., Inc. v. Paddock Labs., Inc.*, No. 11-733-LPS, 2012 U.S. Dist. LEXIS 142585, at *1 (D. Del. Oct. 1, 2012)). HTC's affirmative defenses do not present any factual or legal disputed issues. As such they should be stricken,

Finally, the affirmative defenses only include HTC's unsupported conclusions. "A court is not required to accept affirmative defenses that are mere 'bare bones conclusory allegations,' and may strike such inadequately pleaded defenses." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 408 (D. Del. 2009) (citation omitted). An affirmative defense must provide fair notice of the issue involved. *Internet Media Corp. v. Hearst Newspapers, LLC*, Civ. No. 10-690, 2012 U.S. Dist. LEXIS 126788, at *7 (D. Del. Sept. 6, 2012). HTC's affirmative defenses do not offer anything more than bare bone conclusions and they do not meet these minimum pleading requirements. For this additional reason, they should be stricken.

    i.    **HTC's Fourth Affirmative Defense of Breach of FRAND Obligation Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement.**

HTC's fourth affirmative defense for breach of FRAND obligation is not a defense to a claim of patent infringement. As HTC admits, the "FRAND commitments imposed ongoing *contractual obligations* on the Patents-in-Suit that are binding on LGE's successors-in interest to the Patents-in-Suit, including Evolved." D.I. 10 at 16–17, ¶ 130 (emphasis added). The enforcement of patent rights is an entirely different and unrelated issue to any contactual licensing obligations. Indeed, even if HTC is a beneficiary of LG's contract with ETSI, contract

7

law and patent law do not merge. *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1035 (9th Cir. 2015) (concluding that Microsoft's breach of FRAND counterclaim "is not one 'arising under any Act of Congress relating to patents,' 28 U.S.C. § 1338(a), but rather sounds in contract and involves the district court's diversity jurisdiction") (citation omitted). An alleged breach of a contractual FRAND obligation is not a defense to patent infringement as it would not remove HTC's liability for patent infringement. Rather, it must be pled as a counterclaim subject to the pleading requirements of *Iqbal* and *Twombly*.[3]

Additionally, HTC provides no support for its allegation that an alleged contract violation results in estoppel. "The gravamen of estoppel, a defense long recognized as available in actions at law, is misleading and consequent loss." *Petrella v. Metro-Goldwyn-Mayer*, *Inc.*, 134 S. Ct. 1962 (2014) (citing *Wehrman v. Conklin*, 155 U.S. 314, 327, 15 S. Ct. 129, 39 L. Ed. 167 (1894)). HTC did not plead any misleading conduct by LG or Evolved Wireless. Indeed, HTC admits that LG committed to offering licenses for its patents on FRAND terms and Evolved Wireless offered to negotiate a license with HTC. D.I. 10 at 21, ¶ 7; *id.* at 11, ¶ 66. Further, even if there was misleading conduct, there is no indication of consequent loss. HTC refused to negotiate a license from Evolved Wireless on any terms. Thus, HTC would be in its current position regardless of whether previous conduct was misleading. Neither factor of estoppel is present. As such, the affirmative defense should be stricken.

HTC concludes the allegations in its fourth affirmative defense by stating: "Additionally, Evolved's failure to comply with its FRAND obligations constitutes patent misuse and unclean hands, which preclude Evolved from obtaining relief in this action." D.I. 10 at 17, ¶ 132.

---

[3] Indeed, HTC did plead this exact claim as its eleventh counterclaim. D.I. 10 at 28–29, ¶¶ 53–59. As discussed above, HTC failed to properly plead sufficient facts to show it is entitled to relief on that counterclaim.

Because these allegations are not based in law or fact, they should be stricken. *See Intellectual Ventures I*, 2014 U.S. Dist. LEXIS 134255, at *4.

