**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EVOLVED WIRELESS, LLC, )<br> )<br>     Plaintiff, )<br> )<br>   v. )<br> )<br>HTC CORPORATION, and HTC AMERICA, )<br>INC., )<br> )<br>     Defendants. ) | C.A. No. 15–543–SLR–SRF<br><br>**JURY TRIAL DEMANDED** |

**REPLY BRIEF IN SUPPORT OF EVOLVED WIRELESS, LLC'S
MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO
FED. R. CIV. P. 12(c) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f).**

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Christopher K. Larus (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
Andrew D. Hedden (admitted *pro hac vice*)
Benjamen C. Linden (admitted *pro hac vice*)
Ryan E. Dornberger (admitted *pro hac vice*)
Anthony F. Schlehuber (admitted *pro hac vice*)

ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
clarus@robinskaplan.com
rschultz@robinskaplan.com
ahedden@robinskaplan.com
blinden@robinskaplan.com
rdornberger@robinskaplan.com
aschlehuber@robinskaplan.com

Andrea L. Gothing (admitted *pro hac vice*)
ROBINS KAPLAN LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
agothing@robinskaplan.com

Dated: April 21, 2016

**Counsel For Plaintiff Evolved Wireless, LLC**

# **TABLE OF CONTENTS**

**Pages**

I.    HTC's Counterclaim Fails to Establish "a Right to Relief." ............................................. 1

    A.    Evolved Wireless Has No Duty to Offer Licenses to Component Manufactures .................................................................................................... 1

    B.    There Is No Duty to Offer a FRAND Rate on the Initial Offer .............................. 2

    C.    HTC Failed to Plead Sufficient Facts to Demonstrate a Breach of FRAND .......... 3

    D.    Evolved Wireless's Motion Is Not Barred by Answering the Counterclaim .......... 5

II.   HTC's Affirmative Defenses Are Improperly Pleaded. ....................................................... 5

    A.    The Court May Consider Evolved Wireless's Motion to Strike ............................. 6

    B.    Breach of FRAND is Not an Appropriate Affirmative Defense and Was Not Sufficiently Pleaded ......................................................................................... 6

    C.    HTC's Waiver Defense Was Not Sufficiently Pleaded .......................................... 8

    D.    HTC's Unenforceability Defense Was Not Sufficiently Pleaded ........................... 9

    E.    License Is Not an Appropriate Affirmative Defense and Was Not Well Pleaded .................................................................................................................. 9

    F.    Evolved Wireless Would Be Prejudiced if HTC's Affirmative Defenses Remain in the Case. ............................................................................................. 10

III.  Conclusion ......................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elec. Co.*,
   No. 11-cv-1846-LHK, 2012 U.S. Dist. LEXIS 67102
   (N.D. Cal. May 14, 2012) ................................................................................................. 4, 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................ 1, 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................... 1, 3, 4

*Cadence Pharm., Inc. v. Paddock Labs., Inc.*,
   No. 11-733-LPS, 2012 U.S. Dist. LEXIS 142585 (D. Del. Oct. 1, 2012) .............................. 10

*De Forest Radio Tel. Co. v. U.S.*,
   273 U.S. 236 (1927) ............................................................................................................ 9, 10

*In re Certain Wireless Communication Devices, Portable Music & Data
   Processing Devices, Computers & Components Thereof*,
   Inv. No. 337-TA-745, 2012 ITC LEXIS 1445 (June 25, 2012) ............................................... 8

*In re Innovatio IP Ventures LLC Patent Litig.*,
   956 F. Supp. 2d 925 (N.D. Ill. 2013) .................................................................................. 7, 8

*In re Sterten*,
   546 F.3d 278 (3d Cir. 2008) ................................................................................................... 6

*Internet Media Corp. v. Hearst Newspapers, LLC*,
   No. 10-690-SLR, 20120 U.S. Dist. LEXIS 126788 (D. Del. Sept. 6, 2012) ............................ 5

