**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE, INC.,<br><br>　　　　　Defendant. | CASE NO.:  15-542-SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HTC CORPORATION and HTC AMERICA, INC.,<br><br>　　　Defendants. | CASE NO.:  15-543-SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY,<br><br>　　　Defendants. | CASE NO.:  15-544-SLR-SRF |

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | CASE NO.:  15-545-SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ZTE (USA) INC.,<br><br>    Defendant. | CASE NO.:  15-546-SLR-SRF |

**BRIEF OF NON-PARTIES INTERDIGITAL TECHNOLOGY
CORPORATION, IPR LICENSING, INC., AND INTERDIGITAL PATENT
HOLDINGS, INC. OPPOSING PLAINTIFF EVOLVED WIRELESS, LLC'S
CROSS-PRODUCTION OF LICENSES ACROSS THE RELATED CASES**

Pursuant to the Court's invitation at the September 27, 2016 Discovery Teleconference, non-parties InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Patent Holdings, Inc. (collectively, "InterDigital") submit this brief opposing Evolved Wireless's motion to cross-produce certain license agreements, including agreements between InterDigital and Samsung, across all of the cases captioned above.  Evolved Wireless's request should be denied, at least as it pertains to InterDigital's agreements with Samsung.  *First*, InterDigital's agreements are not relevant to Evolved Wireless's litigation with the other Defendants; *second*, the proposed cross-production would greatly prejudice InterDigital; and *third*, Evolved Wireless's proposal directly breaches a letter agreement between InterDigital, Samsung, and Evolved Wireless that specifically prohibits the very production Evolved Wireless now proposes.

This brief is supported by the Declaration of Ranae McElvaine and the Declaration of Randal C. Miller, filed herewith.

## I.     FACTUAL BACKGROUND

InterDigital became aware of this litigation on February 4, 2016, when Samsung sent InterDigital two letters providing notice that Samsung intended to produce in Case No. 15-cv-545 confidential agreements between Samsung and InterDigital: a 2G and 3G Patent License and Settlement Agreement entered in or around November 2008 (the "2008 Agreement"), and a Patent License and Settlement Agreement covering 3G, 4G and certain future generation wireless standards entered in or around June 2014 (the "2014 Agreement") (collectively, the "InterDigital Agreements").  Miller Decl. Exs. 1-2.

After reviewing the operative Protective Order, InterDigital had concerns about the protection of its confidential information, including because Sections 6(f)-(g) of the Order provide methods whereby InterDigital's confidential information could be disclosed to Samsung's Co-Defendants or their respective outside counsel.  Miller Decl. Exs. 4-5.  To resolve its concerns, InterDigital conditioned its consent for Samsung to produce the InterDigital Agreements on Samsung and Evolved Wireless executing a letter agreement that provided additional protections to safeguard InterDigital's confidential information (the "Letter

Agreement"). Miller Decl. Exs. 5-7. The Letter Agreement states, "No InterDigital confidential information may be disclosed to any Co-Defendant that is not a party to the InterDigital Agreements, or to its outside attorneys." Miller Decl. Ex. 7 at § 4. This protection covers any potential disclosure to Samsung's Co-Defendants, whether via Section 6(f) or 6(g) of the Protective Order. The Letter Agreement was fully executed by all parties on June 9, 2016. *Id*.

On August 12, 2016, Evolved Wireless informed InterDigital that it intended to cross-produce the InterDigital Agreements in Case Nos. 15-cv-542, 15-cv-543, 15-cv-544, 15-cv-546, and 15-cv-547. Miller Decl. Ex. 8. This letter surprised InterDigital because Evolved Wireless's intention was directly contrary to the Letter Agreement. InterDigital objected to the proposed cross-production, first via email on August 16, 2016, and then via letter on September 12, 2016. Miller Decl. Exs. 9-10. On August 19, 2016, Samsung informed InterDigital that Evolved Wireless had moved for an order permitting cross-production, and on October 10, 2016, Samsung informed InterDigital of the Court's invitation for third party briefs. Miller Decl., ¶ 9.

## II. ARGUMENT

The InterDigital Agreements should not be disclosed to any party other than Evolved Wireless and Samsung in Case No. 15-cv-545. These Agreements are not relevant to Evolved Wireless's litigation with any other party. Disclosing the highly sensitive information contained within these agreements to Samsung's Co-Defendants would also greatly prejudice InterDigital, such that the harm of cross-production vastly outweighs any limited relevance they may have. Additionally, Evolved Wireless's motion should be denied because Evolved Wireless previously agreed in writing to not disclose confidential information about the InterDigital Agreements to Samsung's Co-Defendants or their respective outside attorneys.

### 1. The InterDigital Agreements are Not Relevant

Evolved Wireless should not be permitted to produce the InterDigital Agreements to Samsung's Co-Defendants because they are not relevant to Evolved Wireless's litigation with those parties. Evolved Wireless claims that the InterDigital Agreements will help determine FRAND royalty rates for a license to Evolved Wireless's LTE patents. Evolved Wireless Brief

in Support of Cross-Producing Licenses ("Evolved Brief"), at 5.  In fact, however, the
InterDigital Agreements do not help establish a royalty for Evolved Wireless's LTE patents.
First, ***the 2008 Agreement does not pertain to LTE at all*** – rather it provides a license for
Samsung's 2G and 3G products.[1]  McElvaine Decl. ¶ 3.  This alone makes the 2008 Agreement
completely irrelevant.  Similarly, the 2014 Agreement licenses patents relating the 3G, 4G and
certain future generations of wireless standards, so LTE is only one part of a license covering
several standards.  *Id.*  The InterDigital Agreements are also not relevant because they cover
thousands of unique patents relating to wireless standards unrelated to the five patents in this
action.  Similarly, the Co-Defendants have not demonstrated how a license with Samsung, the
largest cellular phone manufacturer in the world, would be comparable for companies like the
Co-Defendants who are differently situated from Samsung in a number of dimensions, including
based on market shares, sales volumes, geographic distribution of sales, types of products, or
other factors.  Thus, a license to InterDigital's portfolio of patents does not provide good
evidence of the royalty Apple, HTC, Lenovo, or HTC should pay for a license to the LTE patents
asserted by Evolved Wireless.

Furthermore, the InterDigital Agreements are both settlement agreements, and therefore
account for a wide range of complex and interacting factors across multiple litigations, including
the value InterDigital and Samsung placed on resolving several disputes.  Settlement agreements
like the InterDigital Agreements are less relevant to a reasonable royalty calculation when there
are more comparable (non-litigation) licenses available.  *See LaserDynamics, Inc. v. Quanta
Computer, Inc.*, 694 F.3d 51, 77-78 (Fed. Cir. 2012) (ruling that the District Court erred in
allowing into evidence a settlement agreement that contained a patent license).

Agreements entered into by Evolved Wireless and/or the respective Defendants are much
more relevant to the FRAND analysis in each case involving those Defendants than the
InterDigital Agreements, which relate to an incomparable patent portfolio, an incomparable

---

[1] LTE is one of several standards commonly referred to as "4G."

licensee, and settled unrelated litigation.  Notably, while Evolved Wireless argues that "industry-level information" is necessary to calculate a FRAND rate, it did not cite a single case in which a confidential PLA between two unrelated third parties was obtained in discovery in order to make such a calculation.  Therefore, the InterDigital Agreements are not relevant to Evolved Wireless's litigation with Samsung's Co-Defendants.

## 2.     Cross-Production Would Prejudice InterDigital

In contrast, disclosing InterDigital licensing information to in-house attorneys of Samsung's Co-Defendants, as permitted by the Protective Order, would greatly prejudice InterDigital.  This prejudice vastly outweighs any alleged relevance of these documents.  The InterDigital Agreements contain competitively sensitive and highly confidential business information, including specific, non-public terms that that are valuable to InterDigital and reflect InterDigital's licensing strategies and negotiations with Samsung.  McElvaine Decl. ¶ 5.  Cross-production would disclose these trade secrets to several companies that are, or may become, licensees or potential licensees for InterDigital.  *Id.*

The terms of the InterDigital Agreements are highly sensitive because they reflect InterDigital's and Samsung's valuations of InterDigital's intellectual property in the context of the other license terms and conditions agreed upon between the parties.  *Id*. at ¶ 6.  Once seen by Samsung's Co-Defendants, information about the terms and structure of InterDigital licensing agreements cannot be unseen, and could be used in ongoing and future negotiations against InterDigital.  Cross-production would likely result in significant competitive harm to InterDigital and others as it would provide insight into the structure of InterDigital's licensing agreements, forcing InterDigital into an uneven bargaining position in ongoing and future negotiations with Samsung's Co-Defendants.  *Id.*  Indeed, InterDigital, Samsung, and Evolved Wireless recognized that any disclosure to in-house personnel would be impermissibly harmful and prejudicial to InterDigital, and accordingly agreed to prohibit such disclosure, even in Case No. 15-cv-545: "[n]otwithstanding Section 9(b)(ii) of the Protective Order, no InterDigital confidential

information may be disclosed to any representative(s) of any Receiving Party who is an officer, director, or employee of the Receiving Party, including in-house attorneys." Miller Del. Ex. 7.

To the extent that Evolved Wireless is willing to limit production to "Outside Counsel Eyes Only," this designation does not overcome the irrelevance of the InterDigital Agreements. Evolved Brief at 13-16. As the Federal Circuit has noted, a "protective order is not a substitute for establishing relevance or need," which Evolved Wireless has failed to do. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990) ("a protective order which limits to whom information may be disclosed does not eliminate the requirements of relevance and need for information"). Thus, limiting the disclosure of the InterDigital Agreements to the outside attorneys of Samsung's Co-Defendants does not make this production permissible, because it does not change the fact that these documents are not relevant.

