## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EVOLVED WIRELESS, LLC,                )
                                      )
      Plaintiff,                      )       Civil Action No. 15-543-JFB-SRF
                                      )
      v.                              )       **JURY TRIAL DEMANDED**
                                      )
HTC CORPORATION, and HTC              )       **PUBLIC VERSION**
AMERICA, INC.,                        )
                                      )
      Defendants.                     )

## HTC'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGEMENT OF NO WILLFUL INFRINGEMENT, NO PRE-SUIT INDIRECT INFRINGEMENT, AND NO PRE-SUIT DAMAGES

OF COUNSEL:

Stephen S. Korniczky
Martin R. Bader
Ericka Schulz
Nam H. Kim
Eric K. Gill
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900

Dated:  August 31, 2017
Public version dated: September 7, 2017

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendants*
*HTC Corporation and HTC America, Inc.*

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...........................................................................................1

II.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS.................2

III.   SUMMARY OF THE ARGUMENT .............................................................2

IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS ...................................3

     A.    Evolved Claims Damages Prior to the Filing of the Complaint. ..........................3

     B.    Evolved Claims HTC Willfully Infringed. ...............................................3

     C.    Evolved Concedes LG Did Not Comply with the Marking Statute.......................4

     D.    Evolved Contends HTC Had Pre-Suit Notice of the Patents-In-Suit. ....................4

     E.    Evolved's Original, November 4, 2014 Letter Does Not Identify Any
         Patents in Its Portfolio.................................................................................5

     F.    Evolved's May 11, 2015 Email Does Not Specifically Assert Infringement
         of the Patents-In-Suit. ..............................................................................5

V.     ARGUMENT ..............................................................................................6

     A.    HTC Did Not Have Sufficient Pre-Suit Knowledge of the Patents-in-Suit
         or the Alleged Infringement.........................................................................7

         1.    In Evolved v. Samsung, This Court Found No Pre-Suit Knowledge
             of the Patents-In-Suit Under Highly Similar Facts. .........................8

         2.    The Court's Finding of No Pre-Suit Knowledge in Evolved v.
             Samsung is Not Affected by Halo. .................................................9

         3.    Evolved's Communications with HTC Did Not Provide HTC with
             Sufficient Pre-Suit Knowledge of the Patents-In-Suit. .....................10

     B.    Even Assuming Evolved Provided Adequate Pre-Suit Notice, Evolved
         Still Cannot Demonstrate Willful Infringement. .............................................12

         1.    Mere Knowledge of the Patents-In-Suit Is Insufficient for Willful
             Infringement.................................................................................13

         2.    Evolved Cannot Prove Post-Complaint Willful Infringement.................14

     C.    Even Assuming Evolved Provided Adequate Pre-Suit Notice, Evolved
         Still Cannot Prove Pre-Suit Indirect Infringement...........................................15

     D.    Evolved Cannot Claim Pre-Suit Damages. .....................................................16

         1.    Evolved Concedes LG Did Not Comply with the Marking Statute,
             and Thus, There is No Constructive Notice.....................................17

         2.    Evolved Failed to Provide Actual Notice of Infringement. ....................18

VI.    CONCLUSION...........................................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amsted Indus., Inc. v. Buckey Steel Castings Co.*
    24 F.3d 178 (Fed. Cir. 1994)...........................................................................................17, 18

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986)...................................................................................................................7

*Bradium Tech. LLC v. Microsoft Corp.*
    No. 15-31-RGA, D.I. 40 (D. Del. Feb. 2, 2016) ....................................................................11

*Cascades Comput. Innovation, LLC v. Samsung Elecs. Co.*
    77 F. Supp. 3d 756 (N.D. Ill. 2015) .........................................................................................8

*Celotex Corp. v. Catrett*
    477 U.S. 317 (1986)...................................................................................................................6

*DSU Med Corp. v. JMS Co., Ltd.*
    471 F.3d 1293 (Fed. Cir. 2006)..............................................................................................15

*Evolved v. Samsung*
    C.A. No. 15-545-JFB-SRF ........................................................1, 8, 9, 10, 11, 16, 18

*Evolved Wireless, LLC. v. Samsung Elecs. Co., Ltd.*
    2016 U.S. Dist. LEXIS 32794, No. 15-545-SLR-SRF (D. Del. Mar. 15, 2016)8, 9, 10, 11, 16,
    18

*Evolved Wireless, LLC. v. Samsung Elecs. Co., Ltd.*
    2016 U.S. Dist. LEXIS 46849, No. 15-545-SLR-SRF (D. Del. Apr. 6, 2016)...................8, 11

*Fujitsu Ltd. v. Netgear, Inc.*
    2009 U.S. Dist. LEXIS 85802, No. 7-cv-710-bbc (W.D. Wis. Sept. 18, 2009),
    *rev'd in part on other grounds*, 620 F.3d 1321 (Fed. Cir. 2010)......................................19, 20

*Fujitsu Ltd v. Netgear Inc.*
    620 F.3d 1321 (Fed. Cir. 2010)..........................................................................................15, 20

*Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*
    616 F.3d 1357 (Fed. Cir. 2010)..............................................................................7, 16, 17, 18, 19

*Gart v. Logitech, Inc.*
    254 F.3d 1334 (Fed. Cir. 2001)..............................................................................................16, 18, 19

*Global-Tech Appliances, Inc. v. SEB S.A.*
    131 S. Ct. 2060 (2011)...........................................................................................................15, 16

ii

*Global-Tech Appliances, Inc. v. SEB S.A.*
  563 U.S. 754 (2011) ................................................................................................7

*Greatbatch Ltd. v. AVX Corp.*
  2016 U.S. Dist. LEXIS 171939, No. 13-723-LPS (D. Del. Dec. 13, 2016) ......................12, 13

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*
  136 S. Ct. 1923 (2016) ................................................................................1, 9, 10, 12, 13

