**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EVOLVED WIRELESS, LLC,  )<br>  )<br>           Plaintiff,  )<br>  )<br>     v.  )<br>  )<br>HTC CORPORATION, and HTC  )<br>AMERICA, INC.,  )<br>  )<br>           Defendants.  )  | Civil Action No. 15-543-JFB-SRF<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS HTC CORPORATION AND HTC AMERICA, INC.'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF
<u>NO WILLFUL INFRINGEMENT</u>**

OF COUNSEL:

Stephen S. Korniczky
Martin R. Bader
Ericka Schulz
Nam H. Kim
Eric K. Gill
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendants
HTC Corporation and HTC America, Inc.*

Dated: December 6, 2017

## **TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.  NATURE AND STAGE OF THE PROCEEDINGS ...........................................................2

III. REBUTTAL TO EVOLVED'S STATEMENT OF FACTS ................................................2

IV.  ARGUMENT ........................................................................................................................2

    A.  No Cited Case Supports a Finding of Willful Infringement Based Solely on Post-Complaint Conduct Without Pre-Suit Knowledge of the Patents-in-Suit .............. 3

    B.  Absent Evidence of Malicious Conduct, Allegations of Willfulness Should Not Go to the Jury ................................................................................................................. 5

        1.  Even if HTC Could Implement an Alternative, It Need Not Do So In View of HTC's Reasonable Defenses of Non-Infringement, Invalidity and Covenant Not to Assert. ................................................................................ 5

        2.  HTC's Breach of FRAND Allegations Are Firmly Founded In Evolved's Failure to Offer a Reasonable Rate Pursuant to the ETSI Obligation. ....... 7

        3.  HTC's Defenses are Reasonable, And Fail to Support a finding of Willful Infringement. ............................................................................................... 9

V.   CONCLUSION ...................................................................................................................10

# **TABLE OF AUTHORITIES**

**CASES**

**Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................10

*Apple, Inc. v. Samsung*,
    No. 12-CV-00630, 2017 U.S. Dist. LEXIS 97765 (ND. Cal. Jun. 22, 2017)...........................6

*C.G. Tech. Dev., LLC v. Big Fish Games, Inc.*,
    2:16-cv-00587-RCJ-VCF, 2016 U.S. Dist. LEXIS 115594 (D. Nev. Aug 29,
    2010) ..........................................................................................................................7

*Dorman Prods., Inc. v. Paccar, Inc.*,
    201 F. Supp. 3d 663, Civil Action No. 13-6383, 2016 U.S. Dist. LEXIS
    111985, 2016 WL 4440322 (E.D. Pa. Aug. 23, 2016.) ..............................................8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)....................................................................................... *passim*

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    No. 2:07-cv-00331-APG-PAL, 2017 U.S. Dist. LEXIS 143737 (D. Nev. Sep.
    6, 2017) ..................................................................................................................3, 5

*In re Seagate Tech.*,
    497 F.3d 1360 (Fed. Cir. 2007).............................................................................1, 3, 5

*Northlake Mktg. & Supply, Inc. v. Glaverbel*,
    72 F. Supp. 2d 893 (N.D. Ill. 1999) ..........................................................................10

*PersonalWeb Techs. LLC v. IBM*,
    2017 U.S. Dist. LEXIS 76162 (N.D. Cal. May 9, 2017) .........................................10

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*,
    No. 13-335-LPS-CJB, 2016 U.S. Dist. LEXIS 153207 (D. Del. Nov. 4, 2016).............. 7-8

*Simplivity Corp. v. Springpath, Inc.*,
    CIVIL ACTION NO. 4:15-13345-TSH, 2016 U.S. Dist. LEXIS 155017, 2016
    WL 5388951 (D. Mass. July 15, 2016)................................................................. 8-9

*VirnetX Inc. v. Apple Inc.*,
    Case No. 6:10-cv-00417-RWS (E.D. Tex. Sept. 29, 2017) .....................................10

**OTHER AUTHORITIES**

 **Page(s)**

FED. R. CIV. PRO. 8 ...................................................................................................................3

FED. R. CIV. PRO. 11(b)............................................................................................................3

