IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-542-JFB-SRF |
| APPLE INC., | ) ) | **UNDER SEAL** |
| Defendant. | ) ) ) | |
| EVOLVED WIRELESS, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-543-JFB-SRF |
| HTC CORPORATION and HTC AMERICA, INC., | ) ) ) ) | **UNDER SEAL** |
| Defendants. | ) ) ) | |
| EVOLVED WIRELESS, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-544-JFB-SRF |
| LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY, | ) ) ) ) ) | **UNDER SEAL** |
| Defendants. | ) ) | |

| | |
|---|---|
| EVOLVED WIRELESS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMSUNG ELECTRONICS CO., LTD. ) <br> and SAMSUNG ELECTRONICS ) <br> AMERICA, INC. ) <br> ) <br> Defendants. ) | Civil Action No. 15-545-JFB-SRF <br><br> **UNDER SEAL** |
| EVOLVED WIRELESS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZTE (USA) INC., ) <br> ) <br> Defendant. ) | Civil Action No. 15-546-JFB-SRF <br><br> **UNDER SEAL** |
| EVOLVED WIRELESS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICROSOFT CORPORATION, ) <br> MICROSOFT MOBILE OY and ) <br> NOKIA INC., ) <br> ) <br> Defendants. ) | Civil Action No. 15-547-JFB-SRF <br><br> **UNDER SEAL** |

## MEMORANDUM ORDER

At Wilmington this **16th** day of **February, 2018**, the court having considered the parties' discovery dispute submissions (D.I. 307; D.I. 310; D.I. 314; D.I. 325; D.I. 333),[1] IT IS HEREBY ORDERED THAT plaintiff Evolved Wireless, LLC's ("Evolved") request for leave to serve a

---

[1] All citations to docket entries refer to Civil Action No. 15-542-SLR-SRF, unless otherwise noted.

subpoena for testimony ▮▮▮▮▮▮▮▮▮▮ is DENIED, and Evolved's motion to compel defendants[2] to produce their communications with Qualcomm, Inc. ("Qualcomm") relating to the Qualcomm deposition topics is DENIED.

**1. Background.** On June 25, 2015, Evolved filed six related cases asserting infringement of United States Patent Nos. 7,746,916 ("the '916 patent"), 7,768,965 ("the '965 patent"), 7,809,373 ("the '373 patent"), 7,881,236 ("the '236 patent"), and 8,218,481 ("the '481 patent") (collectively, the "patents-in-suit")[3] directed to LTE wireless communication systems. (D.I. 1) Evolved owns the patents-in-suit by assignment from LGE. (*Id.* at ¶ 15) LGE is a member of the European Telecommunications Standards Institute ("ETSI"), and participated extensively in the Third Generation Partnership Project ("3GPP") Working Group meetings to develop the LTE standards. (*Id.* at ¶ 16) The patents-in-suit are essential to the 3GPP 36 Series technical specifications, which cover the LTE standards. (*Id.* at ¶ 15)

**2.** In March 2016, defendants served their first discovery requests on Evolved, seeking the production of license agreements ▮▮▮▮▮▮▮▮▮▮. However, Evolved did not produce ▮▮▮▮▮▮▮▮▮▮ in response to the request. (9/7/17 Tr. at 8:2-14) Instead, Evolved produced a purchase agreement between LGE and TQ Lambda, LLC ("TQ Lambda")[4] referring to ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮.

---

[2] Defendants include Apple Inc., HTC Corporation, HTC America, Inc., Lenovo Group Ltd., Lenovo (United States) Inc., Microsoft Corporation, Microsoft Mobile OY, Microsoft Mobile Inc. (f/k/a Nokia Inc.), Motorola Mobility LLC, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., ZTE (USA) Inc., Microsoft Corporation, Microsoft Mobile Oy, and Nokia Inc.

[3] On July 14, 2017, a stipulation of dismissal was filed and entered with respect to the '916 patent, the '965 patent, and the '481 patent. (D.I. 164) These patents are no longer at issue in the litigation.

