# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 15-543-JFB-SRF |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HTC CORPORATION, and | ) |
| HTCAMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

## HTC CORPORATION AND HTC AMERICA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

OF COUNSEL:

Stephen S. Korniczky
Martin R. Bader
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900

Dated: March 15, 2019

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendants*
*HTC Corporation and HTC America, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT ...................................................................................................................1

III. CONCLUSION ................................................................................................................3

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,*
494 U.S. 558, 564-66 (1990) ...........................................................................................1

*Owens-Illinois v. Lake Shore Land Co.*
610 F.2d 1185 (3rd Cir. 1979) .....................................................................................1, 2

*In re Lockwood,*
50 F.3d 966 (Fed. Cir. 2009)

*In re Tech. Licensing Corp.*
423 F.3d 1286 (Fed. Cir. 2005) .......................................................................................1

*Texas Advanced Optoelectronics Solutions, Inc. v. Renesas Elec. Am., Inc.*
895 F.3d 1304 (2018) ......................................................................................................2

*Tull v. United States*
481 U.S. 412 (1987) ........................................................................................................2

**Other Authorities**

Seventh Amendment ...............................................................................................................1

## I.     INTRODUCTION

HTC Corp. and HTC America, Inc. ("HTC") respectfully submit this statement regarding Evolved Wireless, LLC's March 1, 2019 Motion for Reconsideration request for "clarification of the Court's February 21, 2019 Order." (D.I. 421, 418). Apple, Inc. is concurrently herewith filing a sufficiently briefed opposition to Evolved's motion for reconsideration of the February 21, 2019 Order denying Evolved's motion for summary judgement regarding the Defendants' license, covenant not to assert, and exhaustion defenses. (D.I. 499 in C.A. No. 15-542). HTC hereby joins in that section of the opposition.

However, HTC believes that the section of the Court's February 21, 2019 Order for which Evolved seeks clarification related to a breach of FRAND counterclaim speaks only to Evolved's trial with *Apple*. D.I. 418 at 20 ("Apple proposes that the claims [on which Evolved seeks clarification] should be tried to the Court. The Court agrees.") (citation omitted); *see also* D.I. 421 at 9 ("Evolved Wireless submits that these issues should be presented in the upcoming trial between Evolved Wireless and Apple."). HTC understands that it is not necessary for HTC to take a position on the scope of the trial between Apple and Evolved.

However, out of an abundance of caution, HTC addresses the motion for clarification below.

## II.     ARGUMENT

A litigant is entitled to a jury only pursuant to statute, or if the claim is "analogous" to one that would have been filed in a court of law when the Seventh Amendment was adopted. *See In re Tech. Licensing Corp.*, 423 F.3d 1286, 1287 (Fed. Cir. 2005). Where there are "no legal claims in a suit," there is no right to a jury. *Owens-Illinois v. Lake Shore Land Co.*, 610 F.2d 1185, 1190 (3rd Cir. 1979).

In determining whether a claim is legal or equitable, a court must consider the issues in the context of the pending claims.  *See id.* at 1190.  Thus, courts apply the following two-part test:

> First, a court must compare the action with the analogous action brought in the courts of England during the eighteenth century, prior to the merger of law and equity.  Second, a court must look to the remedy sought and determine whether it is legal or equitable in nature . . . [T]he nature of remedy sought [is] the most important factor for the court to consider . . .

*In re Tech. Licensing*, 423 F.3d at 1287-88, citing *In re Lockwood,* 50 F.3d 966 (Fed. Cir. 2009), *vacated as moot*, 515 U.S. 1182 (1995); *Texas Advanced Optoelectronics Solutions, Inc. v. Renesas Elec. Am., Inc.*, 895 F.3d 1304 (2018) *citing Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564-66 (1990) and *Tull v. United States*, 481 U.S. 412, 417-418 (1987).

In this case, the Court notes there are a number of remedies available for the breach of FRAND counterclaim, for example:  (1) damages—either consequential (potentially in the form of attorney's fees and litigation expenses) or nominal; (2) unenforceability of the asserted patents; or (3) retrospective payment at the FRAND rate, for example.  D.I. 418 at13-16.  Unlike Apple—HTC has not at this time relinquished its right to any remedies sought for Evolved's breach of FRAND defenses and counterclaim.  Therefore, HTC submits that any ruling the Court makes regarding whether portions of Apple's license defenses and/or FRAND counterclaim will be tried in a bench trial should not be binding on HTC.

Finally, should the Court desire to hear further details regarding HTC's proposal for trial on these issues between Evolved and HTC, HTC requests the opportunity to confer with Evolved regarding that trial and, if necessary, brief the issue closer to the time of that trial, which is set for February 2020.

### III. CONCLUSION

For all of these reasons, the Court should deny Evolved's Motion for Clarification and Partial Reconsideration, D.I. 421.

OF COUNSEL:

Stephen S. Korniczky
Martin R. Bader
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900

Dated: March 15, 2019
6111530

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Defendants
HTC Corporation and HTC America, Inc.*