

June 13, 2019

**VIA E-FILING**
The Honorable Sherry R. Fallon
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

>  Re:  *Evolved Wireless, LLC v. Samsung Electronics Co. Ltd, et al.*
>  **C.A. Nos. 15-542, 15-543, 15-544, 15-545, 15-546, and 15-547-JFB-SRF**

Dear Judge Fallon,

Pursuant to the Court's June 6, 2019 Order, the parties in the above-titled cases provide the Court responses to the topics identified by the Court in its Order:

**Evolved Wireless's Introduction:**

Evolved Wireless provides this introduction because Defendants have insisted that an introduction be included in this joint letter. Evolved Wireless had proposed that the parties focus the letter on the procedural questions presented by the Court. Indeed, during a meet and confer regarding this letter, the parties agreed to not present arguments on substantive issues in this letter. Despite this assurance, Defendants' introduction is nothing more than argument. Given the scope of the Court's questions for this joint letter, Evolved Wireless will not respond here to each of the many substantive points raised in Defendants' introduction. Evolved Wireless notes, however, that Defendants have not provided the Court with the full context of the case. At the appropriate time, such as if the Court requests substantive briefing from the parties, Evolved Wireless will provide the full context to the Court demonstrating why Defendants are not entitled to the relief they seek.

**Defendants' Introduction:**

On June 25, 2015, Evolved Wireless LLC ("Evolved") asserted five alleged standard essential patents against Apple, Inc. ("Apple") and, separately against the following Defendants: Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., HTC Corporation, HTC America, Inc., Motorola Mobility LLC ("Motorola"), ZTE (USA) Inc. ("ZTE"), Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.) (collectively the "Remaining Defendants" and together with Apple, the "Defendants").  In view of the common assertions, the parties agreed to consolidate all six cases for discovery.

Throughout consolidated discovery, Evolved asserted U.S. Patent No. 7,881,236 (the "'236 Patent"), and U.S. Patent No. 7,809,373 (the "'373 Patent") (collectively the "Asserted Patents"),[1] are essential to the LTE cellular standard, and that all the Defendants' Accused Products infringed the asserted patents in the same way, *i.e.*, that all the Accused Products practice certain LTE standard specifications and accordingly infringed the commonly asserted patents.

---

[1] Although Evolved initially asserted five patents, three of the five patents were removed from the case when Apple and the other Defendants invalidated them through *inter partes* reviews, for which Evolved failed to appeal the final determination of unpatentability.

In March and April 2019, Evolved conducted the first jury trial against Apple for the Asserted Patents. On April 4, 2019, a jury returned a verdict finding that co-defendant Apple, Inc.'s accused products do not infringe the Asserted Patents. This finding applies to all the Defendants' the same way, as Plaintiff consistently argued that all Accused Products "function identically for all relevant purposes with respect to the [Asserted Patents]."

Evolved is collaterally estopped from pursuing its same failed infringement theory against the Remaining Defendants unless the outcome of the *Apple* trial is disturbed by the court or on appeal. The Remaining Defendants accordingly believe that it would best serve the interests of judicial economy to stay all remaining cases until final resolution of any appeal taken in the *Evolved Wireless v. Apple* case, and do not object to a stay of their cases pending appeals. Alternately, at the Court's convenience, the Remaining Defendants are ready to file a dispositive motion showing that Evolved is collaterally estopped from pursuing its claims against the Remaining Defendants following disposition of the post-trial motions in the *Evolved Wireless v. Apple* case.

**1) Whether there are outstanding discovery issues or other matters to be addressed by this Court prior to the December 17, 2019 pretrial conference.**

**Evolved Wireless's Position:**

*Qualcomm-LGE Agreement*

Evolved Wireless respectfully requests that the Court schedule a hearing in Omaha, Nebraska to address any remaining evidentiary issues regarding the Defendants' affirmative defenses of alleged license and exhaustion based on a 1993 agreement between LGE's predecessor and Qualcomm titled "Infrastructure and Subscriber Unit License and Technical Assistance Agreement" and various amendments (the "Qualcomm-LGE agreement"). The parties have agreed that the interpretation of this contract is for the Court to decide, and those contract interpretation issues have been fully briefed. *See* D.I. 196, 346, 377, 382, 487.[2]