There is no legal or factual support for HTC's patent misuse assertion. The Federal Circuit defines misuse as "an affirmative defense to an accusation of patent infringement, the successful assertion of which requires that the alleged infringer show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant with anticompetitive effect." *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868 (Fed. Cir. 1997). A disagreement regarding the terms of a license hardly rises to the level of patent misuse, a doctrine historically left for tying arrangements and agreements extending the term of the patent. *See id.* at 869.

HTC's allegation of patent misuse differs from that alleged in *Masimo Corp. v. Philips Elec. N. Am. Corp.*, C.A. No. 09-80-LPS, 2015 U.S. Dist. LEXIS 64462 (D. Del. May 18, 2015). In *Masimo*, the court denied a motion to strike the affirmative defense of misuse as the defendant implicated a stereotypical "tying" arrangement. *Id.* at *17. The court determined that the defendant had adequately pled the defense because its allegations were supported by facts in the pleadings. *Id.* at *18.

Here, HTC's patent misuse allegation is not similarly supported. HTC does not allege that Evolved Wireless's licensing activities extend the scope of term of Patents-in-Suit. Indeed, per HTC's admission, all the Patents-in-Suit were declared standard essential to the LTE standard by LG. As essential patents to the standard, every asserted patent must be licensed to perform the standard. Offering a license to several essential patents at once is not the same as licensing one patented good on the condition of licensing an unpatented good, as in *Masimo*. Thus, HTC's fourth affirmative defense rests on "bare bones conclusory allegations" that have no basis in fact or law and should be stricken.

HTC's unclean hands allegation is also lacks legal and factual support. An unclean hands defense requires proof that the plaintiff's conduct "was 'offensive to the dictates of natural justice." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 310 (D. Del. 2005) (citing *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1375 (Fed. Cir. 2001)). Put another way, the plaintiff must have "conducted [itself] as to shock the moral sensibilities of the judge." *Id.* (citing *Gaudiosi v. Mellon*, 269 F.2d 873, 882 (3d Cir. 1959)).

None of Evolved Wireless's actions, as alleged by HTC, offend "the dictates of natural justice." As with its allegations of patent misuse, HTC's allegation of unclean hands rests on "bare bones conclusory allegations" that have no basis in fact or law. Indeed, HTC has cited no authority that an alleged breach of FRAND obligations can serve as the basis for an unclean hands defense. HTC's fourth affirmative defense should therefore be stricken.

    ii.    **HTC's Fifth Affirmative Defense of Waiver Through Untimely Disclosure to ETSI Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement.**

HTC's fifth affirmative defense that Evolved Wireless's ability to enforce the Patent-in-Suit is estopped due to LG's alleged actions during the standard setting process is not a valid defense to patent infringement. Like HTC's fourth affirmative defense for breach of FRAND obligation, this defense is one of contract and should have been pled as a counterclaim subject to the requirements of *Iqbal* and *Twombly*.

To the extent, if any, that the affirmative defense relates to the claim of patent infringement, the proposed remedy is without factual or legal support. HTC provides no support, factual or legal, for its contention that an alleged failure to abide by ETSI's patent identification process results in a waiver of the right to enforce the Patents-in-Suit against any entity practicing the standard. Indeed, HTC admits that LG did disclose the Patents-in-Suit according to the IPR

policy of ETSI. D.I. 10 at 16–17, ¶ 130. To the extent there was any delay in disclosing the Patents-in-Suit, there can be no waiver as LG, and its successor-in-interest Evolved Wireless, agreed to license the Patents-in-Suit on FRAND terms, which HTC does not dispute. *Id.* at 16–17, ¶ 130. No case law, statute, or clause in the ETSI agreement creates a waiver based on the allegations set forth by HTC, and HTC has not provided any basis for its requested relief. For this additional reason, HTC's fifth affirmative defense must be stricken.

    iii.    **HTC's Sixth Affirmative Defense of Unenforceability Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement.**

In its sixth affirmative defense, HTC argues that the Patents-in-Suit are unenforceable against HTC due to purported "standards-setting misconduct." As with HTC's fourth and fifth affirmative defense, this defense is based in contract law and is, therefore, not properly pled as an affirmative defense. For this reason, the defense should therefore be stricken.