*Johnson v. Geico Cas. Co.*,
   516 F. Supp. 2d 351 (D. Del. 2007) ....................................................................................... 1

*Krauss v. Keibler-Thompson Corp.*,
   72 F.R.D. 615 (D. Del. 1976) ................................................................................................. 6

*McCoy v. Mitsuboshi Cutlery, Inc.*,
   67 F.3d 917 (Fed. Cir. 1995) .................................................................................................. 6

*Microsoft Corp. v. Motorola, Inc.*,
   795 F.3d 1024 (9th Cir. 2015) ............................................................................................ 6, 7

*Microsoft Corp. v. Motorola, Inc.*,
   No. C10-1823JLR, 2013 U.S. Dist. LEXIS 60233 (W.D. Wash. Apr. 25,
   2013) ..................................................................................................................2

*Microsoft Corp. v. Motorola, Inc.*,
   No. C10-1823JLR, 2011 U.S. Dist. LEXIS 73827 (W.D. Wash. June 1, 2011) ...................4, 5

*Newborn Bros. Co. v. Albion Eng'g Co.*,
   299 F.R.D. 90 (D.N.J. 2014)................................................................................................6

*Qualcomm Inc. v. Broadcom Corp.*,
   548 F.3d 1004 (Fed. Cir. 2008)...........................................................................................9

*Research in Motion Ltd. v. Motorola, Inc.*,
   644 F. Supp. 2d 788 (N.D. Tex. 2008) ............................................................................3, 4

*Sun Microsystems, Inc. v. Versata Enters., Inc.*,
   630 F. Supp. 2d 395 (D. Del. 2009)................................................................................5, 10

*Symbol Techs., Inc. v. Aruba Networks, Inc.*,
   609 F. Supp. 2d 353 (D. Del. 2009)...................................................................................10

*Wi-Lan, Inc. v. HTC Corp.*,
   No. 2:11-cv-00068-JRG, D.I. 608 (E.D. Tex. Oct. 11, 2013) ...................................................7

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................................5

Fed. R. Civ. P. 12(c) ................................................................................................................5, 6

Fed. R. Civ. P. 12(f)................................................................................................................1, 6

Fed. R. Civ. P. 12(h)(2)(B) ...........................................................................................................5

HTC's assertion that courts have accepted counterclaims and affirmative defenses in similar situations to those pleaded by HTC is erroneous. The cases relied on by HTC do not support its conclusions and present factual and/or procedural circumstances that are materially different from this case. Also, Evolved Wireless's Motion to Strike under Rule 12(f) can be properly considered by this Court despite HTC's assertion that it is untimely. As such, this Court should grant Evolved Wireless's Motion for Judgment on the Pleadings and Motion to Strike.

**I.     HTC's Counterclaim Fails to Establish "a Right to Relief."**

Despite HTC's claim that it "has pleaded facts that far exceed what is required," its counterclaim was not properly pleaded. Specifically, HTC fails to meet the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Pleadings must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must provide more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citation omitted). HTC has failed to meet this burden.

To establish a claim for breach of contract, the accusing party must demonstrate: "(1) the existence of a contract whether express or implied, (2) the breach of an obligation imposed by that contract, and (3) resulting damages to the [accusing party]." *Johnson v. Geico Cas. Co.*, 516 F. Supp. 2d 351, 357 (D. Del. 2007). HTC has not alleged sufficient factual or legal support for its claim. In particular, 1) HTC has not pleaded facts that show that Evolved Wireless had an obligation to offer a component manufacturer a license; 2) HTC has not pleaded facts that show that Evolved Wireless had an obligation to offer a FRAND rate as part of its initial offer; and 3) even if there was such an obligation, HTC has not pleaded any facts to support its speculative claim that the rate offered by Evolved Wireless constitutes a breach of that obligation.