### 3.    Evolved Wireless Agreed that it Would Not Disclose the InterDigital Agreements to Co-Defendants

Evolved Wireless should also be precluded from cross-producing the InterDigital Agreements because it executed an agreement in which it expressly waived any ability to make such disclosure to the Co-Defendants. Accordingly, this is not a simple case of Evolved Wireless seeking to produce documents and InterDigital opposing. ***Both*** InterDigital and Evolved Wireless previously negotiated and agreed in writing that Evolved Wireless would not disclose the InterDigital Agreements to Samsung's Co-Defendants. Specifically, in Section 4 of the June 9, 2016 Letter Agreement between InterDigital, Samsung, and Evolved Wireless, the parties agreed that, "No InterDigital confidential information may be disclosed to any Co-Defendant that is not a party to the InterDigital Agreements, or to its outside attorneys." Miller Decl. Ex. 7.[2] But now Evolved Wireless is attempting to renege on this agreement in direct breach of the parties' contract.

---

[2] Section 5 of the Letter Agreement provides that if any InterDigital confidential information "is to be… disclosed to any Co-Defendant…InterDigital [is to] be given notice with sufficient time to object to such use." In no way does this section negate or lessen the parties' agreement

Evolved Wireless argues that the Letter Agreement only limits § 6(f) of the Protective Order, which states that Samsung should not be required to produce protected material to Co-Defendants, and does not prevent Evolved Wireless from invoking § 6(g), which Evolved Wireless claims allows it to seek an order from the Court permitting it to disclose confidential information to Co-Defendants.  Evolved Brief at 19.  This claim is meritless.  The Letter Agreement states that its protections apply "above and beyond *any and all* protections provided by the... protective order," including both Sections 6(f) and 6(g).  The Letter Agreement is designed to prevent *any* disclosure of the InterDigital PLA to Samsung's Co-Defendants, whether by Samsung (under § 6(f)) or Evolved Wireless (under § 6(g)).  For this reason, both Samsung and Evolved Wireless executed the Letter Agreement; if the Letter Agreement only limited Samsung's ability to share confidential information under § 6(f), there would be no need for Evolved Wireless to sign.  Furthermore, the language in Section 4 of the Letter Agreement is tailored to align with § 6(g) of the protective order: both these sections refer to "disclosing" confidential information to Co-Defendants, while § 6(f) refers to "producing" protected material.  Thus, even if Evolved Wireless had the option to seek cross-production of the InterDigital Agreements under the less-restrictive Protective Order, it expressly relinquished this option when it subsequently executed the Letter Agreement in exchange for InterDigital's consent for Samsung to produce the InterDigital Agreements.

Evolved Wireless cannot avoid its agreement to not disclose InterDigital confidential information to Samsung's Co-Defendants by limiting such disclosure to outside counsel.  Indeed, the Letter Agreement specifically prohibits the disclosure of InterDigital's confidential information to Samsung's Co-Defendants *or their outside attorneys*.  Miller Decl. Ex. 7, § 4.  The Court should not permit Evolved Wireless avoid its contractual agreement by producing the InterDigital Agreement to Samsung's Co-Defendants or their outside counsel.

---

not to disclose the InterDigital Agreements to Samsung's Co-Defendants.  It simply provides an additional layer of protection to ensure the agreements are kept confidential.

## III.     CONCLUSION

For the forgoing reasons, InterDigital respectfully requests that the Court deny Evolved Wireless's request to cross-produce the InterDigital Agreements to Samsung's Co-Defendants.

Respectfully submitted,

/s/ *Ian R. Liston*
Ian R. Liston
WILSON SONSINI GOODRICH & ROSATI
222 Delaware Ave, Suite 800
Wilmington, DE 19801
Phone: 302-304-7600
Email: mlevin@wsgr.com

*Of Counsel*

Michael B. Levin
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Rd
Palo Alto, CA 94304
Phone: 650-943-9300
Email: mlevin@wsgr.com

Randal C. Miller
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Ave, Suite 5100
Seattle, WA 98014
Phone: 206-883-2500
Email: rmiller@wsgr.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>APPLE, INC.,<br><br>            Defendant. | CASE NO.:  15-542-SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>HTC CORPORATION and HTC AMERICA, INC.,<br><br>            Defendants. | CASE NO.:  15-543-SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY,<br><br>            Defendants. | CASE NO.:  15-544-SLR-SRF |

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.:  15-545-SLR-SRF |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD. and | ) |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.:  15-546-SLR-SRF |
| | ) |
| ZTE (USA) INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**DECLARATION OF RANAE McELVAINE IN SUPPORT OF INTERDIGITAL TECHNOLOGY CORPORATION, IPR LICENSING, INC., AND INTERDIGITAL PATENT HOLDINGS, INC.'S OPPOSITION TO EVOLVED WIRELESS, LLC'S MOTION TO CROSS-PRODUCE LICENSES ACROSS THE RELATED CASES**

I, Ranae McElvaine, declare as follows:

1.      I am Vice President and Deputy General Counsel – Intellectual Property for InterDigital Holdings, Inc. and its wholly owned subsidiaries InterDigital Technology Corporation and IPR Licensing, Inc. (collectively "InterDigital"), which are non-parties to the above-captioned actions.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2.      InterDigital is a company incorporated and based in Delaware, and develops wireless technologies that are at the core of 2G, 3G, 4G and IEEE 802-related products and networks worldwide.  The vast majority of InterDigital's revenue comes from licensing its

portfolio of patents and other intellectual property rights.  Accordingly, its intellectual property rights are a core asset of the company.

3.      I understand that Evolved Wireless has moved for the cross-production of certain license agreements, including a 2G and 3G Patent License and Settlement Agreement between InterDigital and Samsung, entered in or around November 2008 (the "2008 Agreement"), and a Patent License and Settlement Agreement between InterDigital and Samsung that covers 3G, 4G and certain future generation wireless standards and was entered in or around June 2014 (the "2014 Agreement") (collectively, the "InterDigital Agreements"), across all of the cases captioned above.

4.      I submit this declaration on behalf of InterDigital and against Evolved Wireless's motion to cross-produce the InterDigital Agreements across the above-captioned cases. Producing the InterDigital Agreements to Samsung's Co-Defendants would greatly prejudice InterDigital.

5.       The InterDigital Agreements contain very sensitive and highly confidential business information, including specific, non-public terms that are valuable to InterDigital and reflect InterDigital's licensing strategies and negotiations with Samsung.  Cross-production of the InterDigital Agreements would disclose these trade secrets to several InterDigital licensees and/or potential licensees.

6.      The terms of the InterDigital Agreements are highly sensitive to InterDigital, including because they reflect InterDigital's and Samsung's valuations of InterDigital's intellectual property and other license terms.  If these terms are not kept confidential, information about the terms and structure of InterDigital licensing deals could provide an unfair advantage to Samsung's Co-Defendants in ongoing and/or future negotiations with InterDigital.

7.      Producing the InterDigital Agreements to Samsung's Co-Defendants would also provide these parties with information about specific terms agreed to by unrelated third parties, which would not ordinarily be available to them.  Cross-production would likely result in significant competitive harm to InterDigital as such production would provide insight into the

-2-

structure of its licensing deals, forcing InterDigital into an uneven bargaining position against Samsung's Co-Defendants in ongoing and/or future negotiations.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in _Wilmington DE_ on _November 15_, 2016.

By: _____

Ranae McElvaine

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant. | CASE NO.: 15-542-SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>HTC CORPORATION and HTC AMERICA, INC.,<br><br>        Defendants. | CASE NO.: 15-543-SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY,<br><br>        Defendants. | CASE NO.: 15-544-SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | CASE NO.: 15-545-SLR-SRF |

|  |  |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.:  15-546-SLR-SRF |
| | ) |
| ZTE (USA) INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**DECLARATION OF RANDAL C. MILLER IN SUPPORT OF INTERDIGITAL TECHNOLOGY CORPORATION, IPR LICENSING, INC., AND INTERDIGITAL PATENT HOLDINGS, INC.'S BRIEF OPPOSING EVOLVED WIRELESS, LLC'S CROSS-PRODUCTION LICENSES ACROSS THE RELATED CASES**

I, Randal C. Miller, declare as follows:

I am an attorney at Wilson Sonsini Goodrich & Rosati, counsel of record for InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Patent Holdings, Inc. (collectively, "InterDigital"), and I have personal knowledge of the facts described below and, if called as a witness, could and would testify competently thereto.

1.      In February of 2016, InterDigital became aware of the litigation between Samsung and Evolved Wireless when Samsung sent it two letters providing notice of Samsung's intent to produce confidential agreements between Samsung and Interdigital in the case *Evolved Wireless, LLC v. Samsung Electronics Co.*, Case No. 15-cv-545 (D. Del.).  The letters indicated that, as required by a scheduling order entered in the District of Delaware, Samsung intended to produce (1) a 2G and 3G Patent License and Settlement Agreement between InterDigital and Samsung, entered in or around November 2008 (the "2008 Agreement"), and (2) a Patent License and Settlement Agreement between InterDigital and Samsung, covering 3G, 4G, and certain future generation wireless standards, and entered in or around June 2014 (the "2014 Agreement") (collectively, the "InterDigital Agreements").[1]  Attached hereto as Exhibit 1 is a

---

[1] The February 4, 2016 letter and subsequent communications refer to the 2014 Agreement as being effective January 1, 2013 because it provides a license to Samsung starting in 2013.

true and correct copy of the February 4, 2016 letter indicating Samsung's intent to produce the 2014 Agreement sent from C. Stiernberg to L. Shay.  Attached hereto as Exhibit 2 is a true and correct copy of the February 5, 2016 letter indicating Samsung's intent to produce the 2008 Agreement sent from C. Stiernberg to L. Shay.

2.      On February 12, 2016 InterDigital replied to Samsung's letters and indicated that it objected to the production of the InterDigital Agreements unless and until a protective order was issued and InterDigital had had a chance to review it.  Attached hereto as Exhibit 3 is a true and correct copy of the email sent from R. Miller to C. Stiernberg on February 12, 2016.

3.      On March 21, 2016, Samsung notified InterDigital that the District of Delaware had issued a Protective Order, which governed the disclosure of confidential information among Evolved Wireless, Samsung, and Samsung's Co-Defendants during discovery, and asked InterDigital to review it.  Attached hereto as Exhibit 4 is a true and correct copy of the email notifying InterDigital of the issuance of the Protective Order in the case *Evolved Wireless, LLC v. Samsung Electronics Co.*, Case No. 15-cv-545 (D. Del.) sent from C. Stiernberg to R. Miller, plus its two attachments, the Agreed Protective Order  Regarding the Disclosure and Use of Discovery Materials in the case *Evolved Wireless, LLC v. Samsung Electronics Co.*, Case No. 15-cv-545 (D. Del.), and the filing notice of the Court Order re the Stipulated Protective Order signed by Judge Sherry R. Fallon.