*Intellectual Ventures I LLC v. Symantec Corp.*
  234 F. Supp. 3d 601 (D. Del. 2017) ................................................................................9, 14

*Intellectual Ventures I LLC v. Toshiba Corp.*
  66 F. Supp. 3d 495 (D. Del. 2014) ................................................................................9

*Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*
  2016 U.S. Dist. LEXIS 106548, No. 14-cv-02864-JD (N.D. Cal. Aug. 11, 2016) ................................................................................18, 19

*K-Tec, Inc. v. Vita-Mix Corp.*
  696 F.3d 1364 (Fed. Cir. 2012) ................................................................................18

*Laser Dynamics USA, LLC v. Cinram Group*
  Inc., 2015 U.S. Dist. LEXIS 147562, No. 15-cv-1629 (RWS), at *14 (S.D.N.Y. Oct. 30, 2015) ................................................................................11

*Limelight Networks, Inc. v. Akamai Techs., Inc.*
  134 S. Ct. 2111 (2014) ................................................................................15

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 2016 LEXIS 154520, No. 09-80-LPS, at *51 (D. Del. Oct. 31, 2016) ................................................................................14

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*
  475 U.S. 574 (1986) ................................................................................6

*Maxwell v. J. Baker, Inc.*
  86 F.3d 1098 (Fed. Cir. 1996) ................................................................................17

*Podobnik v. U.S. Postal Serv.*
  409 F.3d 584 (3d Cir. 2005) ................................................................................6

*Robocast, Inc., v. Apple Inc.*
  39 F. Supp. 3d 552 (D. Del. 2014) ................................................................................15

*In re Seagate Technology, LLC*
  497 F. 3d 1360 (Fed. Cir. 2007) (en banc) ................................................................1, 9, 15

*Syngenta Seeds, Inc. v. Delta Cotton Co-op., Inc.*
  457 F.3d 1269 (Fed. Cir. 2006) ................................................................................16, 17, 19

*Toshiba Corp. v. Imation Corp.*
   681 F.3d 1358 (Fed. Cir. 2012)..................................................................15

*Toshiba Corp. v. Imation Corp.*
   990 F. Supp. 2d 882 (Fed. Cir. 2013) ........................................................19

*Vehicle IP, LLC v. AT&T Mobility LLC*
   227 F. Supp. 3d 319 (D. Del. 2016)......................................................12, 14

*WBIP, LLC v. Kohler Co.*
   829 F.3d 1317 (Fed. Cir. 2016).................................................................7, 9

*WesternGeco L.L.C. v. ION Geophysical Corp.*
   837 F.3d 1358 (Fed. Cir. 2016)................................................................9, 10

<u>Statutes</u>

35 United States Code.....................................................................................7

35 United States Code section 271(b)..............................................................7

35 United States Code section 271(c)..............................................................7

35 United States Code section 284 ............................................................3, 12

35 United States Code section 287 ............................................................4, 17

35 United States Code section 287(a)
   ...................................................................................................2, 16, 17, 18

<u>Other Authorities</u>

Fed. R. Civ. P. 56(c)(l)(A) ...............................................................................6

Federal Rules of Civil Procedure Rule 56(a) ..............................................6, 20

U.S. Patent Nos. 7,746,916, 7,768,905 and 8,218,481 ....................................2

U.S. Patent Nos. 7,809,373 .............................................................................2

## I.      INTRODUCTION

In *Evolved v. Samsung*, C.A. No. 15-545-JFB-SRF, a case related to and coordinated with the present case, Magistrate Judge Fallon recommended, and Judge Robison ordered, that Plaintiff Evolved Wireless, LLC's ("Evolved's") claims of willful infringement and pre-suit indirect infringement be dismissed based on facts nearly identical to those here. Specifically, Judge Fallon determined that Evolved did not provide sufficient pre-suit notice of the patents-in-suit to plead willful infringement or pre-suit indirect infringement, and dismissed these claims. The same is true here.

As in *Samsung*, it is undisputed here that Evolved did not identify the patents in its alleged portfolio until May 2015. It is also undisputed here that Evolved did not specify for HTC the patents-in-suit until the filing of the complaint. Moreover, it is undisputed that Evolved never provided specific allegations of infringement, or even identified a single allegedly infringing product, to HTC until the filing of the complaint.

Yet, all of Evolved's claims for (1) willful infringement, (2) pre-suit indirect infringement, and (3) pre-suit damages, require Evolved to show that HTC knew of the patents-in-suit prior to the filing of the complaint. Evolved, however, cannot prove that HTC had sufficient pre-suit knowledge of the patents-in-suit. Therefore the Court should grant HTC's motion for partial summary judgment.

First, although the standard has arguably changed since *Evolved v. Samsung* (*i.e.,* moving from the rigid test in *Seagate* to the recent Supreme Court test in *Halo*), to prove willful infringement, Evolved must show that HTC both knew of the patents-in-suit, and acted maliciously and egregiously in infringing a patent – akin to pirating. Evolved cannot prove either—and *Samsung* would have come out the same way under *Halo*.

Second, pre-suit indirect infringement (contributory and induced) likewise require Evolved to provide pre-suit notice of the patents-in-suit and a disclosure of a specific, non-conclusory infringement theory. Evolved did neither.

Third, in order to obtain pre-suit damages, Evolved had to provide actual or constructive pre-suit notice of the patents-in-suit. Yet Evolved concedes its predecessor in interest, LG Electronics, Inc. did not mark its LTE products under, 35 U.S.C. § 287(a), and no evidence of actual notice exists.

Therefore, without such pre-suit knowledge of the patents-in-suit, Evolved cannot carry its burden of proof on its claims for willful infringement, pre-suit indirect infringement, or pre-suit damages. The Court should grant HTC's motion for summary judgment.