**I.     INTRODUCTION**

The Supreme Court did not lower the standard of willfulness; rather, it eliminated infringers' ability to avoid willfulness after intentionally copying a known valid patent, by artfully creating a defense when faced with litigation.  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-35 (2016).  Indeed, *Halo **upheld*** the rule that willfulness must be egregious and depend on the infringers "state of mind" at the time of the alleged infringement. *Id*. at 1933 (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen Prosser and Keeton on Law of Torts §34, p. 212 (5th ed. 1984)).  Thus, "in ***ordinary*** circumstances, willfulness will depend on an infringer's prelitigation conduct[.]"  *In re Seagate Tech.*, LLC, 497 F.3d 1360, 1374 (Fed. Cir. 2007).

In its Complaint, Evolved briefly alleges that "[a]t least as early as the service of this Complaint, HTC has willfully infringed [the patents-in-suit]."  (D.I. 1 ¶¶ 102 and 113.)  With an undisputed lack of pre-suit knowledge of the patents-in-suit, Evolved cannot prove willfulness as a matter of law.  In its attempt to cure this legal deficiency, Evolved now argues that it can prove willful infringement based solely on HTC's post-complaint conduct.  But, HTC's post-complaint conduct to which Evolved points fails to rise to an egregious or exceptionally malicious level as a matter of law.  Evolved does not allege HTC copied a competitor or escalated infringement, nor does it allege HTC's invalidity, non-infringement, and covenant not to sue defenses are unreasonable.  In fact, all Evolved asserts is that HTC continued to use the ***same*** technology it had been using for years prior to the filing of Evolved's Complaint.  Under Evolved's argument, all alleged infringement would be willful.

This conduct amounts to no more than "typical" or "garden-variety" infringement, and no reasonable jury could find that HTC intentionally or recklessly infringed the asserted patents.

## II.   NATURE AND STAGE OF THE PROCEEDINGS

In addition to the proceedings described in HTC's opening brief, Evolved has since stipulated to dismissing all allegations of pre-suit indirect infringement and pre-suit damages. D.I. 259. Moreover, the U.S. Patent Trial and Appeals Board issued a final determination that all asserted claims, 1-6, 10 and 12-13 of the '236 patent are unpatentable over prior art raised by HTC in its *inter partes* review ("IPR"). (Declaration of Martin Bader ("Bader Decl."), Ex. 1.)[1]

## III.   REBUTTAL TO EVOLVED'S STATEMENT OF FACTS

Evolved mischaracterizes the non-infringing alternatives analyzed by HTC's experts. (D.I. 250 at 13.) The Experts did not opine that the alternatives analyzed are available for HTC to implement today. Instead, HTC's experts analyzed alternatives available prior to the standard being adopted (i.e., in 2007 and 2008). (Bader Decl. Ex. 2 ¶¶ 4, 9, 13, 17, 119, and 225.) HTC's experts determined the difference in effort it would take to implement alternatives to the accused technology **at the time** the LTE standard was adopted. (*See Id.* at Ex. 162, 189.)

## IV.   ARGUMENT

Although *Halo* broadened the Court's discretion in awarding enhanced damages, courts are still required to "limit[] the award of enhanced damages to egregious cases of misconduct **beyond** typical infringement." *See Halo Electronics, Inc. v. Pulse Electronics, Inc.,* 136 S. Ct. at 1932-35 (emphasis added). *Halo* merely closed a loophole for "the most culpable offenders, such as the 'wanton and malicious pirate' who intentionally infringes another's patent—with no doubts about its validity or any notion of a defense—for no purpose other than to steal the patentee's business." *Id.* at 1932. Meaning, pirates who intentionally copy a competitor's invention are no longer insulated by attorney-derived defenses. (*Id.* at 1933.) Contrary to

---

[1] All references herein refer to the Bader Declaration filed herewith unless otherwise noted.