[4] TQ Lambda is the predecessor in interest to Evolved. TQ Lambda purchased the patents-in-suit from LGE in January 2014, and sold them to Evolved in September 2014. (D.I. 200 at 2)

3

3. On August 23, 2016, defendants served a subpoena on TQ Lambda in a continuing effort to obtain the production ▮▮▮. TQ Lambda responded that its production ▮▮▮ was subject to confidentiality obligations to ▮▮▮. ▮▮▮ refused to permit production of the ▮▮▮ without the entry of a separate protective order viewed by defendants as unduly burdensome. (9/7/17 Tr. at 8:11-22)

4. On February 2, 2017, defendants served a subpoena on Qualcomm seeking production of ▮▮▮. (D.I. 200, Ex. A) The deadline for Qualcomm to produce documents in response to the subpoena was February 13, 2017. Defendants also sought to depose Qualcomm by way of a subpoena served on February 14, 2017. (*Id.*, Ex. B) On March 7, 2017, Qualcomm produced ▮▮▮. (*Id.*, Ex. C) The ▮▮▮.

5. Fact discovery closed on April 10, 2017. (D.I. 144) On May 24, 2017, Qualcomm produced ▮▮▮. (9/7/17 Tr. at 10:3-10) Defendants informed Evolved of their intent to pursue their license defense on May 31, 2017. (D.I. 201, Ex. 2) On July 5, 2017, ▮▮▮ was produced.

6. On September 7, 2017, the court held a discovery dispute hearing regarding the proposed third-party deposition of Qualcomm. (9/7/17 Tr.) On November 27, 2017, the court issued a Memorandum Order granting defendants' requested relief to depose Qualcomm

regarding ▮. (D.I. 260) Defendants deposed Qualcomm on December 5, 2017. (D.I. 307, Ex. 2)

**7.** On January 2, 2018, Evolved filed its opening letter submission requesting leave to conduct a deposition ▮ the other party to the relevant license agreements and seeking production of communications between Qualcomm and defendants regarding ▮. (D.I. 307)

**8.** On January 12, 2018, Evolved filed a letter submission indicating that ▮ provide a substantive declaration in opposition to defendants' motion for summary judgment on the covenant not to sue and appear to testify in person at trial, in lieu of appearing for a deposition. (D.I. 314) Responsive and reply letters ensued. (D.I. 325; D.I. 333)

**9. Analysis.**

**10.** ▮ **deposition.** Evolved's requested relief is denied with respect to ▮ deposition because Evolved has failed to demonstrate good cause for taking the deposition at this stage of the proceedings. First, Evolved's request is untimely. Unlike defendants, who requested a deposition of Qualcomm prior to the close of fact discovery (D.I. 260 at ¶ 8), Evolved's request comes nearly eight months after the close of fact discovery (D.I. 307). Evolved characterizes its deposition request as responsive to the December 5, 2017 deposition of Qualcomm. However, Evolved did not identify ▮ as a potential fact witness during fact discovery, nor did it disclose the existence of ▮ to defendants during fact discovery, despite knowing that defendants pursued discovery regarding the ▮ since at least March 2016. (D.I. 38; 9/7/17 Tr. at 8:2-14; D.I. 310 at 1; D.I. 200 at 3) The untimely nature of Evolved's request will result in further disruption of the dispositive motion briefing schedule.

**11.** Second, the interests of fairness do not dictate that a deposition ▮ is necessary to balance the testimony of Qualcomm. As noted in the court's November 27, 2017 Memorandum Order, Evolved was given the same opportunity as defendants to examine the Qualcomm witness during the deposition. (D.I. 260 at 6 n.6) Evolved's January 2, 2018 letter makes the case that Qualcomm's deposition testimony ▮ ▮ is unsupported by the record even without contradictory testimony ▮ ▮ ▮ ▮ Consequently, testimony from ▮ is not necessary to challenge the veracity of Qualcomm's testimony regarding its ▮ ▮

**12.** Moreover, ▮ previously had an opportunity to provide discovery in this matter during the fact discovery period in response to Apple's Letter of Request under the Hague Convention, but ▮ did not respond to the request. ▮ Contrary to Evolved's representations, ▮ present willingness to provide discovery to Evolved in the form of deposition testimony, a declaration, and/or trial testimony will not advance the interests of fairness in view of ▮ prior unwillingness to provide responsive discovery to defendants during fact discovery.