As Evolved Wireless previously argued in its motion for summary judgment and its motion for reconsideration of the Court's Order denying summary judgment, Evolved Wireless contends that the Defendants' defenses should be denied as a matter of law without any further evidentiary proceedings. D.I. 346, 487. If, however, the Court determines that portions of the Agreement are ambiguous such that parol evidence should be considered in the interpretation of the Agreement, then the Court should schedule an evidentiary hearing to interpret the agreement. *See* D.I. 487 at 7-9. As stated in numerous filings, to the extent that the Court is to entertain parol evidence regarding the interpretation of the agreement, Evolved Wireless does not oppose Defendants conducting a deposition of LGE's witness, Mr. Younghan Song, in advance of the hearing. *See, e.g.*, D.I. 371 at 9-10.

Given that the Defendants' affirmative defenses based on the Qualcomm/LGE Agreement present common issues of contract interpretation and fact, Evolved Wireless proposes the Court schedule a single hearing for all six cases, including Apple. Indeed, Defendants served one joint motion for summary judgment on this issue across the six cases. *See* D.I. 194. No Defendant has articulated any unique or separate argument regarding a license or exhaustion defense that

---

[2] Docket cites herein are to the docket in C.A. No 15-cv-542.

applies only to that one defendant. Thus, it would be most efficient for the Court and the parties to have a single hearing on the contract interpretation issues. *See Personalized Media Communs., LLC v. Scientific-Atlanta, Inc.*, 493 Fed. App'x 78, 83 (Fed. Cir. 2012) ("This potentially would expose Gemstar and PMC to inconsistent interpretations of their license agreement and impair their ability to enforcement [sic] the agreement."). Resolving this issue in the Apple case promotes judicial and party efficiency by eliminating the risk of inconsistent results. In addition, there is sufficient time before the five remaining trials starting on January 21, 2020 to conduct a single hearing for all Defendants. Resolving this issue prior to the remaining trials will have an impact on the scope of those trials and possible settlements.

Evolved Wireless further proposes that the parties meet and confer after the Court issues its ruling on the contract interpretation issues and then advise the Court on whether any factual issues remain and, if so, propose how the matter should proceed.

### *Discovery and Pretrial Issues*

There are several outstanding discovery issues that need to be completed prior to the trials. In addition to the items listed below, a few changes to the Final Pretrial Order entered in the Samsung matter may be needed to clarify some issues. The discovery issues include the following:

- Defendants' obligation to provide updated sales figures for the Accused Products;

- Defendants' obligation to produce any executed license agreements involving LTE declared essential standard patents; and

- The supplementation of the parties' damages experts witness reports regarding the supplemental information above and the license executed between Evolved Wireless and BLU Products, Inc. following the close of discovery in the ordinary course of Evolved Wireless's business. Evolved Wireless will make its damages expert Dr. Putnam available for a limited deposition on the supplemental report.

Evolved Wireless also, at this time, opposes any discovery regarding the negotiation of the BLU license. Defendants opposed similar discovery and obtained relief from the Court that prevented Evolved Wireless from seeking parallel discovery regarding Defendants' negotiation of license agreements involving LTE SEPs. *See* D.I. 53 at 3; May 18, 2016 Hearing Tr. at 63:23-64:9; 72:17-19. Defendants have not yet articulated why such discovery from Evolved Wireless would be appropriate. Evolved Wireless does not believe this issue is ripe for the Court as the parties are continuing to discuss the issue.

### *Collateral Estoppel*

It is Evolved Wireless's understanding that Defendants assert that Evolved Wireless is collaterally estopped from asserting the Asserted Patents against Defendants because of the Apple jury verdict, or in the alternative, that these cases should be stayed pending the appeal in the Apple case. Evolved Wireless disagrees that it is collaterally estopped and a stay pending any potential Apple appeal is unwarranted, severely prejudicial, or premature. As the Court is aware, the parties in the Apple case have each submitted post-trial motions and it is not even clear

whether an appeal will even occur. Evolved Wireless will respond substantively in the appropriate briefing, if requested by the Court.

### The Remaining Defendants' Position:

*Collateral Estopppel*

The Remaining Defendants respectfully submit that the pretrial conference, all pretrial deadlines, and the Remaining Defendants' jury trials regarding infringement should be vacated given the collateral estoppel effects of the jury's determination of non-infringement as to Apple. Alternatively, the Remaining Defendants believe all of these dates should be stayed until all appeals are exhausted in regards to the *Evolved Wireless v. Apple* case. The Defendants, accordingly, do not believe there are any outstanding discovery issues or other matters to be addressed at this time.

*Qualcomm-LGE Agreement*

Should the Court decide to move forward with the scheduled trials, Defendants disagree with Evolved that the Court should hold a hearing regarding interpretation of the Qualcomm/LG license agreement at this time. The Court's February 21, 2019 Order states that "[t]here may be no need for the Court to address the Licensing Agreement if the defendant prevails on either infringement or invalidity" and that any "reassertion of Licensing Agreement issues in a bench trial to be scheduled following the jury trial of this action, if necessary." (Dkt. 380 at 20-21). Evolved has offered no reason to depart from the Court's Order now. If anything, the outcome of the *Apple* trial confirms that such hearing should not go forward against Apple nor any of the Remaining Defendants unless there is a finding of infringement.[3]

*Discovery and Pretrial Issues*

Again, while Defendants believe that Evolved is collaterally estopped from proceeding, if the Court should decide to move forward with the scheduled trials, the Remaining Defendants do not believe that supplemental sales numbers, licenses, or supplemental expert reports are needed in this case. The cut-off dates for fact and expert discovery are long past, and reopening discovery would be inefficient for the Court and the parties.

Additionally, Defendants also disagree that Evolved should be permitted to rely upon the Evolved Wireless / BLU Products license as it was produced after the close of discovery and excluded from the *Apple* trial on that basis. Should the Court permit Evolved to use the license, Defendants believe they should be permitted to seek discovery relating to the license. Unlike the licenses produced by Defendants, which do not cover the patents in suit and many of which are a decade or more old, the BLU Products license covers the asserted patents in this case and it was negotiated in settlement of very recent litigation involving some of the same patents. As the

---

[3] If the Court decides to hold a hearing on interpretation of the License and the Court decides unredacted copies of the license agreements are needed for this interpretation, Defendants request the opportunity to seek the unredacted license agreements from Qualcomm and/or LG.

license was produced after the close of discovery and Defendants were unable to seek discovery relating to it, the license should be excluded. But if the Court permits Evolved to rely upon it, Defendants should be entitled to pursue discovery on the license, including concerning the circumstances under which it was negotiated.

**2)   Whether additional motion practice, if any, is necessary prior to the pretrial conference.**

**Evolved Wireless's Position:**

The parties will need to file motions *in limine* as to Lenovo, HTC, ZTE, and Microsoft prior to the pretrial conference. In addition, Evolved Wireless respectfully requests that it be permitted to file a motion *in limine* as to Samsung on issues that are unique to Samsung, which would be filed according to the deadlines for the motions *in limine* in the other cases.

**Remaining Defendants' Position:**

As Evolved contests the scope of the estoppel effect flowing from the *Apple* case, the Remaining Defendants respectfully submit that the Court should resolve that issue through coordinated motion practice before any additional trials proceed. Or, at the Court's preference, the parties could provide the Court with briefing as to whether those cases should be stayed until all appeals in the *Evolved Wireless v. Apple* case are exhausted.

Should the Court determine that the trials against the Remaining Defendants should go forward as scheduled, the Remaining Defendants believe that additional motion practice may be required to determine whether documents that Evolved produced after the close of discovery, and in the case of Samsung, after the submission of its Joint Pretrial Order, will be inadmissible.

Further, should the trials go forward, the Remaining Defendants agree that motions *in limine* will need to be filed with respect to Motorola, HTC, ZTE, and Microsoft prior to the pretrial conference. Samsung and Evolved Wireless have each already filed motions *in limine* for their trial. Samsung respectfully submits that any additional motions *in limine* to be filed for its case should be limited to any issues that could not have reasonably been included by the due date of the motions *in limine* that have already been filed.

**3)   Whether each case remains prepared to proceed to trial on the existing schedule.**

**Evolved Wireless's Position:**

Evolved Wireless is prepared to proceed on the existing schedule. However, Evolved Wireless strongly believes that the Samsung, Lenovo, HTC, and Microsoft trials will not require 10 trial days each. These Defendants previously asserted that 10 full days would be necessary because, *inter alia*, the trials would address breach of FRAND and license/covenant defenses. The Court subsequently severed those issues into separate proceedings. In addition, Evolved Wireless and Apple completed their trial in only eight trial days. Thus, Evolved Wireless respectfully submits that eight trial days is more than ample time in which to complete each of the remaining trials. Moreover, scheduling the remaining trials on dates less than a week following completion of the immediately preceding trial imposes an undue burden on Evolved Wireless's witnesses and counsel.

Evolved Wireless proposes the following scheduling changes to the remaining trials:

| Case | Original Start Date | Proposed New Start Date | Proposed New End Date |
|---|---|---|---|
| Samsung | Jan. 21, 2020 | Jan. 21, 2020 | Jan. 30, 2020 |
| HTC | Feb. 6, 2020 | Feb. 10, 2020 | Feb. 19, 2020 |
| ZTE | Feb. 24, 2020 | March 2, 2020 | March 6, 2020 |
| Lenovo | March 4, 2020 | March 11 2020 | March 20, 2020 |
| Microsoft | March 23, 2020 | March 25, 2020 | April 3, 2020 |

Evolved Wireless also notes that one or more of its witnesses may have a scheduling conflict with other jury trials scheduled in this same district. Evolved Wireless is actively working to resolve these issues and will advise the Court and the Defendants of any conflicts as soon as possible.

**Remaining Defendants' Position:**

Each Remaining Defendant remains prepared to proceed to trial on the existing schedule. However, as detailed above, the Remaining Defendants believe that such trials are not necessary, and that proceeding with any subsequent trial prior to the final resolution of *Apple* case would not be an economical use of the parties' and judicial resources.

The Remaining Defendants contend that the Court should continue to schedule ten days for each trial, and have already informed their experts and potential fact witnesses of the current trial schedules As such, the Remaining Defendants object to changing the trial schedules as Evolved Wireless requests, but do not otherwise object to the proposed order of trials.

**4)   Whether the remaining parties have proposals for streamlining the remaining cases prior to trial.**

**Evolved Wireless's Position:**

At the meet and confer, Defendants did not offer any proposals for streamlining the cases. Evolved Wireless proposed streamlining the remaining cases by the parties entering into a representative product stipulation, Defendants narrowing the invalidity theories presented at trial, and Evolved Wireless narrowing the claims to be presented at trial. Each of these strategies was employed effectively to narrow the scope of issues in the Apple trial.

In addition, Evolved Wireless proposed conducting a single trial on liability for all defendants that excludes Samsung accused products that include a Samsung baseband chipset and Samsung accused base station products. For the remaining accused products, the Defendants have the same expert witness on liability for these products, this expert witness has offered the same opinions of non-infringement for the accused products, and has offered the same invalidity opinions. As such, it would streamline the cases by having a single liability trial on all of the remaining Defendants' accused products excluding Samsung products with a Samsung chipset and Samsung accused base station products.

**Remaining Defendants' Position:**

As noted, the Remaining Defendants believe that Evolved's remaining cases should be dismissed or, in the alternative, stayed until all appeals in the *Apple* case are exhausted. Contrary to Evolved's assertion, Defendants' proposal to stay the cases and address the collateral estoppel issues, not only would serve the interests of judicial economy and conserve both Court and party resources, but it could also eliminate the need for a trial on the Qualcomm/LG license issue, the need for trials on any FRAND issues, as well as the need for serial infringement trials.

Should the trials proceed, however, the Remaining Defendants are open to discussing Plaintiff's narrowing of the claims to be presented at trial and, similarly, a narrowing of invalidity references to be presented at trial.

**5) A status conference or teleconference may be scheduled at the convenience of the Court.**

**Evolved Wireless's Position:**

As discussed above, Evolved Wireless respectfully requests that, if the Court determines parol evidence is necessary to interpret the Qualcomm-LGE Agreement, the Court set a one-day hearing in Nebraska on the Qualcomm-LGE Agreement issue for all the remaining cases, including Apple. In addition, Evolved Wireless is available for a status conference, whether in-person or telephonic, at the convenience of the Court to discuss any other issue raised in this submission.

**Remaining Defendants' Position:**

The Remaining Defendants are available for a status conference at the Court's convenience, whether in-person or teleconference, to discuss the issues raised in this submission and how the Remaining Defendants may best present its briefing on collateral estoppel and/or stay to the Court. As discussed above, the Remaining Defendants do not believe that a hearing regarding the Qualcomm-LGE agreement would be an efficient use of resources at this time.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)