In addition, this affirmative defense does not provide fair notice of the issue involved. HTC alleges that Evolved Wireless committed "standards-setting misconduct," D.I. 10 at 18, ¶ 134, but HTC does not define what constitutes the alleged misconduct. Indeed, "standards-setting misconduct" has never been defined by ETSI or any court, especially when a party declares its patents as standard essential and subjects those patents to a FRAND obligation. Here, HTC admits that LG declared the Patents-in-Suit standard essential and that the patents are subject to a FRAND obligation. D.I. 10 at 16, ¶ 130. HTC's allegations fail to identify any conduct that could be considered "standards-setting misconduct," however that term may be defined. Moreover, there is no authority to support HTC's contention that the Patents-in-Suit could be found unenforceable due to the alleged "standards-setting misconduct." Thus, the defense must be stricken

      iv.    **HTC's Seventh Affirmative Defense of License Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement**

HTC's seventh affirmative defense is that HTC has a license "pursuant to Evolved's contractual obligation to license [HTC] the Patent-in-Suit on FRAND terms" or, alternatively, that "[HTC] has the irrevocable right to a license on FRAND terms to the Patents-in-Suit." D.I. 10 at 19, ¶ 136. As with HTC's fourth, fifth, and sixth affirmative defenses, this defense is based in contract and is therefore not a defense to patent infringement. For this reason, it should be stricken.

In addition, this defense has no basis in law or fact. HTC admits that it did not execute a nondisclosure agreement with Evolved Wireless during licensing discussions. D.I. 10 at 12, ¶ 68. And HTC cannot allege that it has an express license with Evolved Wireless. As such, that cannot be the basis for this alleged defense. Further, HTC does not have a defense based on an ability to enter into a license. Any alleged ability to enter into a license is not a defense to patent infringement as it is irrelevant unless such license has been entered and a party continues to assert a claim for patent infringement. As such, HTC's seventh affirmative defense must be stricken.

**V.   CONCLUSION**

HTC's eleventh counterclaim fails to plead sufficient facts to show HTC is entitled to relief, and thus the counterclaim fails to state a claim for which relief can be granted. Additionally, HTC's fourth, fifth, sixth, and seventh affirmative defenses are insufficiently pled, immaterial to the charge of patent infringement, and should have been brought as counterclaims subject to *Iqbal and Twombly*. As such, this Court should grant Evolved Wireless's Motion for Judgment on the Pleadings and Motion to Strike.

| | |
|---|---|
| Dated: March 3, 2016 | Respectfully submitted,<br><br>FARNAN LLP<br><br>/s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>919 N. Market Street, 12th Floor<br>Wilmington, Delaware 19801<br>(302) 777-0300<br>(302) 777-0301<br>bfarnan@farnanlaw.com<br><br>Christopher K. Larus (admitted *pro hac vice*)<br>Ryan M. Schultz (admitted *pro hac vice*)<br>Andrew D. Hedden (admitted *pro hac vice*)<br>Benjamen C. Linden (admitted *pro hac vice*)<br>Ryan E. Dornberger (admitted *pro hac vice*)<br>Anthony F. Schlehuber (admitted *pro hac vice*)<br>ROBINS KAPLAN LLP<br>800 LaSalle Avenue, Suite 2800<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 349-8500<br>Facsimile: (612) 339-4181<br>clarus@robinskaplan.com<br>rschultz@robinskaplan.com<br>ahedden@robinskaplan.com<br>blinden@robinskaplan.com<br>rdornberger@robinskaplan.com<br>aschlehuber@robinskaplan.com<br><br>Andrea L. Gothing (admitted *pro hac vice*)<br>Robins Kaplan LLP<br>2440 W. El Camino Real, Suite 100<br>Mountain View, CA 94040<br>Telephone: (650) 784-4040<br>Facsimile: (650) 784-4041<br>agothing@robinskaplan.com<br><br>**Counsel For Plaintiff Evolved Wireless, LLC** |