**A.     Evolved Wireless Has No Duty to Offer Licenses to Component Manufactures.**

HTC has not cited any legal support or ETSI policy that obligates Evolved Wireless to

1

license component manufactures. D.I. 42 at 8 n.1. Indeed, HTC merely mentions this alleged duty in a footnote. Under ETSI's policy, Evolved Wireless only has the duty to be prepared to grant FRAND licenses. There is no affirmative duty for Evolved Wireless to approach any party, manufacturer or otherwise, and offer a license, much less in any particular order. As such, judgment should be entered dismissing HTC's counterclaim based on this alleged—but nonexistent—duty.

### B. There Is No Duty to Offer a FRAND Rate on the Initial Offer

In its opposition to the instant motion, HTC acknowledges that its breach of contract counterclaim is based on Evolved Wireless's purported "breach of its obligation to *offer* a license to the Patents-in-Suit on fair, reasonable, and non-discriminatory ('FRAND') terms." D.I. 42 at 1(emphasis added). *See also* D.I. 10 at 29, ¶ 56 ("Evolved has refused to offer HTC a FRAND rate."). While Evolved Wireless maintains that the rate offered to HTC is in fact a FRAND rate, HTC provided no factual support in its pleading or opposition for its allegation that Evolved Wireless had a duty to offer a FRAND rate in its initial offer. Indeed, no such duty exists.

The only court to explicitly address this issue held that under agreements similar to ETSI's IPR policy "offers must be made in good faith," but "initial offers do not have to be on [FRAND] terms so long as a [FRAND] license eventually issues." *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 U.S. Dist. LEXIS 60233, at *15 (W.D. Wash. Apr. 25, 2013), *aff'd,* 795 F.3d 1024 (9th Cir. 2015). Indeed, HTC fails to cite any authority to the contrary, nor assert why *Microsoft's* holding is not controlling. Here, HTC has not alleged that Evolved Wireless's initial offer was not in good faith, and HTC has not alleged any facts to support such a conclusion.

The ETSI IPR policy on which HTC relies supports *Microsoft's* holding that an initial offer does not have to be on FRAND terms. In agreeing to the ETSI IPR policy, LGE agreed that

2

it was "prepared to grant irrevocable licences on fair, reasonable and non-discriminatory terms and conditions . . . ." Ex. A, ETSI Rules of Procedure, Annex 6: ETSI Intellectual Property Rights Policy § 6.1 (2014). It is the license that must be on FRAND terms, not any specific offer. Indeed, ETSI itself acknowledges the realities of the business world and explicitly acknowledges that negotiations will occur: "Specific licensing terms and **negotiations** are commercial issues between the companies and are never addressed within ETSI."[1] ETSI, *Intellectual Property Rights*, http://www.etsi.org/about/how-we-work/intellectual-property-rights-iprs (emphasis added). As Evolved Wireless had no obligation to present a FRAND-compliant initial offer, the Court should grant judgment on the pleadings as to HTC's breach of contract counterclaim.

### C.   HTC Failed to Plead Sufficient Facts to Demonstrate a Breach of FRAND

Even if there was a duty to offer a FRAND rate in an initial offer, none of the case law cited by HTC supports the sufficiency of HTC's counterclaim allegations. In *Research in Motion Ltd. v. Motorola, Inc.*, the court allowed the breach of contract claim to proceed in light of the pleadings as a whole. 644 F. Supp. 2d 788 (N.D. Tex. 2008). In that case, the defendants were not simply alleging a breach of FRAND obligation in a general sense, like HTC. Instead, they relied on the parties' previous dealings, which provided the level of detail sufficient to satisfy *Iqbal* and *Twombly*. *Id.* at 791. Research in Motion and Motorola had previously entered into a license agreement but negotiations for an extension fell apart when the proposed rate dramatically increased without any change in the underlying market. *Id.* Reliance on this increase provided the defendants with the "information and belief" necessary to support the allegation that the FRAND commitment had been breached. *Id.* at 797. No such facts were alleged here. Nor do such facts exist.

---

[1] No negotiations took place between Evolved Wireless and HTC prior to the filing of the complaint because HTC never countered Evolved Wireless's initial offer.

None of the remaining cases relied upon by HTC supports the sufficiency of its counterclaim. In *Microsoft Corp. v. Motorola, Inc.*, Microsoft's pleading went beyond simple conclusory statements. No. C10-1823 JLR, 2011 U.S. Dist. LEXIS 73827, at *13 (W.D. Wash. June 1, 2011). Specifically, Microsoft alleged that Motorola had breached its FRAND obligation by demanding a royalty that was a percentage of the final product's price. *Id.* Microsoft further alleged that tying the royalty to the final product's price constituted breach of Motorola's FRAND obligations because the allegedly patented functionality was only a small portion of the final product. There, unlike here, Microsoft presented a concrete, rather than speculative, factual basis for its claim.

Similarly, in *Apple Inc. v. Samsung Elecs. Co.*, Apple alleged more than simply that Samsung had offered terms that were "not fair, reasonable, and non-discriminatory." No. 11-cv-1846-LHK, 2012 U.S. Dist. LEXIS 67102, *44 (N.D. Cal. May 14, 2012). In support of its breach of contract claim, Apple alleged that "Samsung's negotiation tactics were discriminatory and that Samsung retaliated against Apple by instigating litigation and refusing to grant FRAND licenses when Apple asserted its own non-standards essential patents against Samsung in this litigation." *Id.* It was the sum of Apple's allegations, not just a bald assertion that Samsung had not offered FRAND terms that allowed the court to find "these factual allegations sufficiently support a claim that Samsung has breached its duty to negotiate FRAND terms in good faith." *Id.*

Where *Research in Motion's*, *Microsoft's*, and *Apple's* allegations provided facts to show *why* the FRAND obligation was allegedly violated, HTC provides only conclusory statements. HTC alleges only that "a reasonable rate is well below $0.25 per device," D.I. 42 at 8, and that Evolved Wireless's efforts to secure a license were "manifestly unreasonable." D.I. 42 at 7. Yet, HTC provides no factual support beyond mere speculation to support its claim that this offer was

4

not FRAND-compliant, much less "manifestly unreasonable," as required by *Twombly*, 550 U.S. at 555. Indeed, HTC fails to provide allegations based on prior conduct (as in *Research in Motion*), fails to allege royalty demands that are a percentage of a product's final cost (as in *Microsoft*), and fails to allege any retaliatory activities (as in *Apple*). In fact, HTC fails to provide any facts to support its claim, including, but not limited to, evidence of what a reasonable royalty offer would have been. HTC's counterclaim lacks legal and factual support, such that judgment on the pleadings should be granted.

### D. Evolved Wireless's Motion Is Not Barred by Answering the Counterclaim.

Finally, HTC's argument that Evolved Wireless's answer to HTC's counterclaim is a concession that the counterclaim is sufficient finds no support in the applicable rules. D.I. 42 at 8. Rule 12(c), the Rule under which Evolved Wireless's Motion for Judgment on the Pleadings was brought, explicitly allows a motion for judgment on the pleadings to be brought any time "early enough not to delay trial." Further, Rule 12(h)(2)(B) states that a motion regarding the "[f]ailure to state a claim upon which relief can be granted" is permitted under Rule 12(c). While a motion under Rule 12(b)(6) must be brought before an answer is filed, Evolved Wireless's motion was not brought under Rule 12(b)(6). Defendant's argument would impermissibly merge Rule 12(c) with Rule 12(b)(6) and should, therefore, be rejected.

## II. HTC's Affirmative Defenses Are Improperly Pleaded.

HTC's affirmative defenses are not actual defenses to the charge of patent infringement and HTC has not offered any case that supports the assertion of these defenses. To the extent the Court concludes that they are defenses to patent infringement, these defenses fail to provide Evolved Wireless with "fair notice of the issue involved." *Internet Media Corp. v. Hearst Newspapers, LLC*, No. 10-690-SLR, 20120 U.S. Dist. LEXIS 126788, at *7 (D. Del. Sept. 6, 2012). While the standard for affirmative defenses is lower than counterclaims, "bare bones

5

conclusory allegations" are insufficient. *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 408 (D. Del. 2009) (citation omitted).

### A. The Court May Consider Evolved Wireless's Motion to Strike

This Court may properly consider Evolved Wireless's Motion to Strike.[2] Under Rule 12(f), courts in this circuit have held that the timing of a motion to strike alone "is insufficient to deny the motion to strike." *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 95 (D.N.J. 2014). "[T]he time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit." *Id.* (citation omitted). Within this District, courts have entertained motions to strike under Rule 12(f)(1) "in the interest of ensuring a fair and efficient trial," regardless of timing. *Krauss v. Keibler-Thompson Corp.*, 72 F.R.D. 615, 617 (D. Del. 1976) (citation omitted). As such, this Court should consider Evolved Wireless's Motion to Strike because a "fair and efficient trial" is protected by the Court's consideration of the Motion.

### B. Breach of FRAND is Not an Appropriate Affirmative Defense and Was Not Sufficiently Pleaded

An affirmative defense must be "a bar to the right of recovery even if the general complaint were more or less admitted to." *In re Sterten*, 546 F.3d 278, 284 (3d Cir. 2008) (citation and internal quotation marks omitted). HTC's assertion of *contract* defenses does not present a bar to Evolved Wireless's *patent* claims. While courts have found that some defenses based in contract law, such as licenses, are proper affirmative defenses, *see, e.g., McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 920 (Fed. Cir. 1995), HTC's breach of contract affirmative defense is not. As explained in *Microsoft v. Motorola*, a breach of contract claim "sounds in contract law," and "is not one arising under any Act of Congress relating to patents."

---

[2] Defendant's argument regarding the timeliness of the motion under Rule 12(f) does not apply to Evolved Wireless's motion under Rule 12(c).

795 F.3d at 1035 (citation omitted). Regardless of whether a claim is asserted in a complaint or as a counterclaim, *Microsoft* stands for the conclusion that breach of a contractual FRAND obligation is a cause of action independent from patent infringement, and not an affirmative defense to patent infringement. Thus, HTC's affirmative defenses alleging breach of FRAND obligations should be stricken.

Further, contrary to HTC's insinuations to the contrary, courts have not held that it is proper to plead breach of a FRAND obligation as an affirmative defense. D.I. 42 at 12. For instance, in *Wi-Lan, Inc. v. HTC Corp.,* the counterclaim and all affirmative defenses related to FRAND issues were voluntarily dropped by the defendants. Ex. B, No. 2:11-cv-00068-JRG, D.I. 608 at 8-9 (E.D. Tex. Oct. 11, 2013)[3]. The court's reference to the "issue of FRAND" as an affirmative defense was simply a reference to the fact that it had been pleaded as such. The court did not address the issue of whether such a defense is procedurally proper. Indeed, the passage as a whole—under the heading "Counterclaims and Affirmative Defenses of FRAND"—states:

> As announced on the record, the Court finds that Defendants have the affirmative burden of proof in this regard and FRAND is not a purely defensive response to Plaintiff's damages case. Accordingly, the Court finds that the issue of FRAND is an affirmative defense which, in light of Defendants having voluntarily dropped their counterclaims and affirmative defenses as to FRAND, is now out of this case for **all purposes**.

*Id.* (emphasis original) (holding that FRAND could not be presented as part of the defendant's damages case at trial). As both counterclaims and affirmative defenses relating to numerous FRAND issues were voluntarily dropped, this case does not support HTC's argument that alleged breach of a FRAND obligation is properly pleaded as an affirmative defense.

The remaining cases cited by HTC also fail to support HTC's position. In *In re Innovatio*

---

[3] The citation provided by HTC in its opening brief erroneously points to an unrelated filing in the *Wi-Lan* case. The correct citation is provided here.

*IP Ventures LLC Patent Litig.*, the court found only that a FRAND obligation "is like an affirmative defense" in that the accused infringer "bear[s] the burden of demonstrating the existence of a RAND obligation that limits their damages **if they are found to infringe.**" 956 F. Supp. 2d 925, 936 (N.D. Ill. 2013) (emphasis added). While a contractual FRAND obligation may be "**like** an affirmative defense" with respect to the burden of proof, it is *not* an affirmative defense that would bar liability. *Id.* (emphasis added). Instead, should infringement be proven, *Innovatio* held that FRAND is simply a factor that should be considered in the damages calculation.

HTC's reliance on *In re Certain Wireless Communication Devices, Portable Music & Data Processing Devices, Computers & Components Thereof* is similarly misguided. Inv. No. 337-TA-745, 2012 ITC LEXIS 1445, at *12 (June 25, 2012). That case discussed only the possibility of an exclusion order, and did not affirmatively find in favor of HTC's claimed defenses. HTC has not cited any case that has held that the contractual issue of the FRAND commitment is an affirmative defense to patent infringement.[4]

HTC's allegations of Patent Misuse, Unclean Hands, and Estoppel all stem from Evolved Wireless's alleged breach of FRAND obligations. As HTC's allegations point to no existing obligation that Evolved Wireless has breached (*see* Section I, *supra*), these defenses should also be stricken.

### C. HTC's Waiver Defense Was Not Sufficiently Pleaded

HTC claims that LGE failed to timely disclose its intellectual property. D.I. 42 at 17. Yet,

---

[4] HTC points to the purported "antitrust basis for enforcement of the FRAND commitment" to support the adequacy of its affirmative defenses. D.I. 42 at 9. As an initial matter, HTC has not alleged an antitrust violation. In fact, the term "antitrust" is entirely absent from HTC's answer. Even if there was an antitrust component to Evolved Wireless's actions, HTC has failed to provide fair notice of that in its answer to Evolved Wireless's complaint.

8

HTC does not provide any support to elevate its allegations beyond bare bones conclusions. The cases cited by HTC all rely on the complete failure of the patent owner to provide notice to the standard setting body. *See, e.g., Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1021 (Fed. Cir. 2008) ("[Qualcomm] intentionally did not disclose them to the JVT."). Here, HTC provides no indication of any similar failure. Indeed, HTC acknowledges that "[i]n accordance with ETSI's IPR Policy, LGE submitted declarations to ETSI declaring the Patents-in-Suit as essential to the LTE standard, and committed to irrevocably license the patents on FRAND terms." D.I. 42 at 4. Further, HTC states that Evolved Wireless "admits it is required to comply with ETSI's IPR policy." *Id.* Because HTC's conclusory allegations of "untimely" disclosure have no legal or factual basis, its waiver defense should be stricken.

### D.     HTC's Unenforceability Defense Was Not Sufficiently Pleaded

HTC's claim of unenforceability, as pleaded, is insufficient to constitute a defense against patent infringement. HTC argues that the Patents-in-Suit are unenforceable based on "*i.e.*, the same FRAND-based misconduct discussed above with respect to HTC's other defenses." D.I. 42 at 18. Yet, as explained above, HTC acknowledges that LGE declared its patents as essential to ETSI, and that Evolved Wireless continues to admit its duty to license on FRAND terms. Moreover, Evolved Wireless attempted to, and continues to, negotiate such a license. Thus, HTC has not pleaded any "misconduct," and its bare bones allegation should be stricken.

### E.     License Is Not an Appropriate Affirmative Defense and Was Not Well Pleaded

While a license can potentially be an affirmative defense to patent infringement, HTC's asserted defense does not relate to the existence of a license. HTC cannot in good faith allege that it has an express license. As to an implied license, Evolved Wireless has not said or done anything that allows HTC to "properly infer that the [patent] owner consents to [the infringer's] use of the patent in making or using it, or selling it." *De Forest Radio Tel. Co. v. U.S.*, 273 U.S.

236, 241 (1927). Such consent is necessary to constitute an implied license, and "must of course depend upon the circumstances." *Id.* Here, HTC has not alleged any such facts or circumstances to support its claim. The ETSI IPR policy states that patent owners must be "prepared to grant irrevocable licenses," *not* that HTC has a license—express or implied. Evolved Wireless has offered a license on FRAND terms, but HTC has refused to negotiate. As such, there is no good faith basis for HTC to assert it has a license, express or implied.

### F. Evolved Wireless Would Be Prejudiced if HTC's Affirmative Defenses Remain in the Case.

HTC is incorrect in its assertion that Evolved Wireless would not be prejudiced if the challenged affirmative defenses remained in the case. D.I. 42 at 19. In *Symbol Techs., Inc. v. Aruba Networks, Inc.*, this court specifically analyzed whether the allegations at issue serve "no legitimate purpose," and whether they were "unrelated in any substantive way" to valid defenses. 609 F. Supp. 2d 353, 359 (D. Del. 2009). Additionally, this court has found that motions to strike may be granted if the subject matter "cause[s] prejudice to one of the parties, **or** if the allegations confuse the issues." *Cadence Pharm., Inc. v. Paddock Labs., Inc.*, No. 11-733-LPS, 2012 U.S. Dist. LEXIS 142585, at *3 (D. Del. Oct. 1, 2012) (citing *Sun Microsystems*, 630 F. Supp. 2d at 400) (internal quotations omitted) (emphasis added). Several of HTC's affirmative defenses are not proper defenses to the claim of patent infringement or are insufficiently pleaded. Further, while the affirmative defenses may relate to the same subject matter as Evolved Wireless's claims, this only highlights the likelihood of confusion presented. If HTC wanted to assert these issues, it should have done so as counterclaims, not affirmative defenses.

### III. Conclusion

For the reasons set for above and in its Opening Brief, Evolved Wireless respectfully requests that this Court grant its Motion for Judgment on the Pleadings and Motion to Strike.

| | |
|---|---|
| Dated: April 21, 2016 | Respectfully submitted,<br><br>FARNAN LLP<br><br>/s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>919 N. Market Street, 12th Floor<br>Wilmington, Delaware 19801<br>(302) 777-0300<br>(302) 777-0301<br>bfarnan@farnanlaw.com<br><br>Christopher K. Larus (admitted *pro hac vice*)<br>Ryan M. Schultz (admitted *pro hac vice*)<br>Andrew D. Hedden (admitted *pro hac vice*)<br>Benjamen C. Linden (admitted *pro hac vice*)<br>Ryan E. Dornberger (admitted *pro hac vice*)<br>Anthony F. Schlehuber (admitted *pro hac vice*)<br>ROBINS KAPLAN LLP<br>800 LaSalle Avenue, Suite 2800<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 349-8500<br>Facsimile: (612) 339-4181<br>clarus@robinskaplan.com<br>rschultz@robinskaplan.com<br>ahedden@robinskaplan.com<br>blinden@robinskaplan.com<br>rdornberger@robinskaplan.com<br>aschlehuber@robinskaplan.com<br><br>Andrea L. Gothing (admitted *pro hac vice*)<br>Robins Kaplan LLP<br>2440 W. El Camino Real, Suite 100<br>Mountain View, CA 94040<br>Telephone: (650) 784-4040<br>Facsimile: (650) 784-4041<br>agothing@robinskaplan.com<br><br>**Counsel For Plaintiff Evolved Wireless, LLC** |