4.      After reviewing the operative Protective Order, InterDigital still had concerns about the protection of its confidential information, including because Section 6(f)-(g) of the Protective Order provided methods whereby InterDigital's confidential information could be disclosed to Samsung's Co-Defendants or their outside counsel.  Attached hereto as Exhibit 5 is a true and correct copy of the March 22, 2016 email outlining InterDigital's concerns.

5.      To resolve its concerns, InterDigital conditioned its consent for Samsung to produce the InterDigital Agreements on Samsung and Evolved Wireless executing a letter agreement that provided additional protections to safeguard InterDigital's confidential information.  Attached hereto as Exhibit 6 is a true and correct copy of an email sent from R.

Miller to C. Stiernberg on March 24, 2016 and the accompanying proposed letter agreement outlining InterDigital's conditions to producing the InterDigital Agreements.

6.      The letter agreement was fully executed on June 9, 2016 by the counsels of record for InterDigital, Samsung, and Evolved Wireless.  Attached hereto as Exhibit 7 is a true and correct copy of the fully executed letter agreement.

7.      On August 12, 2016, InterDigital received a letter from Evolved Wireless that said Evolved Wireless intended to produce the InterDigital Agreements in Case Nos. 15-cv-542, 15-cv-543, 15-cv-544, 15-cv-546, and 15-cv-547.  Attached hereto as Exhibit 8 is a true and correct copy of the August 12, 2016 letter regarding cross production of the InterDigital Agreements sent from R. Schultz to R. Miller.

8.      This letter surprised InterDigital because Evolved Wireless's proposal was directly contrary to the parties' letter agreement.  InterDigital objected to the proposed cross-production, first via email on August 16, 2016, and then via letter on September 12, 2016. Attached hereto as Exhibit 9 is a true and correct copy of an email objecting to the proposed cross-production sent from R. Miller to R. Schultz on August 16, 2016.  Attached hereto as Exhibit 10 is a true and correct copy of a letter objecting to the proposed cross-production sent from R. Miller to R. Schultz on September 12, 2016.

9.      On August 19, 2016, Samsung informed InterDigital of Evolved Wireless's Motion for Cross Producing Licenses Across the Related Cases.  On October 10, 2016, Samsung informed InterDigital of the District of Delaware's invitation to submit a third party brief opposing Evolved Wireless's motion.

I declare under penalty of perjury pursuant to 28 U.S.C § 1746 that the foregoing is true and correct.  Executed on November 14, 2016 in Seattle, Washington.

By:  /s/ Randal C. Miller
         Randal C. Miller

# EXHIBIT 1

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5058**

WRITER'S EMAIL ADDRESS
**charliestiernberg@quinnemanuel.com**

February 4, 2016

VIA EMAIL AND FEDERAL EXPRESS

InterDigital Holdings, Inc.
200 Bellevue Parkway
Suite 300
Wilmington, DE 19809-3727
Attention: Lawrence F. Shay

Re: Disclosure of Patent License and Settlement Agreement in *Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 1:15-cv-545-SLR (D. Del.)

Dear Mr. Shay:

On behalf of Samsung Electronics Co., Ltd. ("Samsung"), I write regarding the Patent License and Settlement Agreement (the "License Agreement") dated January 1, 2013 and entered by and between Samsung, InterDigital Technology Corporation, IPR Licensing, Inc., InterDigital Patent Holdings, Inc., PCMS Holdings, Inc., DRNC Holdings, Inc., IDLR Holdings, Inc., IDPA Holdings, Inc., VIDSCALE, Inc., InterDigital Holdings, Inc., and InterDigital Communications, Inc.

Pursuant to Section 12 of the License Agreement, Samsung hereby provides notice that, as required by the November 9, 2015 Scheduling Order in *Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 1:15-cv-545-SLR (D. Del.), Samsung intends to produce the License Agreement. As the Court has not yet issued a protective order, this production will be designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to D. Del. LR 26.2, which limits disclosure to trial counsel. Should Samsung later be required to reproduce the License Agreement pursuant to a protective order, we will write to you under separate cover at that time.

Please let us know by February 19, 2016 whether you object to this production, and do not hesitate to contact me should you have any questions.

Very truly yours,

Charlie Stiernberg

Copy to:    Wilson Sonsini Goodrich & Rosati PC
            650 Page Mill Road
            Palo Alto, CA 94304
            Attention: Michael Levin, Esq.
            mlevin@wsgr.com

# EXHIBIT 2

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5058**

WRITER'S EMAIL ADDRESS
charliestiernberg@quinnemanuel.com

February 5, 2016

**VIA EMAIL AND FEDERAL EXPRESS**

InterDigital Technology Corporation
200 Bellevue Parkway
Suite 300
Wilmington, DE 19809-3727
Attention: Lawrence F. Shay
lawrence.shay@interdigital.com

InterDigital Communications, LLC
781 Third Avenue
King of Prussia, PA 19406
Attention: Lawrence F. Shay
lawrence.shay@interdigital.com

Re:    Disclosure of Patent License and Settlement Agreement in *Evolved Wireless LLC v.
       Samsung Electronics Co., Ltd., et al.*, Case No. 1:15-cv-545-SLR (D. Del.)

Dear Mr. Shay:

On behalf of Samsung Electronics Co., Ltd. ("Samsung"), I write regarding the Patent License and Settlement Agreement (the "License Agreement") dated November 24, 2008 and entered by and between Samsung, InterDigital Technology Corporation, Tantivy Communications, Inc., IPR Licensing, Inc., InterDigital Patent Holdings, Inc., and InterDigital Communications, LLC.

Pursuant to Section 12 of the License Agreement, Samsung hereby provides notice that, as required by the November 9, 2015 Scheduling Order in *Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 1:15-cv-545-SLR (D. Del.), Samsung intends to produce the License Agreement. As the Court has not yet issued a protective order, this production will be designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to D. Del. LR 26.2, which limits disclosure to trial counsel. Should Samsung later be required to reproduce the License Agreement pursuant to a protective order, we will write to you under separate cover at that time.

Please let us know by February 19, 2016 whether you object to this production, and do not hesitate to contact me should you have any questions.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

Very truly yours,

Charlie Stiernberg

Copy to:   Wilson Sonsini Goodrich & Rosati PC
           650 Page Mill Road
           Palo Alto, CA 94304
           Attention: Ron E. Shulman, Esq.
           rshulman@wsgr.com

# EXHIBIT 3

**Miller, Randal**

| | |
|---|---|
| **From:** | Miller, Randal |
| **Sent:** | Friday, February 12, 2016 3:50 PM |
| **To:** | charliestiernberg@quinnemanuel.com |
| **Cc:** | Levin, Michael |
| **Subject:** | Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.) |
| **Attachments:** | SKM_454e16021216040.pdf; 2016-02-04 Stiernberg letter to InterDigital re PLA dated Nov 24 2008 (2....pdf; 2016.02.04 Letter from Stiernberg to Interdigital Holdings (2).pdf |

Mr. Stiernberg,

I write in response to your three letters dated February 4 and February 5, 2016 (attached), concerning Samsung's contemplated disclosure of the Patent License and Settlement Agreement between Samsung and InterDigital dated November 24, 2008 and the Patent License and Settlement Agreement between Samsung and InterDigital, effective January 1, 2013 (collectively, the "InterDigital Agreements") in the above-referenced matter.

InterDigital objects to Samsung producing the InterDigital Agreements in the above captioned case unless and until there is an appropriate protective order in place and I have had a chance to review.  When a protective order is entered, please send it to me for review.

Thanks,

**Randal Miller**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Rd.
Palo Alto, CA 94304
(650) 849-3072 (direct)
(650) 493-6811 (fax)
rmiller@wsgr.com

# EXHIBIT 4

## Miller, Randal

| | |
|---|---|
| **From:** | Charlie Stiernberg <charliestiernberg@quinnemanuel.com> |
| **Sent:** | Monday, March 21, 2016 6:23 PM |
| **To:** | Miller, Randal |
| **Cc:** | Levin, Michael; Todd Briggs |
| **Subject:** | RE: Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.) |
| **Attachments:** | 2016.03.15 Proposed Protective Order Re the Disclosure and Use of Discovery Materials.pdf; 2016.03.21 Court Order re Protective Order by Hon. S.R. Fallon..pdf |

Hi Randal,

Thank you for your email.  We appreciate your patience in this matter.  Today, the Court approved the parties' protective order in the Evolved Wireless LLC v. Samsung et al, Case No. 1:15-cv-545 (D. Del.) matter.  I have attached a copy for your convenience.

Once you and your client have had an opportunity to review the protective order, please let me know whether InterDigital maintains its objection to Samsung's production of the previously mentioned InterDigital Agreements.  We would produce them under a "Highly Confidential – Attorneys' Eyes Only" designation pursuant to the terms of that order.

I am available by phone or email if you would like to discuss further.

Best,

**Charlie Stiernberg**
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5058 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
charliestiernberg@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Miller, Randal [mailto:rmiller@wsgr.com]
**Sent:** Friday, February 12, 2016 3:50 PM
**To:** Charlie Stiernberg <charliestiernberg@quinnemanuel.com>
**Cc:** Levin, Michael <MLevin@wsgr.com>
**Subject:** Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.)

Mr. Stiernberg,

I write in response to your three letters dated February 4 and February 5, 2016 (attached), concerning Samsung's contemplated disclosure of the Patent License and Settlement Agreement between Samsung and InterDigital dated

November 24, 2008 and the Patent License and Settlement Agreement between Samsung and InterDigital, effective January 1, 2013 (collectively, the "InterDigital Agreements") in the above-referenced matter.

InterDigital objects to Samsung producing the InterDigital Agreements in the above captioned case unless and until there is an appropriate protective order in place and I have had a chance to review.  When a protective order is entered, please send it to me for review.

Thanks,

**Randal Miller**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Rd.
Palo Alto, CA 94304
(650) 849-3072 (direct)
(650) 493-6811 (fax)
rmiller@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 15–cv-542–SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION and<br>HTC AMERICA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 15–cv-543–SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO GROUP LTD.,<br>LENOVO (UNITED STATES) INC., and<br>MOTOROLA MOBILITY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 15–cv-544–SLR-SRF |
| EVOLVED WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.<br>and SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 15–cv-545–SLR-SRF |

EVOLVED WIRELESS, LLC,        )
                                          )
           Plaintiff,       )
                                          )
             v.              )
                                          )     C.A. No. 15–cv-546–SLR-SRF
ZTE CORPORATION, ZTE (USA) INC.,   )
and ZTE SOLUTIONS INC.,        )
                                          )
           Defendants.     )
                                          )

## AGREED PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff Evolved Wireless, LLC ("Plaintiff") and Defendants Apple Inc., HTC Corporation, HTC America Inc., Lenovo Group Ltd., Lenovo (United States) Inc., Motorola Mobility LLC, Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., ZTE Corp., ZTE (USA) Inc., and ZTE Solutions Inc., ("Defendants") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

    (a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

    (b)    To the extent that any one party in this litigation provides Protected Material under the terms of this Protective Order to another party, the Receiving Party shall not share that material with the other parties in this litigation, absent express written permission from the Producing Party. This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant.

    (c)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2. **DEFINITIONS**

    (a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)      "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)      "Patents-in-suit" means U.S. Patent Nos. 7,746,916, 7,768,965, 7,809,373, 7,881,236, 8,218,481, and any other patent asserted in this action.

(d)      "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)      "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)      "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip; similarly sensitive implementation details; files containing text written in "C," "C++," assembly, VHDL, Verilog, and digital signal processor (DSP) programming languages; ".include" files, "make" files; link

4

files; and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP.

3.      **COMPUTATION OF TIME AND DEADLINES**

(a)      The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

(b)      The timeliness of any event prescribed or allowed by this Order shall be governed by the October 2, 2014 District of Delaware Standing Order and the Court's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

4.      **SCOPE**

(a)      The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

5

(d)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all

5.      **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)      Basic Principles. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)      Patent Prosecution Bar. Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who receives one or more items designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material by a Defendant may not engage in any Prosecution Activity (as defined below) involving claims relating to LTE cellular communications technology during the pendency of the Action and for a period ending two (2) years after the earlier of (i) the complete resolution of the Action through entry of a final non-appealable judgment or order for which appeal has been exhausted; (ii) the complete settlement of all claims against the Producing Party in the Action. Nothing in this paragraph requires the

6

Plaintiff to monitor the activities of an individual that ceases to represent or be associated with the Plaintiff. Moreover, the Plaintiff is not liable for any alleged breach of this provision by an individual who ceases to represent or be associated with the Plaintiff. For purposes of this section, "Prosecution Activity" shall mean the preparation or amendment of claims or advice or counseling regarding the preparation of claims or amendment of claims in any patent application or patent, as part of an original prosecution in the United States or elsewhere. To be clear, "Prosecution Activity" shall not include *ex parte* reexamination, *inter partes* review, covered business method review or any other post-grant review proceeding in the United States Patent and Trademark Office or elsewhere. Nothing in this paragraph prohibits an attorney subject to this section from forwarding to counsel participating in the Prosecution Activity any references identified by any defendant as prior art during the course of the Action and nothing in this section shall prevent any attorney from sending prior art to an attorney involved in any prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. This Prosecution Bar shall begin when "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" materials or information are first reviewed by the affected individual. This Prosecution Bar applies to each individual reviewing the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" material and does not impute to the law firm or company who employs the individual.

(c)     Secure Storage, Limitations on Export. Protected Material produced in the United States must be stored and maintained by a Receiving Party at a location in the United

States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material produced in the United States may not be exported outside the United States. All Parties shall comply with applicable United States Export Administration Regulations, and nothing in this Order should be read to be inconsistent with or to permit disclosure otherwise prohibited by those regulations. Nothing in this Provision shall prejudice a Receiving Party's ability to transport and use Protected Materials at a deposition conducted outside the United States, provided that such transportation and use is in compliance with applicable United States laws and regulations.

(d)     Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

(f)     Cross-Production of Defendant Confidential Material. No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production. Information produced through discovery in a lawsuit

8

against one Defendant may not be used in a lawsuit against a second Defendant unless it is also timely produced through discovery in the lawsuit against the second Defendant.

(g)     Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Defendant that produced the Protected Material. If Plaintiff seeks to disclose a Defendant's Protected Material to any other Defendant or Defendants, then Plaintiff will seek consent from the Defendant who produced the Protected Material at issue. The Defendant will then have ten (10) business days to respond to the request. Defendant will not unreasonably withhold its consent. Defendant's withholding of consent shall be deemed unreasonable if it has previously shared the Protected Material with any other Defendant or Defendants.  If Plaintiff receives no response, then it may proceed with the requested disclosure. If objecting to the disclosure, Defendant shall state the complete grounds for the objection. Thereafter, further dispute shall be resolved in accordance with the following procedures:

(i)     The Plaintiff shall have the burden of conferring either in person, in writing, or by telephone with the objecting Defendant in a good faith effort to resolve the dispute. The Defendant shall have the burden of justifying the objection;

(ii)     Failing agreement, the Plaintiff may bring a motion to the Court for a ruling that the Protected Material in question is entitled to disclosure to any other Defendant or Defendants. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against disclosure of a Defendant's Protected Material to any other Defendant or

Defendants, establish any presumption that a particular objection is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any objection to disclosure, the Protected Material in question shall not be disclosed to any other Defendant or Defendants until one of the following occurs: (a) the Defendant who produced the Protected Material in question withdraws such objection in writing; or (b) the Court rules that the Protected Material in question may be disclosed to other Defendants.

7.    **DESIGNATING PROTECTED MATERIAL**

(a)    <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:    "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)    <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rules of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

10

(c)     <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d)     <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of thirty (30) days of receipt of the transcript of the testimony. If after such time no designation is made, the information disclosed shall be deemed public. Any Party that wishes to publicly disclose a transcript, or information contained therein, that has been designated as confidential, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-

11

confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services, including, for

12

example, document review attorneys, working at the direction of such counsel, paralegals, and staff;

(ii) Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials, if produced in the United States, in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v) The Court, jury, and court personnel;

(vi)     Any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes either (1) at the time that the "CONFIDENTIAL" Discovery Material was authored or received by the witness without any violation of any confidentiality obligation owed to any party in this action, or (2) the witness is an employee of the Producing Party and would have access to the "CONFIDENTIAL" Discovery Material pursuant to that employee's job responsibilities and position;

(vii)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(ix)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x)     Any other person with the prior written consent of the Producing Party.

9.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following

14

information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS'

EYES ONLY" designation:  trade secrets, product and component pricing information, financial

data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing

strategy, product development information, engineering documents, testing documents,

employee information, and other non-public information of similar competitive and business

sensitivity.

(b)      Unless otherwise ordered by the Court, Discovery Material designated as

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)      The Receiving Party's Outside Counsel and such Outside

Counsel's immediate paralegals and staff, and any copying or clerical litigation support services,

including, for example, document review attorneys, working at the direction of such counsel,

paralegals, and staff;

(ii)      Not more than three (3) representatives of the Receiving Party

who are in-house counsel for a Defendant Receiving Party, as well as their paralegals and

staff, provided that: (a) such in-house counsel are not involved in competitive decision-

making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984); (b)

each such person has agreed to be bound by the provisions of the Protective Order by signing

a copy of Exhibit A; (c) no unresolved objections to such disclosure exist after proper notice

has been given to all Parties as set forth in Paragraph 12 below;

(iii)      Any outside expert or consultant retained by the Receiving Party to

assist in this action, provided that disclosure is only to the extent necessary to perform such

work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions

of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a

current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials, if produced in the United States, in the United States only, and does not transport them to or access them from any foreign jurisdiction; (d) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)      The Court, jury, and court personnel;

(vi)     Any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes either (1) at the time that the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material was authored or received by the witness without any violation of any confidentiality obligation owed to any party in this action, or (2) the witness is an employee of the Producing Party and would have access to the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material pursuant to that employee's job responsibilities and position;

(vii)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)   Any other person with the prior written consent of the Producing Party.

(c)   In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential. A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

10.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)   Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be

17

subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)    The Receiving Party's Outside Counsel, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials, if produced in the United States, in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below. Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Discovery Material produced by another Defendant in this matter;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

18

(iv)     The Court, jury, and court personnel;

(v)     Any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes either (1) at the time that the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material was authored or received by the witness without any violation of any confidentiality obligation owed to any party in this action, or (2) the witness is an employee of the Producing Party and would have access to the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material pursuant to that employee's job responsibilities and position;

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)     Any other person with the prior written consent of the Producing Party.

11.     **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Minneapolis office of its outside counsel, Robins Kaplan LLP, or any other location mutually agreed by the Parties. Any Source Code that is produced by Apple Inc. will be made available for inspection at the Santa Monica office of its outside counsel, Boies, Schiller & Flexner LLP, or any other location mutually agreed by the Parties. Any Source Code that is produced by HTC Corporation will be made available for inspection at the Del Mar, California office of its outside counsel, Sheppard, Mullin, Richter & Hampton LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced

19

by Microsoft Corp., Microsoft Mobile Oy, or Nokia Inc. will be made available for inspection at the Washington D.C. office of their outside counsel, Sidley Austin LLP, or any other location mutually agreed by the Parties. Any Source Code that is produced by Lenovo (United States) Inc., or Motorola Mobility will be made available at the Atlanta office of its outside counsel, Kilpatrick Townsend & Stockton, LLP. Any Source Code that is produced by Samsung Electronics Co. Ltd. or Samsung Electronics America, Inc., will be made available for inspection at the Redwood Shores office of its outside counsel, Quinn, Emanuel, Urquhart & Sullivan, LLP, or any other location mutually agreed by the Parties. Any source code that is produced by ZTE Corporation or ZTE (USA) Inc. will be made available at the Chicago office of its outside counsel, McDermott Will & Emery LLP. Any Source Code that is produced by any of the other Defendant will be made available for inspection by Plaintiff at the office of its outside counsel, secure facility owned or controlled by such Defendant, or any other location mutually agreed by such Defendant and the Plaintiff. Source Code will be made available for inspection between the hours of 8 a.m. and 6:00 p.m. on business days (i.e., weekdays that are not Federal holidays). The Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times outside of normal business hours noted above, provided that the Reviewing Party pays for any costs and expenses, including staff, necessary to allow such access.

(b)     Prior to the first inspection of any requested Source Code, the Receiving Party shall provide twenty (20) business days notice of the Source Code that it wishes to inspect. The Receiving Party shall provide five (5) business days notice prior to any additional inspections.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be made available for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts who qualify under Paragraphs 10(c)(i) and (ii), in a secure room, in text searchable form on a secured computer without Internet access or network access to other computers, running a reasonably current version of the Microsoft Windows operating system or an alternative operating system necessary to view Source Code in its native format, and on which all access ports have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). Should it be necessary, other mutually agreed upon operating systems, such as Linux, may also be made available by the Producing Party. In addition, and to the extent it is feasible to do so, the Producing Party shall make the Source Code available in hierarchical directory and file structures as close to the original as possible. The Producing Party shall provide a manifest of the contents of the Source Code Computer. This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 Hash value of every source and executable file located on the computer. The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced. Tools for reviewing Source Code shall not be used to circumvent the protections of this Order. The Receiving Party's outside counsel and/or experts may request that other commercially available software tools for viewing

21

and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The Producing Party shall make a space available outside the secure room in which persons reviewing "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" may utilize such devices and/or transfer their notes to a personal computer or other device. However, under no circumstances, is any portion of the source code to be recorded in notes as a way to circumvent the protections of this Protective Order.

(iii)     The Receiving Party's outside counsel and/or experts who qualify under Paragraphs 10(c)(i) and (ii) shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. Each page of any such notes containing Source Code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)      No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Receiving Party may request printouts of limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than ten (10) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may request printed Source Code of no more than 50 pages total, subject to further agreement between the Parties or order by the Court.  The Receiving Party shall not request printed Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings , deposition exhibits, or pleadings or other papers (including a testifying expert's expert report). The Producing Party shall Bates number, copy, and label "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party.  Within five (5) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party

23

that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. Hard copies of the Source Code also may not be converted into an electronic document, except as necessary for expert report and pleadings filed under seal.

(vi)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. A Producing Party may object to providing Source Code access to any persons so identified. If an objection to an individual is made by the Producing Party, it will be the burden of the Producing Party to prove that the individual should be prohibited from inspecting the Producing Party's Source Code. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon two (2) days advance notice to the Receiving Party.

(vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room and any other room used by the Reviewing Party. The Producing Party shall not be responsible for any items left in the room(s) following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room(s) following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room(s) or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any state of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)    The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the

25

paper copies are stored. Upon two (2) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of ten (10) individuals who are qualified under Paragraph 10(c)(i) and (i) and identified by the Receiving Party shall have access to the printed portions of the Source Code (except insofar as such code appears in any court filing or expert report).

(xi)     For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party that it wishes to use Source Code at the deposition, and the Producing Party shall bring printed copies of all previously printed Source Code to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii)     Except as necessary for expert reports and pleadings under seal, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the

Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate, and this provision may be modified by further agreement by the Parties or the Court. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

(xiii)   If a Producing Party wishes to waive or otherwise reduce the restrictions set forth above on the production of "CONFIDENTIAL-OUTSIDE ATTORNEYS'

EYES ONLY – SOURCE CODE" Material, it may do so by agreement in writing with the Receiving Party. However, no action taken (or not taken) by the Producing Party shall be considered a waiver of any of the provisions or protections set forth herein relating to "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material absent written agreement between the Producing Party and the Receiving Party explicitly so stating. Nothing in this Protective Order shall be deemed an admission by any Party that production of "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material is necessary in the Action or required by the Federal Rules of Civil Procedure or the Local Rules of this Court. Nothing herein shall be deemed a waiver of a Party's right to object to the production of SOURCE CODE.

12. **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), or 10(c)(ii), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes the name of the person and the present employer and title of the person. In addition, for any person described in 8(b)(iii), 9(b)(iii), or 10(c)(ii), (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes the following additional information:

(i) an up-to-date curriculum vitae of the Person;

(ii) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom

the person provides consulting services relating to the design, development, operation, or patenting of wireless communications protocols, or relating to the acquisition of intellectual property assets relating to wireless communications protocols;

(iii) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(iv) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material to any Person, as described in 8(b)(iii), 9(b)(iii), or 10(c)(ii), shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any material change with respect to the Person's involvement in the design, development, operation or patenting of wireless communications protocols and networks, or the acquisition of intellectual property assets relating to wireless communications protocols and networks.

(b)     Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under

this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period. If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be

30

disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13. **DISCOVERY CONCERNING NON-PARTIES**

(a) The Parties recognize that, during the course of this case, non-parties may be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Materials. In such a case, the non-party who produced such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Material.

(b) A non-party's use of this Order to designate Protected Material does not entitle that nonparty to access any other Protected Information produced by any Party or other non-party in this case.

(c) Nothing herein precludes a non-party from negotiating additional protections for the production, designation or protection of its Discovery Material, beyond those provided in this Order.

14. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

31

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

15.     **<u>SUBPOENAS OR COURT ORDERS</u>**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed

shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

16.  **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized under D. Del. LR 5.1.3 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.

17.  **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive any applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and destroy all copies and provide written certification of such destruction. Within fourteen (14) business days of receiving written certification from a Receiving Party, the Producing Party must serve a

privilege log covering the privileged or otherwise protected matter inadvertently or unintentionally produced.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

18.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has

34

received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c) Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph **Error! Reference source not found.**.

19. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

20.     **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals. However, nothing herein requires a party to destroy or return Discovery Material that they are otherwise required by law to retain.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code.

(c)     Nothing herein requires any Party to alter its systems or protocols for preserving data or back-up systems.

21.     **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)      Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)      No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)      Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 21(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(e)      Nothing in this Protective Order, including Paragraphs 21(a)–(c), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

22.   **COMMUNICATIONS BETWEEN PARTY AND COUNSEL**

(a)      The Parties agree that privileged or protected communications occurring on or after June 25, 2015, need not be recorded on the Party's privilege log.

23.   **MISCELLANEOUS**

(a)      <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the

Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     <u>Modification by Court</u>. This Order is subject to further court orders based

upon public policy or other considerations, and the Court may modify this Order *sua sponte* in

the interests of justice. The United States District Court for the District of Delaware is

responsible for the interpretation and enforcement of this Order. All disputes concerning

Protected Material, however designated, produced under the protection of this Order shall be

resolved by the United States District Court for the District of Delaware.

Dated: March 15, 2016                              Respectfully submitted,

FARNAN LLP                                         POTTER ANDERSON & CORROON LLP


/s/ Michael J. Farnan                              /s/ Bindu A. Palapura
Brian E. Farnan (#4089)                            David E. Moore (#3983)
Michael J. Farnan (#5165)                          Bindu A. Palapura (#5370)
919 North Market Street                            Stephanie E. O'Byrne (#4446)
12th Floor                                         Hercules Plaza, 6th Floor
Wilmington, DE 19801                               1313 N. Market Street
(302) 777-0300 (Telephone)                         Wilmington, DE 19801
(302) 777-0301 (Facsimile)                         Tel: (302) 984-6000
bfarnan@farnanlaw.com                              dmoore@potteranderson.com
                                                   bpalapura@potteranderson.com
*Counsel for Plaintiff*                            sobyrne@potteranderson.com
*Evolved Wireless, LLC*
                                                   *Attorneys for Defendants Apple, Inc., Lenovo*
                                                   *Group Ltd., Lenovo (United States) Inc. and*
                                                   *Motorola Mobility LLC*


POTTER ANDERSON & CORROON LLP                      SHAW KELLER LLP


/s/ Philip A. Rovner                               /s/ Karen E. Keller
Philip A. Rovner (#3215)                           John W. Shaw (#3362)
Jonathan A. Choa (#5319)                           Karen E. Keller (#4489)
Hercules Plaza                                     Andrew E. Russell (#5382)
P.O. Box 951                                       300 Delaware Avenue, Suite 1120
Wilmington, DE 19899                               Wilmington, DE 19801
(302) 984-6000                                     (302) 298-0700
provner@potteranderson.com                         jshaw@shawkeller.com
jchoa@potteranderson.com                           kkeller@shawkeller.com
                                                   arussell@shawkeller.com

*Attorneys for Defendants HTC Corporation*
*and HTC America, Inc.*

*Attorneys for Defendants Samsung Electronics*
*Co., Ltd. and Samsung Electronics America,*
*Inc.*

Richards, Layton & Finger, P.A.

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Travis S. Hunter (#5350)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
farnan@rlf.com
hunter@rlf.com

*Attorneys for Defendant ZTE (USA) Inc.*

**IT IS SO ORDERED** this ___ day of March, 2016.

_____
The Honorable Sue L. Robinson

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Evolved Wireless, LLC v.* _____, United States District Court, District of Delaware, Civil Action No. _____. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____

[Signature]

**Patricia Reilly**

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, March 21, 2016 8:37 AM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:15-cv-00542-SLR-SRF Evolved Wireless, LLC v. Apple, Inc. SO ORDERED |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered on 3/21/2016 at 11:36 AM EDT and filed on 3/21/2016
**Case Name:**   Evolved Wireless, LLC v. Apple, Inc.
**Case Number:**   1:15-cv-00542-SLR-SRF
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**SO ORDERED- re (37 in 1:15-cv-00546-SLR-SRF, 33 in 1:15-cv-00544-SLR-SRF, 35 in 1:15-cv-00542-SLR-SRF, 39 in 1:15-cv-00545-SLR-SRF, 37 in 1:15-cv-00543-SLR-SRF) Stipulated Protective Order. Signed by Judge Sherry R. Fallon on 3/21/2016. Associated Cases: 1:15-cv-00542-SLR-SRF, 1:15-cv-00543-SLR-SRF, 1:15-cv-00544-SLR-SRF, 1:15-cv-00545-SLR-SRF, 1:15-cv-00546-SLR-SRF(lih)**

**Case Name:**   Evolved Wireless, LLC v. HTC Corporation et al
**Case Number:**   1:15-cv-00543-SLR-SRF
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**SO ORDERED- re (37 in 1:15-cv-00546-SLR-SRF, 33 in 1:15-cv-00544-SLR-SRF, 35 in 1:15-cv-00542-SLR-SRF, 39 in 1:15-cv-00545-SLR-SRF, 37 in 1:15-cv-00543-SLR-SRF) Stipulated Protective Order. Signed by Judge Sherry R. Fallon on 3/21/2016. Associated Cases: 1:15-cv-**

00542-SLR-SRF, 1:15-cv-00543-SLR-SRF, 1:15-cv-00544-SLR-SRF, 1:15-cv-00545-SLR-SRF, 1:15-cv-00546-SLR-SRF(lih)

**Case Name:**      Evolved Wireless, LLC v. Lenovo Group Ltd. et al
**Case Number:**      1:15-cv-00544-SLR-SRF
**Filer:**
**Document Number:** No document attached

**Docket Text:**
SO ORDERED- re (37 in 1:15-cv-00546-SLR-SRF, 33 in 1:15-cv-00544-SLR-SRF, 35 in 1:15-cv-00542-SLR-SRF, 39 in 1:15-cv-00545-SLR-SRF, 37 in 1:15-cv-00543-SLR-SRF) Stipulated Protective Order. Signed by Judge Sherry R. Fallon on 3/21/2016. Associated Cases: 1:15-cv-00542-SLR-SRF, 1:15-cv-00543-SLR-SRF, 1:15-cv-00544-SLR-SRF, 1:15-cv-00545-SLR-SRF, 1:15-cv-00546-SLR-SRF(lih)

**Case Name:**      Evolved Wireless, LLC v. Samsung Electronics Co. Ltd. et al
**Case Number:**      1:15-cv-00545-SLR-SRF
**Filer:**
**Document Number:** No document attached

**Docket Text:**
SO ORDERED- re (37 in 1:15-cv-00546-SLR-SRF, 33 in 1:15-cv-00544-SLR-SRF, 35 in 1:15-cv-00542-SLR-SRF, 39 in 1:15-cv-00545-SLR-SRF, 37 in 1:15-cv-00543-SLR-SRF) Stipulated Protective Order. Signed by Judge Sherry R. Fallon on 3/21/2016. Associated Cases: 1:15-cv-00542-SLR-SRF, 1:15-cv-00543-SLR-SRF, 1:15-cv-00544-SLR-SRF, 1:15-cv-00545-SLR-SRF, 1:15-cv-00546-SLR-SRF(lih)

**Case Name:**      Evolved Wireless, LLC v. ZTE Corporation et al
**Case Number:**      1:15-cv-00546-SLR-SRF
**Filer:**
**Document Number:** No document attached

**Docket Text:**
SO ORDERED- re (37 in 1:15-cv-00546-SLR-SRF, 33 in 1:15-cv-00544-SLR-SRF, 35 in 1:15-cv-00542-SLR-SRF, 39 in 1:15-cv-00545-SLR-SRF, 37 in 1:15-cv-00543-SLR-SRF) Stipulated Protective Order. Signed by Judge Sherry R. Fallon on 3/21/2016. Associated Cases: 1:15-cv-00542-SLR-SRF, 1:15-cv-00543-SLR-SRF, 1:15-cv-00544-SLR-SRF, 1:15-cv-00545-SLR-SRF, 1:15-cv-00546-SLR-SRF(lih)

**1:15-cv-00542-SLR-SRF Notice has been electronically mailed to:**

David Ellis Moore      dmoore@potteranderson.com, IPefilings@potteranderson.com, iplitigation@potteranderson.com, mbaker@potteranderson.com

Brian E. Farnan      bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Andrea L. Gothing      agothing@robinskaplan.com, MAnaya-Rojas@robinskaplan.com

Michael J. Farnan      mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Bindu Ann George Palapura      bpalapura@potteranderson.com

Christopher K. Larus      clarus@robinskaplan.com, mlutz@robinskaplan.com

Michael Jay      mjay@bsfllp.com

Andrew D. Hedden      ahedden@robinskaplan.com

Ryan M. Schultz      rschultz@robinskaplan.com, cjunker@robinskaplan.com

Nandan R. Padmanabhan      npadmanabhan@bsfllp.com, nsands@bsfllp.com

Joseph E. Lasher      jlasher@bsfllp.com, nsands@bsfllp.com

Steven C. Holtzman      sholtzman@bsfllp.com

Bill Ward      bward@bsfllp.com

Benjamin C. Linden      blinden@robinskaplan.com, lzimmerman@robinskaplan.com

Anthony F. Schlehuber      aschlehuber@robinskaplan.com, dlafrance@robinskaplan.com

Ryan E. Dornberger      rdornberger@robinskaplan.com

**1:15-cv-00542-SLR-SRF Filer will deliver document by other means to:**

**1:15-cv-00543-SLR-SRF Notice has been electronically mailed to:**

Philip A. Rovner      provner@potteranderson.com, asilverstein@potteranderson.com, iplitigation@potteranderson.com, jchoa@potteranderson.com, mhoughton@potteranderson.com, shamlin@potteranderson.com

Brian E. Farnan      bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Stephen S. Korniczky      skorniczky@sheppardmullin.com, evanderson@sheppardmullin.com

Andrea L. Gothing      agothing@robinskaplan.com, MAnaya-Rojas@robinskaplan.com

Michael J. Farnan      mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Christopher K. Larus      clarus@robinskaplan.com, mlutz@robinskaplan.com

Martin R. Bader      mbader@sheppardmullin.com, kgrauer@sheppardmullin.com

Andrew D. Hedden      ahedden@robinskaplan.com

Ryan M. Schultz     rschultz@robinskaplan.com, cjunker@robinskaplan.com

Ericka J. Schulz     eschulz@sheppardmullin.com, shart@sheppardmullin.com

Kayla E. Page     kpage@sheppardmullin.com

Nam H. Kim     nkim@sheppardmullin.com

Benjamin C. Linden     blinden@robinskaplan.com, lzimmerman@robinskaplan.com

Anthony F. Schlehuber     aschlehuber@robinskaplan.com, dlafrance@robinskaplan.com

Ryan E. Dornberger     rdornberger@robinskaplan.com

**1:15-cv-00543-SLR-SRF Filer will deliver document by other means to:**

**1:15-cv-00544-SLR-SRF Notice has been electronically mailed to:**

David Ellis Moore     dmoore@potteranderson.com, IPefilings@potteranderson.com, iplitigation@potteranderson.com, mbaker@potteranderson.com

Brian E. Farnan     bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Andrea L. Gothing     agothing@robinskaplan.com, MAnaya-Rojas@robinskaplan.com

Mitchell G. Stockwell     mstockwell@kilpatricktownsend.com, khollingsworth@kilpatricktownsend.com

Michael J. Farnan     mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Bindu Ann George Palapura     bpalapura@potteranderson.com

Christopher K. Larus     clarus@robinskaplan.com, mlutz@robinskaplan.com

Taylor H. Ludlam     taludlam@kilpatricktownsend.com, sumoore@kilpatricktownsend.com

Andrew D. Hedden     ahedden@robinskaplan.com

Richard Goldstucker     rgoldstucker@kilpatricktownsend.com

Ryan M. Schultz     rschultz@robinskaplan.com, cjunker@robinskaplan.com

Akarsh P. Belagodu     abelagodu@kilpatricktownsend.com

Benjamin C. Linden     blinden@robinskaplan.com, lzimmerman@robinskaplan.com

Anthony F. Schlehuber     aschlehuber@robinskaplan.com, dlafrance@robinskaplan.com

Ryan E. Dornberger     rdornberger@robinskaplan.com

**1:15-cv-00544-SLR-SRF Filer will deliver document by other means to:**

**1:15-cv-00545-SLR-SRF Notice has been electronically mailed to:**

Brian E. Farnan     bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Andrea L. Gothing     agothing@robinskaplan.com, MAnaya-Rojas@robinskaplan.com

Todd M. Briggs     toddbriggs@quinnemanuel.com, patriciareilly@quinnemanuel.com

Michael J. Farnan     mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Andrew Russell     arussell@shawkeller.com, cal@shawkeller.com

Christopher K. Larus     clarus@robinskaplan.com, mlutz@robinskaplan.com

Kevin P.B. Johnson     kevinjohnson@quinnemanuel.com, jackievalenzuela@quinnemanuel.com

Andrew D. Hedden     ahedden@robinskaplan.com

Ryan M. Schultz     rschultz@robinskaplan.com, cjunker@robinskaplan.com

Victoria F. Maroulis     victoriamaroulis@quinnemanuel.com, rachelaripez@quinnemanuel.com

Benjamin C. Linden     blinden@robinskaplan.com, lzimmerman@robinskaplan.com

Anthony F. Schlehuber     aschlehuber@robinskaplan.com, dlafrance@robinskaplan.com

Ryan E. Dornberger     rdornberger@robinskaplan.com

Rafik Paul Zeineddin     paul@zeineddin.com

**1:15-cv-00545-SLR-SRF Filer will deliver document by other means to:**

**1:15-cv-00546-SLR-SRF Notice has been electronically mailed to:**

Brian E. Farnan     bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Kelly E. Farnan     farnan@rlf.com, loveless@rlf.com

Andrea L. Gothing     agothing@robinskaplan.com, MAnaya-Rojas@robinskaplan.com

Michael J. Farnan     mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Travis Steven Hunter     hunter@rlf.com, cathers@rlf.com, garvey@rlf.com

Christopher K. Larus     clarus@robinskaplan.com, mlutz@robinskaplan.com

Charles M. McMahon     cmcmahon@mwe.com

Jay H. Reiziss     jreiziss@mwe.com, jrbaker@mwe.com

Andrew D. Hedden     ahedden@robinskaplan.com

Ryan M. Schultz     rschultz@robinskaplan.com, cjunker@robinskaplan.com

Natalie A. Bennett     nbennett@mwe.com

Hersh H. Mehta     hmehta@mwe.com, lbalsan@mwe.com

Benjamin C. Linden     blinden@robinskaplan.com, lzimmerman@robinskaplan.com

Anthony F. Schlehuber     aschlehuber@robinskaplan.com, dlafrance@robinskaplan.com

Ryan E. Dornberger     rdornberger@robinskaplan.com

**1:15-cv-00546-SLR-SRF Filer will deliver document by other means to:**

# EXHIBIT 5

## Miller, Randal

| | |
|---|---|
| **From:** | Miller, Randal |
| **Sent:** | Tuesday, March 22, 2016 12:14 PM |
| **To:** | Charlie Stiernberg |
| **Cc:** | Levin, Michael; Todd Briggs |
| **Subject:** | RE: Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.) |

Charlie,

Thank you for your email inclosing the protective order in *Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 1:15-cv-545 (D. Del.).  Before InterDigital withdraws its objection, however, we need to resolve a few issues.

*First*, InterDigital is concerned about Section 9(b)(ii) of the PO, which permits confidential information to be disclosed to the Receiving Parties' in-house attorneys.  Before InterDigital consents to producing the InterDigital Agreements, it requires adequate assurances that no employees of Evolved Wireless, including in-house attorneys, be given InterDigital confidential information.

*Second*, InterDigital also requires assurances that the InterDigital Agreements will not be disclosed to any Co-Defendants or their outside counsel.

*Third*, InterDigital requests that Samsung provide a list of experts who would receive InterDigital confidential information.

I look forward to your response.  Feel free to give me a call if you would prefer to talk over the phone.

Randal

---

**From:** Charlie Stiernberg [mailto:charliestiernberg@quinnemanuel.com]
**Sent:** Monday, March 21, 2016 6:23 PM
**To:** Miller, Randal
**Cc:** Levin, Michael; Todd Briggs
**Subject:** RE: Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.)

Hi Randal,

Thank you for your email.  We appreciate your patience in this matter.  Today, the Court approved the parties' protective order in the Evolved Wireless LLC v. Samsung et al, Case No. 1:15-cv-545 (D. Del.) matter.  I have attached a copy for your convenience.

Once you and your client have had an opportunity to review the protective order, please let me know whether InterDigital maintains its objection to Samsung's production of the previously mentioned InterDigital Agreements.  We would produce them under a "Highly Confidential – Attorneys' Eyes Only" designation pursuant to the terms of that order.

I am available by phone or email if you would like to discuss further.

Best,

**Charlie Stiernberg**
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5058 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
charliestiernberg@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Miller, Randal [mailto:rmiller@wsgr.com]
**Sent:** Friday, February 12, 2016 3:50 PM
**To:** Charlie Stiernberg <charliestiernberg@quinnemanuel.com>
**Cc:** Levin, Michael <MLevin@wsgr.com>
**Subject:** Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.)

Mr. Stiernberg,

I write in response to your three letters dated February 4 and February 5, 2016 (attached), concerning Samsung's contemplated disclosure of the Patent License and Settlement Agreement between Samsung and InterDigital dated November 24, 2008 and the Patent License and Settlement Agreement between Samsung and InterDigital, effective January 1, 2013 (collectively, the "InterDigital Agreements") in the above-referenced matter.

InterDigital objects to Samsung producing the InterDigital Agreements in the above captioned case unless and until there is an appropriate protective order in place and I have had a chance to review. When a protective order is entered, please send it to me for review.

Thanks,

# Randal Miller
Wilson Sonsini Goodrich & Rosati
650 Page Mill Rd.
Palo Alto, CA 94304
(650) 849-3072 (direct)
(650) 493-6811 (fax)
rmiller@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

# EXHIBIT 6

## Miller, Randal

| | |
|---|---|
| **From:** | Miller, Randal |
| **Sent:** | Thursday, March 24, 2016 6:11 PM |
| **To:** | Charlie Stiernberg |
| **Cc:** | Levin, Michael; Todd Briggs |
| **Subject:** | RE: Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.) |
| **Attachments:** | Letter re Evolved Wireless v. Samsung_(palib1_8259015_1).DOCX |

Here is a proposed letter-agreement outlining our conditions to producing the InterDigital agreements.  Can you please fill in the name of the attorney for plaintiffs.

Thanks,
Randal

**From:** Charlie Stiernberg [mailto:charliestiernberg@quinnemanuel.com]
**Sent:** Wednesday, March 23, 2016 12:58 PM
**To:** Miller, Randal
**Cc:** Levin, Michael; Todd Briggs
**Subject:** RE: Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.)

Hi Randal,

I just left you a voicemail.  I believe we can work around these issues.  Feel free to give me a call at your convenience, 650-801-5058.

Thanks,
-Charlie

**From:** Miller, Randal [mailto:rmiller@wsgr.com]
**Sent:** Tuesday, March 22, 2016 12:14 PM
**To:** Charlie Stiernberg <charliestiernberg@quinnemanuel.com>
**Cc:** Levin, Michael <MLevin@wsgr.com>; Todd Briggs <toddbriggs@quinnemanuel.com>
**Subject:** RE: Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.)

Charlie,

Thank you for your email inclosing the protective order in *Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 1:15-cv-545 (D. Del.).  Before InterDigital withdraws its objection, however, we need to resolve a few issues.

*First*, InterDigital is concerned about Section 9(b)(ii) of the PO, which permits confidential information to be disclosed to the Receiving Parties' in-house attorneys.  Before InterDigital consents to producing the InterDigital Agreements, it requires adequate assurances that no employees of Evolved Wireless, including in-house attorneys, be given InterDigital confidential information.

*Second*, InterDigital also requires assurances that the InterDigital Agreements will not be disclosed to any Co-Defendants or their outside counsel.

*Third*, InterDigital requests that Samsung provide a list of experts who would receive InterDigital confidential information.

I look forward to your response.  Feel free to give me a call if you would prefer to talk over the phone.

Randal

---

**From:** Charlie Stiernberg [mailto:charliestiernberg@quinnemanuel.com]
**Sent:** Monday, March 21, 2016 6:23 PM
**To:** Miller, Randal
**Cc:** Levin, Michael; Todd Briggs
**Subject:** RE: Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.)

Hi Randal,

Thank you for your email.  We appreciate your patience in this matter.  Today, the Court approved the parties' protective order in the Evolved Wireless LLC v. Samsung et al, Case No. 1:15-cv-545 (D. Del.) matter.  I have attached a copy for your convenience.

Once you and your client have had an opportunity to review the protective order, please let me know whether InterDigital maintains its objection to Samsung's production of the previously mentioned InterDigital Agreements.  We would produce them under a "Highly Confidential – Attorneys' Eyes Only" designation pursuant to the terms of that order.

I am available by phone or email if you would like to discuss further.

Best,

**Charlie Stiernberg**
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5058 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
charliestiernberg@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Miller, Randal [mailto:rmiller@wsgr.com]
**Sent:** Friday, February 12, 2016 3:50 PM
**To:** Charlie Stiernberg <charliestiernberg@quinnemanuel.com>
**Cc:** Levin, Michael <MLevin@wsgr.com>
**Subject:** Disclosure of Patent License and Settlement Agreement in Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al., Case No. 1:15-cv-545 (D. Del.)

Mr. Stiernberg,

I write in response to your three letters dated February 4 and February 5, 2016 (attached), concerning Samsung's contemplated disclosure of the Patent License and Settlement Agreement between Samsung and InterDigital dated November 24, 2008 and the Patent License and Settlement Agreement between Samsung and InterDigital, effective January 1, 2013 (collectively, the "InterDigital Agreements") in the above-referenced matter.

InterDigital objects to Samsung producing the InterDigital Agreements in the above captioned case unless and until there is an appropriate protective order in place and I have had a chance to review.  When a protective order is entered, please send it to me for review.

Thanks,

**Randal Miller**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Rd.
Palo Alto, CA 94304
(650) 849-3072 (direct)
(650) 493-6811 (fax)
rmiller@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.



650 Page Mill Road
Palo Alto, CA 94304-1050

PHONE 650.493.9300
FAX 650.493.6811

**www.wsgr.com**

March 24, 2016

<u>**VIA ELECTRONIC MAIL**</u>

Charlie Stiernberg
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
charliestiernberg@quinnemanuel.com

[Evolved Wireless Attorney]

**Re:**   **Agreement re Production of InterDigital Confidential License Agreements in**
***Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 1:15-cv-545
(D. Del.)**

By and through this letter, each of the undersigned parties hereby agree to the following protections governing the disclosure and use of the Patent License and Settlement Agreement between Samsung and InterDigital dated November 24, 2008 and the Patent License and Settlement Agreement between Samsung and InterDigital, effective January 1, 2013 (collectively, the "InterDigital Agreements") in the above-captioned case. These protections will apply above and beyond any and all protections provided by the March 15, 2015 Protective Order Regarding the Disclosure and Use of Discovery Materials (the "Protective Order").

1.     Any material containing InterDigital confidential information be produced under the Protective Order and designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY;"

2.     InterDigital is considered the "Producing Party" under Section 2(e) of the Protective Order;

3.     Notwithstanding Section 9(b)(ii) of the Protective Order, no InterDigital confidential information may be disclosed to any representative(s) of any Receiving Party who is an officer, director, or employee of the Receiving Party, including in-house attorneys;

4.     No InterDigital confidential information may be disclosed to any Co-Defendant that is not a party to the InterDigital Agreements, or to its outside attorneys;

5.     If any InterDigital confidential information is to be used in open court, referenced in public documents, disclosed to any Co-Defendant that is not a party to the InterDigital Agreements (including Co-Defendant's outside attorneys), or otherwise made publicly accessible, InterDigital be given notice with sufficient time to object to such use.

**Wilson Sonsini Goodrich & Rosati**

PROFESSIONAL CORPORATION

Charlie Stiernberg
November 2, 2016
Page 2

InterDigital's consent to produce the InterDigital Agreements is conditioned on the execution of this agreement, and on receiving a list of any expert witness who may receive InterDigital Confidential Information.

Dated: _____     By: _____

Randal C. Miller
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
rmiller@wsgr.com

*Attorney for InterDigital Inc.*

Dated: _____     By: _____

Charlie Stiernberg
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
charliestiernberg@quinnemanuel.com

*Attorney for Samsung Electronics Co., Ltd.*

Dated: _____     By: _____

[Name]
[Firm]

*Attorney for Evolved Wireless LLC*

# EXHIBIT 7



650 Page Mill Road
Palo Alto, CA 94304-1050

PHONE 650.493.9300
FAX 650.493.6811

**www.wsgr.com**

June 9, 2016

**<u>VIA ELECTRONIC MAIL</u>**

Charlie Stiernberg
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
charliestiernberg@quinnemanuel.com

Ryan Schultz
Robins Kaplan LLP
800 LaSalle Ave, 2800 LaSalle Plaza
Minneapolis, MN 55402
rschultz@robinskaplan.com

Re:     **Agreement re Production of InterDigital Confidential License Agreements in**
        ***Evolved Wireless LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 1:15-cv-545
        (D. Del.)**

By and through this letter, each of the undersigned parties hereby agree to the following protections
governing the disclosure and use of the Patent License and Settlement Agreement between
Samsung and InterDigital dated November 24, 2008 and the Patent License and Settlement
Agreement between Samsung and InterDigital, effective January 1, 2013 (collectively, the
"InterDigital Agreements") in the above-captioned case.  These protections will apply above and
beyond any and all protections provided by the March 15, 2015 Protective Order Regarding the
Disclosure and Use of Discovery Materials (the "Protective Order").

1.      Any material containing InterDigital confidential information be produced under the
        Protective Order and designated as "CONFIDENTIAL – ATTORNEYS' EYES
        ONLY;"

2.      InterDigital is considered the "Producing Party" under Section 2(e) of the Protective
        Order;

3.      Notwithstanding Section 9(b)(ii) of the Protective Order, no InterDigital confidential
        information may be disclosed to any representative(s) of any Receiving Party who is
        an officer, director, or employee of the Receiving Party, including in-house attorneys;

4.      No InterDigital confidential information may be disclosed to any Co-Defendant that
        is not a party to the InterDigital Agreements, or to its outside attorneys;

**Wilson Sonsini Goodrich & Rosati**

PROFESSIONAL CORPORATION

Charlie Stiernberg
June 9, 2016
Page 2

5.     If any InterDigital confidential information is to be used in open court, referenced in public documents, disclosed to any Co-Defendant that is not a party to the InterDigital Agreements (including Co-Defendant's outside attorneys), or otherwise made publicly accessible, InterDigital be given notice with sufficient time to object to such use.

InterDigital's consent to produce the InterDigital Agreements is conditioned on the execution of this agreement, and on receiving a list of any expert witness who may receive InterDigital Confidential Information.

Dated: June 9, 2016          By:   _/s/ Randal C. Miller_
                                   Randal C. Miller
                                   WILSON SONSINI GOODRICH & ROSATI
                                   Professional Corporation
                                   650 Page Mill Road
                                   Palo Alto, CA 94304-1050
                                   rmiller@wsgr.com

                                   *Attorney for InterDigital Inc.*

Dated: May 6, 2016           By:   _/s/ Charles M. Stiernberg_
                                   Charles M. Stiernberg
                                   Quinn Emanuel Urquhart & Sullivan, LLP
                                   555 Twin Dolphin Drive, 5th Floor
                                   Redwood Shores, CA 94065
                                   charliestiernberg@quinnemanuel.com

                                   *Attorney for Samsung Electronics Co., Ltd.*

Dated: May 3, 2016           By:/s/ *Ryan M. Schultz*
                                   Ryan Schultz
                                   Robins Kaplan LLP
                                   800 LaSalle Ave, 2800 LaSalle Plaza
                                   Minneapolis, MN 55402
                                   rschultz@robinskaplan.com

                                   *Attorney for Evolved Wireless LLC*

# EXHIBIT 8



800 LASALLE AVENUE      612 349 8500 TEL
SUITE 2800                   612 339 4181 FAX
MINNEAPOLIS MN 55402    ROBINSKAPLAN.COM


RYAN M. SCHULTZ
612 349 8408 TEL
RSCHULTZ@ROBINSKAPLAN.COM

August 12, 2016                            *Via E-mail*

Randal C. Miller
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
rmiller@wsgr.com

     Re: *Evolved Wireless, LLC v. Samsung Elec. Co., et al.*, Case No. 15-cv-545-SLR

Dear Counsel:

     Pursuant to the agreement entered into by Interdigital Inc., Samsung Electronics Co., Ltd., and Evolved Wireless, LLC, Evolved Wireless provides notice that it intends to produce the license documents in related case numbers 15-cv-542, 15-cv-543, 15-cv-544, 15-cv-546, and 15-cv-547 under § 6(g) of the Protective Order entered in all six cases. Evolved Wireless will not oppose production under the same confidentiality designation level and confidentiality terms that were identified and/or included with the agreement when it was produced by Interdigital.

     If Evolved Wireless does not hear back from Interdigital within 10 business days, Evolved Wireless will assume that Interdigital does not object to production of the license documents.  To be clear, Samsung has objected to this production. A hearing with the Court will be scheduled soon to resolve Samsung's objection to the production.

     Sincerely,

     Ryan M. Schultz

# EXHIBIT 9

**Miller, Randal**

---

| | |
|---|---|
| **From:** | Miller, Randal |
| **Sent:** | Tuesday, August 16, 2016 2:02 PM |
| **To:** | RSCHULTZ@ROBINSKAPLAN.COM |
| **Subject:** | August 12, 2016 Letter re Evolved Wireless v. Samsung |

Mr. Schultz,

I write to follow-up on my voicemail yesterday, which was in response to your August 12, 2016 letter to me regarding *Evolved Wireless, LLC v. Samsung Elec. Co., et al.*, Case No. 15-cv-545-SLR. I was calling to gather further information about your request to produce InterDigital's license agreement with Samsung in related cases. Please give me a call to discuss when you are able. In the meantime, InterDigital objects to this production.

Thanks,

**Randal Miller**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Rd.
Palo Alto, CA 94304
(650) 849-3072 (direct)
(650) 493-6811 (fax)
rmiller@wsgr.com

# EXHIBIT 10



650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811
**www.wsgr.com**
rmiller@wsgr.com

September 12, 2016

<u>**VIA EMAIL**</u>

Ryan M. Schultz
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis MN 55402
rschultz@robinskaplan.com

**Re:    Evolved Wireless, LLC v. Samsung Elec. Co., et al., Case No. 15-cv-545-SLR**

Dear Mr. Schultz:

       I write in response to your August 12, 2016 letter regarding Evolved Wireless's intention to produce the Patent License and Settlement Agreement between Samsung and InterDigital dated November 24, 2008 and the Patent License and Settlement Agreement between Samsung and InterDigital, effective January 1, 2013 (collectively, the "InterDigital Agreements") in case numbers 15-cv-542, 15-cv-543, 15-cv-544, 15-cv-546, and 15-cv-547 under § 6(g) of the Protective Order entered in all six cases.

       InterDigital opposes this production.   The InterDigital Agreements contain highly confidential information belonging to InterDigital and Samsung.  Evolved Wireless's proposed production would disclose this information to parties that are current and potential InterDigital licensees and Samsung's direct competitors, including Apple, HTC, Lenovo, and HTC.  The disclosure of InterDigital and Samsung's sensitive licensing information to these parties would cause substantial harm to InterDigital's and Samsung's bargaining and competitive positions. Even if the InterDigital Agreements were produced under the protective order in this case, the risk of harm to InterDigital is great.  InterDigital is not a party to this litigation, so it will not be able to ensure that each party fully complies with the protective order.  And, as the Federal Circuit has noted, it would be "divorced from reality to believe," that the parties to this action "would serve as the champion of its competitor… either to maintain the confidentiality designation or to limit public disclosure as much as possible."  *Micro Motion Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990).

       InterDigital also objects to Evolved Wireless's proposed production because it would be irrelevant.  These licenses are specific to InterDigital's patent portfolio and Samsung's licensed products.  They have no bearing on Apple, HTC, Lenovo, or HTC's alleged breach of a handful of Evolved Wireless's patents.  And to the extent the InterDigital Agreements have any limited relevance to Evolved Wireless's case against Samsung's Co-Defendants, this relevance is vastly

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Ryan M. Schultz
September 12, 2016
Page 2

outweighed by the competitive harm that would result from sharing InterDigital's and Samsung's commercially sensitive information to competitors.

Evolved Wireless's proposed production would also be a direct breach of the June 9, 2016 letter agreement between InterDigital, Samsung, and Evolved Wireless, which you executed. Specifically, in paragraph 4 the parties agreed that, "No InterDigital confidential information may be disclosed to any Co-Defendant that is not a party to the InterDigital Agreements, or to its outside attorneys." However, this is exactly what Evolved Wireless now proposes. I understand from our August 22, 2016 conversation that you believe that Section 6(g) of the Protective Order allows Evolved Wireless to seek cross-production of the InterDigital Agreements, notwithstanding the parties' June 9, 2016 letter agreement. This position is meritless. The letter agreement states that its protections apply "above and beyond any and all protections provided by the… Protective order." Thus, even if Evolved Wireless had the option to seek cross-production of the InterDigital Agreements under the less-restrictive Protective Order, it expressly gave up this option when it subsequently executed the letter agreement.

So, not only is Evolved Wireless's proposed production extremely harmful and irrelevant, it is a direct breach of our letter agreement. If Evolved Wireless continues to pursue this production in direct violation of our June 9, 2016 agreement, InterDigital may need to take further steps to prevent this disclosure.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Randal C. Miller

Cc:
Charlie Stiernberg
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
charliestiernberg@quinnemanuel.com

AUSTIN    HONG KONG    NEW YORK    PALO ALTO    SAN DIEGO    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.