## II.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action filed by Evolved Wireless, LLC ("Evolved" or "Plaintiff") against HTC Corporation and HTC America, Inc. ("HTC" or "Defendants") regarding five patents. A similar lawsuit was filed against a number of other defendants, including: Apple, Inc.; Microsoft Corp., Microsoft Mobile Oy, and Nokia Inc.; Lenovo Group Ltd., Lenovo (United States) Inc., and Motorola Mobility; Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.; and ZTE (USA) Inc. On July 19, 2017, the Court dismissed three of the patents (U.S. Patent Nos. 7,746,916, 7,768,905 and 8,218,481) upon joint stipulation. Two patents, U.S. Patent Nos. 7,809,373 and 7,881,236 ("the patents-in-suit") remain in this case. The Court issued its claim construction order on November 14, 2016. (D.I. 116.) Fact and expert discovery closed on April 10, 2017 and August 23, 2017, respectively. Trial is scheduled to begin on April 23, 2018. This case was recently transferred to the Honorable Judge Joseph F. Bataillon.

## III.   SUMMARY OF THE ARGUMENT

Evolved's failure to provide pre-suit notice to HTC regarding Evolved's patents and infringement allegations is fatal to Evolved's claim for willful infringement and pre-suit induced infringement and contributory infringement. Evolved's failure to provide pre-suit notice also limits the potential damages period to when after the complaint was filed. Furthermore:

1. Evolved cannot prove HTC willfully infringed the patents-in-suit, as HTC was unaware of these patents and Evolved's infringement allegations prior to the filing of this lawsuit. Thus, summary judgment of no willful infringement should be granted.

2. Evolved cannot prove its claims for pre-suit inducement and contributory infringement, collectively known as indirect infringement, because Evolved cannot prove HTC had (1) pre-suit knowledge of the patents-in-suit and Evolved's infringement allegations, or (2) the specific intent required for indirect infringement. Thus, summary judgment of no pre-suit indirect and contributory infringement should be granted.

3. Evolved should be precluded as a matter of law from recovering pre-suit damages (if any) because Evolved failed to provide constructive or actual notice of infringement to HTC.

## IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    Evolved Claims Damages Prior to the Filing of the Complaint.

Evolved Wireless contends "that it is entitled to damages at least as early as of the filing date of the complaint. . . [and] that it placed Defendants on express notice of infringement prior to filing suit and is therefore entitled to damages beginning at least as early as November 4, 2014." (Ex. A[1] at 5 (citing EVOLVED-0210060 through EVOLVED-0210120; EVOLVED-0258933 through EVOLVED-0259661; and EVOLVED-0587836 through EVOLVED-0587844).

### B.    Evolved Claims HTC Willfully Infringed.

For each of the patents-in-suit, Evolved claims that "at least as early as the service of [the] Complaint, HTC has willfully infringed [the asserted patent.]" (Ex. B at ¶¶ 112, 113.) In its prayer for relief, Evolved seeks: "An award of enhanced damages, including that the damages be trebled pursuant to 35 U.S.C. § 284, for HTC's willful infringement of all claims in

---

[1] All citations to Exhibits herein refer to the exhibits attached to the Declaration of Martin R. Bader In Support of HTC's Opening Brief re Its Motion for Partial Summary Judgement of No Willful Infringement, No Pre-suit Indirect Infringement, and No Pres-Suit Damages.

Evolved Wireless's LTE Patent Portfolio for which it is determined that HTC has and/or does infringe[.]" (*Id.* at 29 (¶ 6).)

**C.      Evolved Concedes** ████████████████████████████████.

When asked, Evolved Wireless informed HTC that ███████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

**D.      Evolved Contends HTC Had Pre-Suit Notice of the Patents-In-Suit.**

HTC asked Evolved Wireless the following interrogatory:

> Identify the first date in which You contend HTC had Knowledge of the Asserted Patents and all facts and documents evidencing this contention, the first date in which You contend HTC had Knowledge of Infringement of the Asserted Patents and all facts and documents evidencing this contention, the date in which You contend HTC was Objectively Reckless of the Known Risk of Infringement of the Asserted Patents and all facts and documents evidencing this contention (including the facts establishing a link between Knowledge of the Asserted Patents and the Knowledge of Infringement), the first date in which You contend HTC Knowingly Induced Infringement and all facts and documents evidencing this contention, the first date in which You contend HTC Specifically Intended to Induce its customers to infringe the Asserted Patents and all facts and documents evidencing this contention, and the first date in which You contend HTC Knowingly Contributed to its customers alleged infringement of the Asserted Patents and all facts and documents establishing this contention.

Evolved responded as follows:

> Subject to and without waiver of [the identified] objections, Evolved Wireless responds that at least as early as November 4, 2014, Defendants were on notice and had knowledge of the Patents-in Suit, which were further discussed in subsequent communications. Evolved Wireless further responds that Defendants may have had knowledge of the Asserted Patents, that Defendants may have had knowledge of infringement of the Asserted Patents, that Defendants may have

knowingly induced infringement of the Asserted Patents, and that Defendants may have knowingly contributed to its customers' infringement of the Asserted Patents as of Evolved Wireless's written notice prior to filing the complaint, at least as early as November 4, 2014. To the extent a fact finder determines that Defendants were not on notice of its infringement as of this date, Defendants were provided such knowledge in subsequent communications with Evolved Wireless.

(Ex. A at 3-4 (citing EVOLVED-0210060 through EVOLVED-0210120; EVOLVED-0258933 through EVOLVED-0259661; and EVOLVED-0587836 through EVOLVED-0587844 .))

### E.   Evolved's Original, November 4, 2014 Letter Does Not Identify Any Patents in Its Portfolio.

On November 4, 2014,



The body of this letter did not identify any of the asserted patents. (*Id.*)

### F.   Evolved's May 11, 2015 Email Does Not Specifically Assert Infringement of the Patents-In-Suit.

On May 4, 2015, HTC requested that Evolved send

Instead of sending the requested information, on May 11, 2015, Mr. DelGiorno

Mr.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

## V.    ARGUMENT

HTC moves for summary judgement under Rule 56(a) of the Federal Rules of Civil

Procedure, which states "[t]he court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." The Court may grant the summary judgment if HTC demonstrates, as it does

below, the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986) (mandating entry of summary judgment "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial").

HTC may use "particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including

those made for purposes of the motion only), admissions, interrogatory answers, or other

materials" to show that a fact cannot be genuinely disputed. Fed. R. Civ. P. 56(c)(l)(A). HTC

may also show "that the materials cited do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at

56(c)(l)(B). A party opposing summary judgment "must present more than just bare assertions,

conclusory allegations or suspicions to show the existence of a genuine issue." *Podobnik v. U.S.*

*Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (internal quotation marks omitted); *see also*

*Matsushita*, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its

opponent must do more than simply show that there is some metaphysical doubt as to the

material facts."). Moreover, if the evidence cited by the opposing party "is merely colorable, or

is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Here, Evolved has the burden of proof on its claims for willful infringement, indirect infringement and pre-suit damages. Not only can Evolved not carry its burden of proof in this case, the evidence actually shows that HTC did not have pre-suit knowledge of the patents-in-suit. The Court, therefore, should award HTC summary judgment on Evolved's claims of willful infringement and pre-suit indirect infringement, and for its claim to pre-suit damages.

### A.      HTC Did Not Have Sufficient Pre-Suit Knowledge of the Patents-in-Suit or the Alleged Infringement.

Under recent Supreme Court precedent, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-33 (2016)). Likewise, "induced infringement under [35 U.S.C.] § 271(b) requires knowledge that the induced acts constitute patent infringement"; and contributory infringement under 35 U.S.C. "§ 271(c) requires knowledge of the existence of the patent that is infringed." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 755, 766 (2011). Moreover, receiving actual notice of infringement for pre-suit damages purposes requires a specific "charge of infringement of specific patents by a specific product or group of products." *Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010).

Thus, Evolved must prove that HTC had pre-suit knowledge of the patents-in-suit in order to prove (1) willful infringement, (2) pre-suit indirect infringement, and/or (3) it is entitled to pre-suit damages. As discussed below, Evolved cannot do this because the pre-suit licensing communications between Evolved and HTC are insufficient as a matter of law to prove HTC had the required pre-suit knowledge of the patents-in-suit or Evolved's infringement allegations. Thus, there are no triable issues of fact on these issues.

1.  **In *Evolved v. Samsung*, This Court Found No Pre-Suit Knowledge of the Patents-In-Suit Under Highly Similar Facts.**

In *Evolved v. Samsung*, under circumstances nearly identical to those relevant here, this Court dismissed Evolved's claims for willful infringement and pre-complaint inducement and contributory infringement, based on Samsung's lack of pre-suit knowledge. *Evolved Wireless, LLC. v. Samsung Elecs. Co., Ltd.*, 2016 U.S. Dist. LEXIS 32794, No. 15-545-SLR-SRF, at *1 (D. Del. Mar. 15, 2016) (Report and Recommendation); *Evolved Wireless, LLC. v. Samsung Elecs. Co., Ltd.*, 2016 U.S. Dist. LEXIS 46849, No. 15-545-SLR-SRF (D. Del. Apr. 6, 2016) (Order adopting Report and Recommendation).

There, the Court considered Evolved's efforts to license the patents-in-suit to Samsung, "which culminated in the May 4, 2015 letter that included a detailed list of Evolved Wireless's intellectual property, including identifying the patents in Evolved Wireless's LTE Patent Portfolio." *Evolved*, 2016 U.S. Dist. LEXIS 32794, at *8 (internal quotation marks omitted). The letter to Samsung "did not specifically identify the patents-in-suit from the list of eighty-five patents and patent applications." *Id.* at *15. Because "Evolved Wireless failed to specifically highlight the patents-in-suit in the body of the May 4, 2015 letter," Evolved could not rely on the letter to "plead that Samsung had pre-suit knowledge of the patents-in-suit." *Id.* at *12; *id.* at *9 (citing *Cascades Comput. Innovation, LLC v. Samsung Elecs. Co.*, 77 F. Supp. 3d 756, 766 (N.D. Ill. 2015)).

In dismissing Evolved's claims against Samsung, this Court relied on *Cascades Computer Innovation. Evolved*, 2016 U.S. Dist. LEXIS 32794, at *9. In *Cascades*, the plaintiff sent a notice letter listing thirty-nine patents, and identifying five specific patents for further discussion, none of which were the patent at issue in that case. 77 F. Supp. at 766; *Evolved*, 2016 U.S. Dist. LEXIS 32794, at *9. The *Cascades* court concluded that the listing of the patent-in-suit in the appendix of thirty-nine patents without further explanation was insufficient to create a triable issue as to the defendant's knowledge at the time. *Cascades*, 77 F. Supp. at 766; *Evolved*, 2016 U.S. Dist. LEXIS 32794, at *9.

This Court in *Evolved* also relied on *Intellectual Ventures I LLC v. Toshiba Corp.* in dismissing Evolved's claims against Samsung. 66 F. Supp. 3d 495, 499 (D. Del. 2014); *Evolved*, 2016 U.S. Dist. LEXIS 32794, at *10. The *Intellectual Ventures I* court concluded that "[w]here, as here, all the information relating to notice is in the hands of plaintiffs and it is a matter of public knowledge that plaintiffs own hundreds of patents, a general allegation about 'discussions' or 'a presentation' is insufficient to withstand a motion to dismiss." 66 F. Supp. 3d 495, 499 (D. Del. 2014); *see also Evolved*, 2016 U.S. Dist. LEXIS 32794, at *10.

As explained below in Section V.A.3, the Court should reach the same conclusion here. Namely, given the lack of specificity in the pre-suit communications from Evolved to HTC, there is no genuine issue of material fact: HTC did not have pre-suit knowledge of the patents-in-suit.

### 2.   The Court's Finding of No Pre-Suit Knowledge in *Evolved v. Samsung* is Not Affected by *Halo*.

Although *Evolved v. Samsung* was decided under a different standard, the Court would have come to the same conclusion that Evolved's claims of willful infringement should be dismissed under the Supreme Court's recent decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) (§ V.A.1, *supra*).

While *Halo* overruled the requirement of the "objective recklessness" prong of the former willfulness test under *In re Seagate Technology, LLC*, 497 F. 3d 1360 (Fed. Cir. 2007) (en banc), it did not change the law that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing *Halo*, 136 S. Ct. at 1932-33 (explaining that "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct," and that "[n]othing . . . suggests we should look to facts that the defendant neither knew nor had reason to know at the time he acted")). *Halo* thus maintained the requirement to prove the "subjective willfulness of a patent infringer, [either] intentional or knowing." *Halo*, 136 S. Ct. at 1933; *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) ("Halo did not disturb the substantive standard for the second prong of *Seagate*, subjective

9

willfulness."). That is, *Halo* did not change the fact that a patent owner must still prove the subjective culpability of the infringer, for example by showing the infringer knew, or had reason to know, of facts that would lead a reasonable man to realize his actions were unreasonably risky. *Id.*

In *Evolved v. Samsung*, this Court dismissed Evolved's willful infringement claims largely based the insufficiency of Samsung's pre-suit knowledge of the patents-in-suit. 2016 U.S. Dist. LEXIS 32794, at \*6-12 (§ IV.A.1). Importantly, the Court's analysis and finding of no willfulness based on the fatal lack of pre-suit knowledge is entirely separate from its analysis of objective recklessness. *Compare Evolved*, 2016 U.S. Dist. LEXIS 32794, at \*6-12 (§ IV.A.1 (analyzing pre-suit knowledge of patents-in-suit and finding them insufficient), *with id.* at \*12-\*15 (§ IV.A.2 (analyzing objectiveness prong of willfulness). And because Evolved's failure to plead pre-suit knowledge was even not close enough to depend on the burden at issue, *Halo*'s preponderance standard would likewise not have been satisfied. *Id.* at \*6-12 (finding no pre-suit knowledge without expressly analyzing the clear and convincing standard).[2]

Thus, the Court's analysis of the lack of pre-suit knowledge in *Evolved v. Samsung* is still valid under *Halo*.

### 3. Evolved's Communications with HTC Did Not Provide HTC with Sufficient Pre-Suit Knowledge of the Patents-In-Suit.

Evolved's pre-suit communications with HTC regarding the patents-in-suit were nearly identical to those this Court found insufficient in *Evolved v. Samsung*. Consequently, the Court should dispose of Evolved's claims against HTC for the same reasons.

The initial communication from Evolved to HTC in November 2014 fails to list any specific patents in Evolved's alleged portfolio. (Ex. D.) Although HTC requested Evolved's mapping of the patents to the standard, and requested exemplary claim charts, it is undisputed that before filing suit, Evolved did not provide any such mapping or claim charts. (Ex. E, EVOLVED-0259346-384 at EVOLVED-0259346 and EVOLVED-0259371.) The May 11,

---

[2] Because *Halo* did not concern indirect infringement, the Court's dismissal of Evolved's pre-suit indirect infringement claims based on lack of pre-suit knowledge is likewise unaffected by *Halo*.

2015 email from Evolved to HTC was the first communication from Evolved that ███████████ ████████████████████████████████████████████████ But even here—just as in *Evolved v. Samsung*—the patents-in-suit were buried in a list of almost 90 U.S. and foreign patents and applications. (*Id.*) Indeed, neither the body of the email forwarding the list of almost 90 patents and patent applications, nor the list itself, specifically identified the patents-in-suit. (*Id.*) Without providing any detail, Evolved's letter summarily concludes that " ████ ██████████████████████████████████████████████████████ ████████████████████████████████

This is not enough. *Evolved*, 2016 U.S. Dist. LEXIS 32794, at *9; *see also* Ex. H, *Bradium Tech. LLC v. Microsoft Corp.*, No. 15-31-RGA, D.I. 40 (D. Del. Feb. 2, 2016) (dismissing willful infringement claim, noting that "[t]he vague licensing letters do not help Plaintiff's case on the knowledge of infringement issue," where the licensing letter identifies three patents and one patent application, but does not directly accuse Microsoft of infringement and does not identify any Microsoft products that allegedly infringe); *Laser Dynamics USA, LLC v. Cinram Group*, Inc., 2015 U.S. Dist. LEXIS 147562, No. 15-cv-1629 (RWS), at *14 (S.D.N.Y. Oct. 30, 2015) (concluding that the licensing letters were insufficient to meet the knowledge requirement because the letters "do not even forthrightly state legal conclusions, but rather attempt primarily to goad Defendants to sign licensing agreements").

As discussed in Section V.A.1 above, this Court already determined that nearly identical factual circumstances, even if accepted as true, were insufficient to give Samsung pre-suit knowledge of the patents-in-suit. *Evolved*, 2016 U.S. Dist. LEXIS 32794, at *9 (dismissing Evolved's willful infringement claims where its "letter [did] not specifically identify the patents-in-suit in this action from the list of eighty-five patents and patent applications"). In essence, the Court already dismissed Evolved's same claims now at issue HTC's Motion. *Evolved*, 2016 U.S. Dist. LEXIS 32794, at *3; *Evolved*, 2016 U.S. Dist. LEXIS 46849. Evolved has not provided, nor can it provide, any additional evidence to change the outcome here. Accordingly, Evolved's pre-suit communications to HTC regarding the patents-in-suit fail as a matter of law.

For at least the reason that Evolved cannot create a triable issue of fact that HTC had sufficient pre-suit knowledge of the patents-in-suit, the Court should grant HTC's motion for summary judgment on Evolved's claims that require pre-suit knowledge (*i.e.*, willful infringement and pre-suit indirect infringement), and should bar Evolved's recovery of pre-suit damages.

**B.      Even Assuming Evolved Provided Adequate Pre-Suit Notice, Evolved Still Cannot Demonstrate Willful Infringement.**

Evolved asserts HTC acted willfully in its alleged infringement, and seeks enhanced damages under 35 U.S.C. § 284. The Supreme Court interprets this statute to require Evolved to prove, by a preponderance of the evidence, that HTC engaged in the most egregious case of culpable behavior. *Halo*, 136 S. Ct. at 1932. This is no easy feat; Evolved must show HTC's conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or [similar to the] characteristic of a pirate." *Id.* at 1932. Additionally, Evolved must prove HTC "acted with a specific intent to infringe." *Vehicle IP, LLC v. AT&T Mobility LLC*, 227 F. Supp. 3d 319, 330 (D. Del. 2016) (citing *Halo*, 135 S. Ct. at 1933). Enhanced damages due to willful infringement "are not to be meted out in a typical infringement case, but instead are designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo*, S. Ct. at 1932.

As discussed above, *Halo* maintains the requirement of showing the "subjective willfulness of a patent infringer, [either] intentional or knowing." *Halo*, 136 S. Ct. at 1933. In fact, some courts have found that "*Halo* requires [even] more than simple awareness of the patent and awareness of infringement[.] . . ." *Dorman*, 201 F. Supp. 3d at 681. In other words, Evolved must still prove HTC had both pre-suit knowledge of the patents-in-suit and knowledge of the alleged infringement, as a (necessary but not sufficient) ***prerequisite*** to finding that HTC's conduct "warrants the Court exercising its discretion to impose 'punitive' sanction[s] of enhanced damages." *See Greatbatch Ltd. v. AVX Corp.*, 2016 U.S. Dist. LEXIS 171939, No. 13-723-LPS, at *6 (D. Del. Dec. 13, 2016) (citing *Halo*, 136 S. Ct. at 1932).

**1.    Mere Knowledge of the Patents-In-Suit Is Insufficient for Willful Infringement.**

As described above in Section V.A.3, Evolved cannot create a genuine issue of fact that HTC had adequate pre-suit knowledge of the patents-in-suit.  But even assuming that Evolved's pre-suit communications were sufficient—which they are not—Evolved's claim for willful infringement still fails, because mere knowledge of the patents-in-suit is insufficient for willful infringement.

In applying *Halo*, courts have found that "a party's of pre-suit knowledge of [the patents-in-suit] is not sufficient, by itself, to find 'willful misconduct of the type that may warrant an award of enhanced damages.'"  *Greatbatch*, 2016 U.S. Dist. LEXIS 171939, at *6 (quoting *Halo*, 136 S. Ct. at 1936 (Breyer, J., concurring)).  Thus, even assuming Evolved's May 11, 2015 letter provided HTC sufficient pre-suit notice of the asserted patents—which, as set forth in Section V.A above, it did not—Evolved's willful infringement argument still fails as there is no genuine issue of material fact that HTC's conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *See Halo*, 136 S. Ct. at 1932.

As can be seen by Evolved's expert reports, the majority of the accused functionality ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████████  Finally, even by Evolved's Expert witness's own admission, ███████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████  Thus, without knowing the alleged patents-in-suit, the alleged Qualcomm source code that allegedly practices the patents-in-suit, and/or being provided evidence or any substantive contention by Evolved that the patents-in-suit were indeed "actually" essential to the LTE standard, there was no way for HTC to "know" that it was potentially infringing, let alone doing so egregiously.

13

Indeed, "[t]he key inquiry . . . is whether there is evidence in addition to [HTC's alleged] pre-suit knowledge of the patents that could show that [HTC's alleged] infringement was 'egregious,' 'deliberate,' 'wanton,' or otherwise characteristic of the type of infringement that warrants the Court exercising its discretion to impose 'punitive' sanction of enhanced damages." *Dorman*, 201 F. Supp. 3d at 681. Because Evolved has failed to adduce any such evidence, the Court should grant summary judgment of no willfulness. *See Vehicle IP*, 227 F. Supp. 3d at 330-331 (granting summary judgment of no willfulness where plaintiff failed to "identify other evidence, beyond pre-suit knowledge of the patent, that could show . . . Defendants' infringement was 'egregious,' 'deliberate,' 'wanton,' or otherwise characteristic of the type of infringement that warrants the Court exercising its discretion to impose the 'punitive' sanction of enhanced damages" (quoting *Halo*, 136 S. Ct. at 1932)); *Intellectual Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d. 601, 611-12 (D. Del. 2017) (granting summary judgment of no willful infringement because "pre-suit knowledge alone is not sufficient to support a finding of willful infringement"); *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 2016 LEXIS 154520, No. 09-80-LPS, at *51 (D. Del. Oct. 31, 2016) (granting summary judgment of no willful infringement where plaintiff failed to present "any evidence to support a finding that [Defendant's] conduct was 'willful, wanton, malicious, [or in] bad faith'" (quoting *Halo*, 136 S. Ct. at 1932)).

## 2. Evolved Cannot Prove Post-Complaint Willful Infringement.

The Federal Circuit's decision that that willfulness claims asserted in an original complaint must be grounded exclusively in an accused infringer's prelitigation conduct still governs:

> [I]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct. It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b). *So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.*

14

*Seagate*, 497 F.3d at 1374, *overruled on other grounds by Halo*, 136 S. Ct. at 1935-36 (citations omitted) (emphasis added); *see also Robocast, Inc., v. Apple Inc.*, 39 F. Supp. 3d 552, 568 (D. Del. 2014) ("Allegations of willfulness based solely on conduct post-dating the filling of the original complaint are insufficient.").

As discussed above in Sections V.A-B, in this case, HTC did not have pre-suit knowledge of the patents-in-suit, and Evolved cannot show willful or egregious pre-suit conduct. Thus, Evolved is unable to prove post-suit willful infringement as well, and HTC's motion for summary judgment of no willful infringement (both pre-suit and post-suit) should be granted.

### C.    Even Assuming Evolved Provided Adequate Pre-Suit Notice, Evolved Still Cannot Prove Pre-Suit Indirect Infringement.

Evolved asserts ███████████████████████████████████████

███████████████████████████████████████████

To prove induced infringement, Evolved must show direct infringement, and that HTC "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotation marks omitted); *see also Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961)). Additionally, Evolved must prove HTC knew that the induced acts constitute patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). The knowledge requirement can be met by a showing of either actual knowledge or willful blindness. *See id.* "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (citations omitted).

Likewise, to prove contributory infringement, Evolved must prove that HTC at least had knowledge that the component it sold is especially made or especially adapted for use in an infringement of a patent. *See Fujitsu Ltd v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)

(citing 35 U.S.C. § 271(c)).  Evolved mush prove that HTC knew "that the combination for which [its] component was especially designed was both patented and infringing." *Global-Tech*, 131 S. Ct. at 2067 (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (internal quotation marks omitted)).

As outlined in the *Evolved v. Samsung* decision, both forms of indirect infringement require pre-suit knowledge of the patents-in-suit.  2016 U.S. Dist. LEXIS 32794, at *6.  When this Court applied the similar facts to the facts here, it found that Evolved's lack of allegations regarding pre-suit knowledge were fatal to Evolved's allegations of indirect infringement.  (*Id.*) Likewise, for the reasons previously discussed in connection with the analysis of no willful infringement, Evolved cannot prove that HTC had knowledge of the patents-in-suit or the infringement allegations prior to the filing of this action.  (*See* § V.A, *supra.*)

Equally, because the May 11, 2015 letter did not identify any accused device or specifically allege infringement of the patents-in-suit by HTC, its customers, or any other third party, Evolved cannot prove that HTC "understood the infringing nature of the asserted conduct prior to the commencement of the suit." *Evolved*, 2016 U.S. Dist. LEXIS 32794, at *18-19. Because Evolved cannot prove the knowledge or intent requirement for pre-suit indirect infringement, summary judgement of no pre-suit indirect infringement should be granted.

### D.     Evolved Cannot Claim Pre-Suit Damages.

A party may only recover damages for infringement occurring before the filing of a patent infringement lawsuit if the party provides actual or constructive notice to the accused infringer.  *Syngenta Seeds, Inc. v. Delta Cotton Co-op., Inc.*, 457 F.3d 1269, 1276 (Fed. Cir. 2006).  Constructive notice occurs when a patent owner marks an embodying product with the patent number or other designation of patent coverage.  *See* 35 U.S.C. § 287(a).  Actual notice only occurs when a patent owner expressly communicates specific allegations of infringement to an accused infringer.  *Funai Electric Co. v. Daewoo Electronics Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010); *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001).  Thus, actual notice must be sufficient such that the alleged infringer has pre-suit knowledge of a specific

16

product that the patent holder alleges infringe the actual patents-in-suit. *Funai*, 616 F.3d at 1373

(The patent owner "must communicate a charge of infringement of specific patents by a specific

product or group of products."). The patent owner has the burden to prove it provided actual or

constructive notice to the accused infringer. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed.

Cir. 1996); *see also Syngenta Seeds*, 457 F.3d at 1276.

> **1.   Evolved Concedes LG Did Not Comply with the Marking Statute, and Thus, There is No Constructive Notice.**

The requirements for providing constructive notice under 35 U.S.C § 287 may be

satisfied by marking either a final patented product or an unpatented component intended for use

in a patented product. *Amsted Indus., Inc. v. Buckey Steel Castings Co.*, 24 F.3d 178, 185 (Fed.

Cir. 1994). When both a patentee and its licensees fail to mark an unpatented component or the

completed patented product, the patentee is "precluded from recovering damages prior to the

date . . . the accused infringer[] 'was notified of the infringement.'" *Id.* at 185.

In this case, Evolved asserts that the asserted claims allegedly read on cellular phones

that implement the LTE standard:

> HTC specifically intends for and encourages its customers to use the
> accused devices in an infringing manner by, for example, marketing
> and selling the accused devices with LTE capabilities that comply
> with and conform to the LTE standards. HTC encourages and
> specifically intends for its customers to use the accused products on
> LTE networks for the transmission of data which directly infringes
> the asserted claims.

(Ex. K Final Infringement Contentions, at '236 Cover Pleading, p. 2; *id.* at '373 Cover Pleading,

p. 2.)

As LG Electronics was the prior owner of the asserted patents, a manufacturer of LTE

telephones, and a licensor of its LTE patents to Qualcomm, Inc., in order to demonstrate

constructive notice, Evolved needs to show LG Electronics and/or its licensees have marked a

tangible item with the asserted patent numbers. *Amsted*, 24 F.3d at 185 ("A licensee who makes

or sells a patented article . . . limit[s] the patentee's damage recovery when the patented article is

not marked."); 35 U.S.C. § 287(a).

Evolved concedes in its response to Interrogatory No. 7 that ███████████████████ ████████████████████████████████████████ Therefore, Evolved can provide no evidence that a tangible item practicing one of the asserted patent claims was marked with the asserted patent number, and Evolved cannot prove constructive notice.

### 2.   Evolved Failed to Provide Actual Notice of Infringement.

A patentee who fails to comply with the marking requirement of section 287(a) "must notify a party of the infringement for damages to accrue." *K-Tec, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1379 (Fed. Cir. 2012); *see also* 35 U.S.C. § 287(a); *Amsted*, 24 F.3d at 185. Apart from filing a lawsuit, a patent owner provides actual notice of infringement by communicating a specific "charge of infringement of specific patents by a specific product or group of products." *Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010) (citations omitted). "Determining whether the patentee's communication provides 'sufficient specificity' regarding its belief that the recipient may be an infringer cannot take into consideration the knowledge or understanding of the alleged infringer, but must focus on the action of the patentee." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001), *cert. denied*, 534 U.S. 1114 (2002).

As discussed above in Section V.A, under the same circumstances in *Evolved v. Samsung*, this Court found that Evolved failed to give pre-suit notice of the patents-in-suit. 2016 U.S. Dist. LEXIS 32794, at *6-12 (§ IV.A.1), *17-18 (§ IV.B.1), . Given the nearly identical circumstances in this case, the Court should consistently find the same here and dispose of Evolved's claims. *Id.*

In this case, Evolved's interrogatory response alleges that HTC had actual notice of infringement since at least November 4, 2014. (Ex. A at 3-5.) However, the November 4 letter and enclosures did not identify any patents in Evolved's portfolio. (Ex. D at EVOLVED-0258934-48.) This alone renders the November 4 materials insufficient as a matter of law. *Funai*, 616 F.3d at 1373 ("The letter must communicate a charge of infringement of specific patents by a specific product or group of products."); *Johnstech Int'l Corp. v. JF*

18

*Microtechnology SDN BHD*, 2016 U.S. Dist. LEXIS 106548, No. 14-cv-02864-JD, at *19 (N.D. Cal. Aug. 11, 2016) (granting summary judgment of no pre-suit damages because plaintiff's "failure to specifically mention the . . . patent number . . . sinks its pre-suit damages claim"). Moreover, the November 4 letter and presentation failed to identify any specific products, or indicate how the products allegedly infringed any of the asserted patents. (*Id.*) There is no evidence, and thus no question of material fact, that Evolved failed to affirmatively communicate to HTC its belief that HTC infringes any patent with sufficient specificity. *See Gart*, 254 F.3d at 1346. Accordingly, as a matter of law, Evolved failed to provide actual notice of infringement, and any damages will not begin accruing "at least as early as November 4, 2014." *Funai*, 616 F.3d at 1373; *Gart*, 254 F.3d at 1345; *Syngenta Seeds, Inc.*, 457 F.3d at 1276.

Moreover, Evolved cannot show that HTC was "provided such knowledge [of infringement] in subsequent communications with Evolved Wireless." (Ex. A at 4.) Even if Evolved pointed to the May 11, 2015 email to support this, it does not specifically identify the patents-in-suit, the charge of infringement, or identify any HTC products as infringing. (*See generally* Ex. E.) Moreover, Evolved never responded to HTC's request for Evolved's alleged mapping of its patents to the standards or claim charts. (*Id.* at EVOLVED-0259346 (requesting mapping of patents to LTE standards); Ex. F at EVOLVED-0259371 (requesting claim charts for patents Evolved thinks are essential).) Evolved cannot "unfairly shift[] the burden to [HTC] to attempt to identify accurately any potentially infringing conduct so as *not* to be faced with an award of pre-suit damages in the event it was sued for infringement" of any of the almost 90 patents and applications listed in Evolved's letter. *Toshiba Corp. v. Imation Corp.*, 990 F. Supp. 2d 882, 901 (Fed. Cir. 2013) (emphasis in original).

Therefore, as a matter of law, Evolved's list of almost 90 patents and patent applications is insufficient to establish actual notice. *Fujitsu Ltd. v. Netgear, Inc.*, 2009 U.S. Dist. LEXIS 85802, No. 7-cv-710-bbc, at *30 (W.D. Wis. Sept. 18, 2009) (granting summary judgment of no actual notice where "[t]he letters defendant received offered a license and identified a group of

[42] patents, but they failed to identify any specific products that allegedly infringed specific patents"), *rev'd in part on other grounds*, 620 F.3d 1321, 1333 (Fed. Cir. 2010).[3]

Accordingly, the Court should grant summary judgment that Evolved's failure to provide actual notice or constructive notice cuts off pre-suit damages.

## VI.    CONCLUSION

For the foregoing reasons, HTC respectfully requests the Court grant HTC's motion for summary judgement of no willful infringement, no pre-suit induced and contributory infringement, and no claim to pre-suit damages pursuant to Fed. R. Civ. P. 56(a).

---

[3] As with the IEEE 802.11 standard at issue in *Fujitsu*, the LTE standard "has many sections that permit wireless devices to function in several ways and still comply with the standard." *Id.* at *31. Thus, just as with the 802.11 standard, with LTE, "[i]t cannot be considered adequate for" a patent holder "to simply state without proof that products practicing an industry standard necessarily practice some of the . . . patents and inform parties that advertise products practicing the standard that they can obtain a license over all the patents . . . while never identifying which specific products may infringe any specific patent." *Id.* This "would place an unreasonable burden on the potentially infringing party, who would be required to examine all of its products to try to determine whether any infringed any claim of the . . . patents. In this case, that would mean [HTC would be] responsible for examining hundreds of products and [over] several dozen patents [listed by Evolved Wireless, many] with several independent claims." *Id.* at *32-33 (finding no pre-suit notice as a matter of law up until plaintiff provided a list of allegedly infringing products).

OF COUNSEL:

Stephen S. Korniczky
Martin R. Bader
Ericka Schulz
Nam H. Kim
Eric K. Gill
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900

Dated:  August 31, 2017
Public version dated: September 7, 2017
5380069

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Defendants*
*HTC Corporation and HTC America, Inc.*

21