2

Evolved's assertions, *Halo's* finding was not, and could not, be directed at defendants who had no pre-suit knowledge of the patent, and arrived at numerous reasonable defenses after investigating the plaintiff's claim during the course of litigation. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 2:07-cv-00331-APG-PAL, 2017 U.S. Dist. LEXIS 143737, at *12 (D. Nev. Sep. 6, 2017) (on remand from the Supreme Court, declining to grant enhanced damages where willful allegations were based on pre-suit knowledge of the patents-in-suit).

Evolved does not dispute that HTC did not have pre-suit knowledge of the patents-in-suit. Recognizing this deficiency, Evolved now alleges willfulness based on two post-complaint actions:  (1) HTC identified non-infringing alternatives that were available prior to the standardization of LTE, but has not implemented them; and (2) HTC raised a breach of FRAND counterclaim and defense due to the unreasonable rate Evolved demanded for a license to its patent portfolio.  However, this alleged post-complaint conduct does not rise to the level of malicious or egregious conduct as a matter of law, making summary judgment of no willfulness appropriate.

### A. No Cited Case Supports a Finding of Willful Infringement Based Solely on Post-Complaint Conduct Without Pre-Suit Knowledge of the Patents-in-Suit

The Federal Court held, prior to *Halo,* that when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b).  So a willfulness allegation asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate*, 497 F.3d at 1374.  The Federal Circuit applied this *Seagate* rule, post-*Halo*, in **two** recent decisions.

First, in *WBIP, LLC v. Kohler Co.*, the Federal Circuit reviewed the jury's finding of willful infringement (which was found under the old *Seagate* rule), using the new *Halo* approach.  829 F.3d 1317, 1339 (Fed. Cir. 2016).  The defendant argued the record did not

3

contain substantial evidence that the defendant "knew about the patents at the time it was infringing"—prior to filing the complaint. *Id.* at 1340. *WBIP* confirmed that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *Id.* at 1341 (citing *Halo*, 136 S. Ct. at 1932-33 (requiring knowledge for intent)). *WBIP's* detailed review found there was sufficient evidence for a jury to infer that defendant had "knowledge of the patents in suit at the time of infringement" and that the it had been "engaging in the culpable conduct of copying, or 'plundering' WBIP's patented technology [for years] prior to litigation." *Id.* at 1340-42. The court made no mention that such pre-suit knowledge of the patents was no longer necessary under *Halo*.

Similarly, in *Mentor Graphics Corp. v. EVE-USA, Inc.*, the Federal Circuit reviewed a district court's decision to preclude evidence of willful infringement because it relied exclusively on post-suit willfulness conduct. 851 F.3d 1275, 1295 (Fed. Cir. 2017). The court looked in detail at whether the conduct was ***pre*** or ***post***-complaint—without mentioning whether the "pre-suit conduct" rule applied. *Mentor*, 851 F.3d at 1295. The court found "[t]he alleged acts of infringement are thus pre-suit acts, and there is accordingly no basis for excluding Mentor's evidence of willfulness." *Id.* (citing *Seagate*, 497 F.3d at 1374 ("explaining that in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct because a patentee must have a good faith basis for alleging willful infringement" (internal quotations removed))). This decision shows that the Federal Circuit still focuses the question of willfulness on prelitigation conduct in ordinary circumstances.

Here, Evolved alleges willful infringement only after service of the Complaint. (D.I. 1 ¶¶ 102 and 113.) Nothing more. Yet, Evolved fails to cite any precedent that finds willful infringement based solely on litigation conduct where the alleged infringer had no pre-suit knowledge of the patent-in-suit. Thus, because "in ordinary circumstances, willfulness will

4

depend on an infringer's prelitigation conduct," and HTC's had *no* pre-suit knowledge of the patents-in-suit, as a matter of law, HTC does not willfully infringe. *Seagate,* 497 F.3d at 1374.

### B. Absent Evidence of Malicious Conduct, Allegations of Willfulness Should Not Go to the Jury

After *Halo,* Courts are wary about granting enhanced damages, even where there is evidence of direct copying. *Halo Elecs., Inc.*, 2017 U.S. Dist. LEXIS 143737, at *12 (citing *Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc.,* 226 F. Supp. 3d 520, 532 (W.D.N.C. 2016) (finding case was not exceptional, and that enhanced damages were not appropriate even given the extensive evidence at trial that defendant knowingly and intentionally copied a plaintiff's patented technology)). Courts reserve such discretion for "patent pirates who intentionally or recklessly infringe." *Halo Elecs. Inc,* 2017 U.S. Dist. LEXIS 143737, at *12 (original quotations removed). As confirmed in *Halo*, egregiousness cannot be found in "typical" or "garden-variety" infringement. 136 S. Ct. at 1935. Therefore, even if Evolved can rely solely on post-complaint conduct, such conduct must still rise to the level of a "wanton and malicious pirate"—which HTC's does not. *Id.* at 1932.

#### 1. Even if HTC Could Implement an Alternative, It Need Not Do So In View of HTC's Reasonable Defenses of Non-Infringement, Invalidity and Covenant Not to Assert.

In this case, Evolved does not allege HTC inappropriately copied anything or concealed the alleged infringement. Nor does it allege that HTC escalated its infringement post-complaint. Instead, Evolved alleges HTC's conduct turned to "willful" after HTC did not implement certain non-infringing alternatives. This greatly mischaracterizes HTC's expert analysis and the facts of the case. Moreover, the fact that HTC's experts identified viable alternatives to the patents at the time the standard was adopted in 2008 cannot support a finding of willfulness as a matter of law.

5

During litigation, and pursuant to the Court's stipulated schedule, HTC served its expert reports detailing numerous, well supported defenses. In these expert reports, HTC's experts identify a number of non-infringing alternatives that the standards setting body (i.e., ETSI) could have adopted instead of the current version of the standard, and which were *available at the time the standard was adopted*. (Ex. 2 ¶¶ 4, 9, 13, 17, 119, and 225.) These alternatives show the asserted patents' values are substantially lower than the royalty rate that Evolved offered to HTC, supporting HTC's breach of FRAND allegations. (D.I. 251, Ex. 3 ¶¶ 135-139.)

Nevertheless, Evolved relies on *Apple, Inc. v. Samsung,* No. 12-CV-00630, 2017 U.S. Dist. LEXIS 97765, at * 105 (ND. Cal. Jun. 22, 2017) to assert that HTC should have implemented non-infringing alternatives in the present case. Evolved's characterization of *Apple* ignores that the asserted patents in this case are alleged to be standard essential patents, and also mischaracterizes HTC's duty to implement an alternative at this time given the standard was frozen years ago in 2008.

Unlike this case, the parties in *Apple* are direct cell phone manufacturer *competitors*. *Id.* at *128. The court found sufficient evidence that Samsung deliberately copied Apple's swipe to unlock feature (which was *not* a standard essential patent), but found Samsung lacked pre-suit knowledge of the patent-in-suit. *Id.* at *97. Without pre-suit knowledge of the patent-in-suit, Samsung's pre-suit conduct was not alone sufficient for willfulness. *Id.* However, the court found additional conduct sufficient: (1) Samsung's deliberate continued sales of the copied products post-complaint, (2) its decision to not adopt an *available* alternative, and (3) its reliance on prior art the PTO found did not invalidate the patent-in-suit. *Id.* at *104-112. Here, HTC has no choice but to continue to implement the standard even though viable alternatives were readily available at the time of adoption in 2008. Moreover, the alternatives analyzed by HTC's experts are completely different from those in Samsung in *Apple*, where Samsung had tested the less

6

ideal alternative technology prior to implementing the accused technology, and opted to continue copying Apple.

Evolved also fails to show that HTC had any obligation to implement alternatives given HTC's strong and well detailed defenses: (1) HTC's motion for summary judgment of non-infringement of both the '236 and '373 patents (D.I. 207), (2) HTC's opposition to Evolved's MSJ on Breach of FRAND issues (D.I. 257), (3) HTC's Motion for Summary Judgment of a Covenant Not to Assert (D.I. 205), and (4) the PTAB's final determination that all asserted claims of the '236 patent are unpatentable (Bader Decl., Ex. 1). Evolved does not argue that these defenses are frivolous or otherwise argue it was unreasonable for HTC to rely on these defenses.

Evolved's allegations of willfulness boil down to HTC's decision to continue its ordinary course of business, and continue using the same standardized technology it had been using well before the filing of the complaint, and before its knowledge of Evolved's patents in suit. No reasonable jury could find HTC's post-complaint conduct rises to the level of an "egregious case of misconduct beyond typical infringement." *See C.G. Tech. Dev., LLC v. Big Fish Games, Inc.*, 2:16-cv-00587-RCJ-VCF, 2016 U.S. Dist. LEXIS 115594, at *43-44 (D. Nev. Aug 29, 2010) (concluding the plaintiff failed to state a claim for willfulness under the *Halo* standard) (quoting *Halo*, 136 S.Ct. at 1935).

### 2. HTC's Breach of FRAND Allegations Are Firmly Founded In Evolved's Failure to Offer a Reasonable Rate Pursuant to the ETSI Obligation.

The fact that HTC filed a breach of FRAND counterclaim does not support a finding of willfulness as a matter of law.

First, contrary to Evolved's assertion, HTC's pre-suit conduct is irrelevant because there was no pre-suit knowledge, and thus, there can be no pre-suit willful infringement. *See*

7

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*, No. 13-335-LPS-CJB, 2016 U.S. Dist. LEXIS 153207, at *39 (D. Del. Nov. 4, 2016) (dismissing both pre-suit and post-suit willful infringement claims based on insufficient allegations of pre-suit knowledge of the patent-in-suit and insufficient allegations of post-suit egregious conduct).[2] Evolved alleges "HTC's breach of FRAND counterclaim demonstrates HTC's desire for protracted litigation," but then merely refers back to an irrelevant initial statement made when Evolved first approached HTC without any allegations of infringement or HTC's knowledge of the patents-in-suit. (D.I. 250 at 14.) These statements are irrelevant to the question at hand, as are the cases to which Evolved cites.

Moreover, Evolved claims the patents-in-suit are standard essential to the LTE standard. (Op. at 3.) Assuming this is true, then Evolved is obligated to license the patents at a FRAND rate, pursuant to the ETSI IPR policy. (D.I. 257.) Yet, Evolved never provided an explanation as to why it believed its initial offer of $0.25 for Evolved's patent portfolio was fair, reasonable, and non-discriminatory ("FRAND"). (*Id.* at 9.) Nor would Evolved provide HTC a royalty rate for just the patents-in-suit when HTC asked. (D.I. 251 Ex. 3 at EVOLVED-0636234.) Even more concerning, is that Evolved never attempted to continue negotiations, or revise its offer of a $0.25 royalty rate after it dropped three of the five asserted patents. These are but a few reasons why HTC was certainly justified in bringing its breach of FRAND counterclaims and defenses.

---

[2] Judge Burke in *Princeton* recognizes the split in district courts surrounding "willfulness" based on post-complaint conduct, but does not take a position:
> While the Halo Court did not explicitly address this issue, some courts have held that, in light of the overall thrust of Halo, the prior rule proscribing post-complaint willful infringement claims (absent filing of a motion for a preliminary injunction) does not jibe with Halo and should be discarded. . . . The Court will assume herein, without deciding, that a willful infringement claim based solely on post-filing conduct is cognizable.

(citing *DermaFocus LLC*, 2016 U.S. Dist. LEXIS 106484, 2016 WL 4263122, at *6; *Simplivity Corp. v. Springpath, Inc.*, CIVIL ACTION NO. 4:15-13345-TSH, 2016 U.S. Dist. LEXIS 155017, 2016 WL 5388951, at *18 & n.32 (D. Mass. July 15, 2016); but see *Dorman Prods., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, Civil Action No. 13-6383, 2016 U.S. Dist. LEXIS 111985, 2016 WL 4440322, at *9 (E.D. Pa. Aug. 23, 2016).)

Second, Evolved cites to *Core Wireless Licensing S.a.r.l v. LG Elecs., Inc.* in an attempt to rebut an argument HTC did not make— i.e., that the courts should make a "bright line rule forbidding enhanced damages merely because the asserted patents are standard-essential." No. 2:14-cv-911, 2016 U.S. Dist. LEXIS 119470, at *13 (E.D. Tex., Sept. 3, 2016). In *Core,* the plaintiff "contend[ed] that Defendants had extensive pre-suit knowledge of the patents-in-suit. . . ." *Id.* at *10. Moreover, there was evidence that "a factfinder could credit . . . and conclude that LG willfully or wrongfully took steps to conceal infringement." *Id.* at *13. Based on this pre-suit evidence, the court allowed the plaintiff to present willful infringement to the jury, and eventually granted enhanced damages based *solely* on pre-suit conduct.

Evolved also relies on *Simplivity Corp. v. Springpath, Inc.,* No. 4:15-13345-TSH, 2016 U.S. Dist. LEXIS 155017, at *18 & n. 32 (D. Mass. July 15, 2016), respectively. In *Simplivity*, the Court did not dismiss the claim of willfulness because it found sufficient allegations that the defendant knew of the patents-in-suit *before* the litigation, and likewise, accepted as true the allegations that the Defendant escalated its infringing activities post-complaint. *Id.* at *60. None of these facts are present here.

Thus, Evolved's allegation that HTC's assertion of breach of FRAND allegations is "willful" conduct fails as a matter of law – asserting a reasonable defense alone cannot support a finding of willfulness. Nor can Evolved cite to any precedent supporting its argument.

### 3. HTC's Defenses are Reasonable, And Fail to Support a finding of Willful Infringement.

Although the Court's analysis need not go this far, it is clear that either alone, and most certain in combination, HTC's defenses are reasonable, and under the totality of circumstances, no reasonable jury could possibly find HTC's post-complaint conduct was egregious. In the wake of the *Halo* decision, where district courts are wary to enhanced damages, the question of

9

willfulness should not be presented to the jury unless the plaintiff can show the alleged conduct is truly egregious—otherwise it will unduly prejudice the jury.

The cases Evolved cites do not support Evolved's contention that HTC's post-complaint conduct rises to the level of egregious misconduct articulated in *Halo*. For Example, in *PersonalWeb Techs. LLC v. IBM*, 2017 U.S. Dist. LEXIS 76162 at *56-59 (N.D. Cal. May 9, 2017), the Court denied summary judgment where IBM's non-infringement defenses had been rejected in prior litigations and the PTO had confirmed the patentability of the asserted claims during reexamination. *VirnetX Inc. v. Apple Inc.*, Case No. 6:10-cv-00417-RWS, at 35-37 (E.D. Tex. Sept. 29, 2017) finds willful infringement starting only from the time after a jury verdict of infringement. *Northlake Mktg. & Supply, Inc. v. Glaverbel*, S.A., 72 F. Supp. 2d 893, 906-907, 914 (N.D. Ill. 1999) grants enhanced damages where the defendant did not discontinue infringing activities after a series of adverse rulings in parallel litigations. None of these cases are analogous or support a finding of willfulness on the present record.

Given the extensive, broad and strong defenses HTC has pursued in this case, the manufacturing of a "mere existence of a scintilla of evidence" in support of [Evolved's] position is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

### V. CONCLUSION

For at least the reasons stated above, Evolved cannot show HTC's conduct was willful, and summary judgment of no willfulness is appropriate.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Stephen S. Korniczky<br>Martin R. Bader<br>Ericka Schulz<br>Nam H. Kim<br>Eric K. Gill<br>SHEPPARD, MULLIN, RICHTER &<br>HAMPTON, LLP<br>12275 El Camino Real, Suite 200<br>San Diego, CA 92130<br>(858) 720-8900 | By: */s/ Philip A. Rovner*<br>　　Philip A. Rovner (#3215)<br>　　Jonathan A. Choa (#5319)<br>　　Hercules Plaza<br>　　P.O. Box 951<br>　　Wilmington, DE 19899<br>　　(302) 984-6000<br>　　provner@potteranderson.com<br>　　jchoa@potteranderson.com |
| Dated: December 6, 2017<br>5579720 | *Attorneys for Defendants*<br>*HTC Corporation and HTC America, Inc.* |