**13.** Finally, the relief sought by Evolved appears to be a moving target. ▮ first offered deposition testimony, and has now indicated a preference for submitting a declaration and testifying at trial. ▮ As previously stated, the requested relief will have an impact on the case schedule. The court was notified of the change in the form of discovery ▮ intended to provide hours before the court held a teleconference regarding remaining dates in the

scheduling order. Given the fluid nature of Evolved's request for relief at this late stage of the case, in addition to the considerations previously mentioned, the court concludes that Evolved has failed to establish good cause to take additional discovery ▮

**14. Production of communications between Qualcomm and defendants.** Evolved's request for production of communications between Qualcomm and defendants is denied. The court's November 27, 2017 Memorandum Order permits Evolved "to seek relief from the court on matters which may arise from the Qualcomm deposition, to the extent that Evolved provides specific, targeted requests and reasonably justifies such requests." (D.I. 260 at ¶ 11) However, Evolved's submission does not identify any portion of the Qualcomm transcript in which the deponent relied on or mentioned the requested communications between Qualcomm and defendants. Evolved's request covers "all communications" regarding the "same subject matter" as the Qualcomm deposition instead of providing "specific, targeted requests" stemming from the deposition as required pursuant to the court's November 27, 2017 Memorandum Order. (D.I. 307 at 3; D.I. 260 at ¶ 11) The intent underlying the court's November 27, 2017 Memorandum Order was to progressively narrow the scope of discovery sought at this late stage of the proceedings, not to maintain or expand it in the midst of briefing on case dispositive motions.[5]

**15.** Evolved cites to its Request for Production No. 10, served during fact discovery on February 15, 2016, to demonstrate that it has been seeking these communications throughout the

---

[5] In its September 1, 2017 responsive letter to the court regarding the Qualcomm deposition, Evolved suggested that "fairness would dictate additional discovery as well" if the court were to permit the Qualcomm deposition to go forward. (D.I. 201 at 4) Specifically, Evolved enumerated the following categories of additional discovery: (1) relevant document discovery from Qualcomm underlying its testimony, (2) testimony from ▮, (3) expert opinion testimony regarding the additional fact discovery, and (4) "communications between Defendants and their supplier Qualcomm relating to the alleged license." (*Id.*) The court considered Evolved's position and subsequently issued the November 27, 2017 Memorandum Order, which did not permit the broad follow-up discovery requested by Evolved in its September 1, 2017 letter submission, but instead limited any additional fact discovery to that "aris[ing] from the Qualcomm deposition." (D.I. 260 at ¶ 11)

7

litigation. (D.I. 307, Ex. 4) Evolved also identifies defendants' failure to produce the communications as a deficiency in email correspondence between counsel in July 2017. (*Id.*, Ex. 5) These exhibits only confirm that Evolved sought the communications between Qualcomm and defendants long before the Qualcomm deposition, and Evolved's present discovery request does not "arise from" the Qualcomm deposition as required by the court's November 27, 2017 Memorandum Order.

**16.** In addition, the requested communications between Qualcomm and defendants are protected under the common interest privilege. The common interest doctrine is an exception to the general rule that the attorney-client privilege is waived following disclosure of privileged materials to a third party. *Union Carbide Corp. v. Dow Chem. Co.*, 619 F. Supp. 1036, 1047 (D. Del. 1985). The privilege protects "all communications shared within a proper 'community of interest.'" *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 364 (3d Cir. 2007) (internal citations omitted). To show that there is a proper community of interest, the interests must be "identical, not similar, and be legal, not solely commercial." *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 376 (D. Del. 2010). The party asserting the privilege bears the burden of showing "that the disclosures would not have been made but for the sake of securing, advancing, or supplying legal representation." *See In re Regents of the Univ. of Cal.*, 101 F.3d 1386, 1389 (Fed. Cir. 1996).

**17.** Here, defendants have met their burden to demonstrate that the communications were made in the course of a joint defense effort, the statements were designed to further the effort, and the privilege has not been waived. Specifically, in negotiating ████████████, Qualcomm asked ████████████████████████████████████

████████████████████████████████████████████████████████



████████. Defendants represent that the communications sought by Evolved are directly related to the common legal defense provided by ████████████, and were shared with counsel for both Qualcomm and defendants. (D.I. 310 at 3) Moreover, Evolved has not identified any testimony from the Qualcomm deposition representing a waiver of the common interest privilege. Questions posed to Qualcomm regarding ████████████ ████████ are not sufficient to constitute a waiver, as none of the questions elicited testimony from Qualcomm regarding privileged communications specifically. Consequently, Evolved's motion to compel the production of communications between Qualcomm and defendants is denied.

**18. Conclusion.** For the foregoing reasons, Evolved's motion to compel the limited third-party deposition testimony of ████ is denied, and the motion to compel the production of communications between Qualcomm and defendants regarding the ████████████ is denied.

**19.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **March 2, 2018**. The court will subsequently issue a publicly available version of its Memorandum Order.

**20.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections

within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**21.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge